STEVEN T. GUBNER - Bar No. 156593
JASON B. KOMORSKY - Bar No. 155677
JOSEPH ROTHBERG - Bar No. 286363
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@bg.law
          jkomorsky@bg.law
          jrothberg@bg.law

Special Litigation Counsel for Chapter 11 Debtor
Visiting Nurse Association of the Inland Counties

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>Visiting Nurse Association of the Inland Counties, a nonprofit public benefit corporation,<br><br>                    Debtor. | Bank. Case No.: 6:18-bk-16908-MH<br><br>**Chapter 11**<br><br>**NOTICE OF MOTION AND MOTION BY BRUTZKUS GUBNER FOR FIRST AND FINAL FEE APPLICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with Declarations of David Goodrich, Andrew Meislik, and Jason B. Komorsky]*<br><br>**[11 U.S.C. § 328. § 330]**<br><br>**Hearing:**<br>Date:       December 15, 2020<br>Time:       2:00 p.m.<br>Place:      Via Court Call<br>              Judge Mark D. Houle<br>              United States Bankruptcy Court<br>              3420 Twelfth Street, Ctrm 303<br>              Riverside, CA 92501 |

2439437

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on **December 15, 2020, at 2:00 p.m.**, a telephonic hearing via Court Call[1] will be held before the Honorable Mark D. Houle, United States Bankruptcy Judge for the Central District of California, for the Court to consider the Fee Application (as defined and described below).

**PLEASE TAKE FURTHER NOTICE** that the debtor Visiting Nurse Association of the Inland Counties (the "Debtor" or "VNA") will and hereby does move (the "Fee Application") for an order approving and authorizing the payment on a final basis of the fees and costs of the Debtor's special litigation counsel, Brutzkus Gubner Rozansky Seror Weber, LLP ("Brutzkus Gubner" or the "Firm"), consistent with the Court's order approving the Debtor's contingency agreement with Brutzkus Gubner pursuant to 11 U.S.C. § 328 ("Section 328") and § 330 (as expressly limited by Section 328) and for its costs pursuant to 11 U.S.C. 330, from the proceeds of the Global Settlement and Release (the "Settlement Agreement") entered into by and among the Debtor and defendants Greg Del Gado ("Del Gado"), Bruce Gordon ("Gordon"), Stuart Furman ("Furman"), Lois Beckman ("Beckman"), Gema Ptasinski ("Ptasinski"), Mary Anne Benzakein ("Benzakein"), Mike Rusnak ("Rusnak"), Maria Lozzano ("Lozzano"), Karen Emery ("Emery"), Jean Kryger ("Kryger"), and Oscar Brambila ("Brambila") (Del Gado, Gordon, Furman, Beckman, Ptasinski, Benzakein, Rusnak, Lozzano, Embery, Kryger, and Brambila, collectively, "Defendants"), and Markel American Insurance Company ("MAIC") and Allied World Specialty Insurance Company ("Allied World") (Defendants, MAIC and Allied World, together, "Insurers"), dated as set forth in the Settlement Agreement, and which Settlement Agreement is the subject of the Debtor's motion for approval thereof pursuant to Rule 9019 of the Federal Rules of

---

[1] As stated on the Court's website: "1. [i]n response to COVID-19, as of March 12, 2020 and until further notice, telephonic appearances are mandatory in all matters except trials and evidentiary hearings, as otherwise ordered by the Court.  2. Any party wishing to request permission to appear in-person must obtain authorization from the Court at least forty-eight (48) hours prior to the scheduled hearing."

Bankruptcy Procedure ("9019 Motion") and Section 877.6 of the California Code of Civil

Procedure ("Good Faith Settlement Motion") filed with the Court on November 6, 2020 and to be

heard concurrently herewith.

**PLEASE TAKE FURTHER NOTICE** that if approved, the settlement embodied in the

Settlement Agreement (the "Settlement") resolves all of the claims by and among the Debtor, the

Defendants and the Insurers, as reflected in the Settlement Agreement, inclusive of the Debtor's

claims for breach of fiduciary duty brought against the Defendants in the action styled *Visiting*

*Nurse Association of the Inland Counties v. Greg Del Gado, et al.*, Adversary Proceeding No. 20-

01129 (the "Adversary Proceeding"), as well as any claims the Debtor has or may have against the

Insurers. ***Furthermore***:

The Firm represented the Debtor prior to and during the Adversary Proceeding, which

Adversary Proceeding was commenced by the Firm at the direction of the Debtor after MAIC, in

response to the Firm's efforts to settle the Debtor's claims without litigation, filed an interpleader

action interpleading its insurance policy proceeds. MAIC also sought a determination of whether

the Insurers had any obligation to defend, let alone indemnify, the Defendants.

The Settlement was achieved through a mediation that was presided over by the Honorable

Jay Gandhi (Ret.) and was conducted after the parties had been unable to reach a settlement

without mediation before the Adversary Proceeding was commenced. As set forth in detail in the

9019 Motion, the Debtor is poised to receive valuable consideration under the Settlement,

including a substantial up-front cash payment, a waiver of claims and covenant to not file any

future claims, and an interest in potential future recoveries that may be obtained by the Insurers.

The primary terms of the Settlement are as follows:[2]

    1.    The Debtor is to receive a gross payment of $3,750,000 in cash (the "Proceeds");

    2.    The Parties will cooperate with the Insurers in their prosecution of any claims

against Healthsure Management Services ("HMS") arising out of or relating to the claims at issue

---

[2] The summary herein provides an overview of the material terms of the Settlement but is not all
inclusive. The Settlement Agreement includes additional terms and is controlling in the event of
any conflict with the summary herein. Capitalized terms not otherwise defined herein shall have
the meanings ascribed to them in the Settlement Agreement.

in the Adversary Proceeding, which claims against HMS have been assigned by the Debtor to the Insurers with the understanding that the Insurers have discretion as to whether to prosecute said claims.  To the extent that the Insurers prosecute these claims against HMS, the Debtor will be entitled to 12.5% of any net recovery;

3.      All of the Defendants' and Insurer's claims against the Debtor, whether scheduled or filed by or on behalf of any of the Defendants and/or Insurers, whether on file or filed in the future, shall be disallowed for all purposes in the Debtor's case;

4.      Subject to the foregoing, all parties are to provide and receive mutual general releases, except for enforcement of the Settlement Agreement, including waivers of known and unknown claims pursuant to California Civil Code Section 1542; and

5.      The Settlement shall constitute a "good faith" settlement within the meaning of Section 877.6 of the California Rules of Civil Procedure insulating the Defendants and the Insurers from any third-party, who is a not a party to the Settlement Agreement, for any claims for indemnity or contribution to the extent such third-party may have joint liability for any of the claims resolved by the Settlement.

**PLEASE TAKE FURTHER NOTICE** that this Fee Application seeks allowance of and authority to pay Brutzkus Gubner the contingency fee to which it is entitled pursuant to this Court's Order, entered June 27, 2019 [Dkt. # 435] (the "Employment Order") which approved the Debtor's application to retain Brutzkus Gubner as special litigation counsel on a purely contingency-fee basis under Section 328 [Dkt. #393] (the "Application").  As the Application made clear, the Firm's engagement was brought pursuant to Section 328 [Application, at 1:24-2:2] and, further, any contingency fees to be paid to the Firm thereunder "shall be reviewed only to the extent permitted by § 328 of the Bankruptcy Code."  Application, at 2:14-17, 5:5-7, 11:21-23.  Pursuant to the Employment Order and Application as applied to the Settlement, the Firm is

1    entitled to recover as its contingency fee the amount of $1.5 million (*i.e.*, 40% of the Proceeds)

2    and $26,160.98 in costs.[3]

3         **PLEASE TAKE FURTHER NOTICE** that this Fee Application is based on the attached

4    Memorandum of Points and Authorities, the Declaration of Adam Meislik, the Debtor's Chief

5    Restructuring Officer (the "Meislik Decl."), the Declaration of David Goodrich, the Debtor's

6    general bankruptcy counsel (the "Goodrich Decl."), the Declaration of Jason B. Komorsky), the

7    Firm's partner with principal responsibility for this matter (the "Komorsky Decl."), the pleadings

8    and documents on file in the Adversary Proceeding, the filings and documents of record in the

9    Debtor's bankruptcy case, and such other evidence as may be presented to the Court in connection

10   with this Fee Application and the hearing hereon.

11        **IF YOU DO NOT OPPOSE THIS FEE APPLICATION, you need take no further**

12   **action.**

13        **IF YOU DESIRE TO OPPOSE THIS FEE APPLICATION, Local Bankruptcy Rule**

14   **9013-1(f) requires you to file and serve a written response not later than 14 days before the**

15   **date designated for hearing on this Fee Application.  You must file your response with the**

16   **Clerk of the above-captioned Court located at 3420 Twelfth Street, Riverside, California**

17   **92501, and serve a copy of such response on (1) Brutzkus Gubner to the attention of Jason B.**

18   **Komorsky, Esq., by U.S. mail at the address indicated in the upper-left hand corner of the**

19   **first page of this document, and (2) the Office of the United States Trustee, by U.S. mail**

20   **addressed to 3801 University Avenue, Suite 720, Riverside, California 92501.  Pursuant to**

21   **Local Bankruptcy Rule 9013-1(f)(2), such response must be "a complete written statement of**

22   **all reasons in opposition thereto or in support, declarations and copies of all photographs**

23   **and documentary evidence on which the responding party intends to rely, and any**

24   **responding memorandum of points and authorities."  Failure to timely file and serve such**

25

26   ─────────────────────
[3] To the further benefit of the Debtor's estate, and conditional upon the Firm's contingency fee

27   being allowed on a final basis and paid as requested by this Fee Application, the Firm has agreed
to not seek or receive any contingency fee from any recovery the Debtor may receive in the future

28   from the Insurers' potential recovery of claims against HMS.

1  **response might result in the Court granting the Fee Application without any hearing.  *SEE***

2  **LOCAL BANKRUPTCY RULE 9013-1.**

3        WHEREFORE, the Debtor respectfully requests that this Court enter an order:

4      1.      Granting final approval of the Firm's compensation in the amount of $1,500,000.00

5  for fees and $26,160.98 for its related costs;

6      2.      Authorizing and directing the Debtor, upon receipt of the Proceeds, to pay the Firm

7  its contingency fee of $1,500,000.00, and to reimburse the Firm its related costs in the amount of

8  $26,160.98; and

9      3.      Granting such other and further relief for the Firm as the Court may deem just and

10  proper.

11  Dated:  November 18, 2020        Respectfully submitted,
            **BRUTZKUS GUBNER**

12

13          By: _____

14              Steven T. Gubner
            Jason B. Komorsky

15              Joseph Rothberg
            *Special Litigation Counsel for Chapter 11*

16              *Debtor Visiting Nurse Association of the*
            *Inland Counties*

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION................................................................................................. 1

II.   FACTUAL BACKGROUND .............................................................................. 7

    A.    The Bankruptcy Proceedings and Retention of Brutzkus Gubner............................ 7

    B.    Brutzkus Gubner's Due Diligence and Claims Brought Against
        the Debtor's Now-Former Officers and Directors..................................................... 9

III.  BRUTZKUS GUBNER IS ENTITLED TO ITS FEES AND COST
     PURSUANT TO 11 U.S.C. § 328 AND CASE AUTHORITY AND
     CONSISTENT WITH THE COURT'S EMPLOYMENT ORDER................................. 11

IV.   CONCLUSION ................................................................................................. 17

1

## **TABLE OF AUTHORITIES**

2

Page

3  Cases

4  *In re B.U.M. Intern., Inc.*,
229 F.3d 824 (9th Cir. 2000) ................................................................................ 12, 13

5  *In re Confections by Sandra, Inc.*,
6  83 B.R. 729 (B.A.P. 9th Cir. 1987) ......................................................................... 12

7  *In re Reimers*,
972 F.2d 1127 (9th Cir. 1992) ................................................................................ 12

8  *In re Smart World Technologies, LLC*,
9  552 F.3d 228 (2d Cir. 2009) .................................................................................... 13

10 *The Circle K Corp. v. Houlihan, Lokey, Howard & Zukin, Inc. (In re The Circle K Corp.)*,
279 F.3d 669 (9th Cir. 2002) .................................................................................. 14

11 Statutes

12 11 U.S.C.,
13 Section 327(e) ......................................................................................................... 15

14 11 U.S.C.,
Section 328 ......................................................................................................... *passim*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

By this Fee Application, the Debtor seeks allowance of and authorization to pay on a final basis its special litigation counsel, Brutzkus Gubner, the contingency fee and related costs to which the Firm is entitled under this Court's Employment Order, to be paid from a portion of the cash settlement proceeds the Debtor is to receive after its Settlement is approved by this Court and funded by the insurers, MAIC and Allied World (the "Insurers").[1]  The Settlement resolves the Debtor's claims asserted in its adversary proceeding styled *Visiting Nurse Association of the Inland Counties v. Greg Del Gado, et al.*, Adversary Proceeding No. 20-01129 (the "Adversary Proceeding"), as well as any claims the Debtor may have against the Defendants and Insurers.

The Settlement will result in the Debtor's gross recovery of Three Million Seven Hundred Fifty Thousand Dollars ($3,750,000) within four (4) business days after the Effective Date (defined below) for the benefit of the Estate.  The Settlement Agreement was reached after the Parties engaged in settlement discussions, an exchange of information, and a full day mediation before the Honorable Jay Gandhi (Ret.), which mediation resulted in the Settlement embodied in the Settlement Agreement.  Meislik Decl., ⁋ 7; Komorsky Decl., ⁋ 24.  The Debtor is also to receive additional consideration under the Settlement, including an agreement that the Defendants and the Insureds shall withdraw any and all proofs of claim and not file any new claims against the Debtor, and the Debtor is entitled to future recoveries in the event the Insurers pursue HMS on account of certain claims resolved by the Settlement Agreement.  As an additional benefit to the Debtor, and conditional upon the Firm's contingency fee being allowed and paid as requested by the instant Fee Application, the Firm has agreed to not seek or receive any contingency fee from any recovery the Debtor may receive in the future from the Insurers' potential recovery of claims against HMS.  Komorsky Decl., ¶ 29.

The Firm's fees are calculated with reference to the pure contingency basis fee agreement between the Debtor and the Firm embodied in the Debtor's Application and approved by the

---

[1] Terms not defined herein shall have the meanings ascribed to them in the foregoing Notice of Motion to which this Memorandum of Points and Authorities is attached.

1  Court's Employment Order, which were brought and approved pursuant to Section 328.

2  Application, at 1:24-2:2 ["Visiting Nurse Association of the Inland Counties. . . files this

3  Application to employ Brutzkus Gubner. . . as its special litigation counsel. . . pursuant to section

4  328 of 11 U.S.C. §§ 101 *et seq.* . . . ."].  The Firm's fees are summarized in **Exhibit 1** attached to

5  the Komorsky Decl.

6          The Firm assumed 100% of the risk that it would not receive any fee compensation for its

7  efforts under the terms of the Application if there were no recovery on the claims, while the

8  Debtor received the substantial "upside" benefit of a potential recovery without any risks of fees in

9  the event the litigation was unsuccessful.  The Debtor insisted on the pure contingency

10 arrangement for the Firm's fees because "the secured creditors indicated they would not consent to

11 the Debtor using its cash collateral to pay counsel on an hourly basis to pursue the D&O Claims"

12 (Meislik Decl., ¶ 3); thus, the Debtor insisted on the pure contingency arrangement with no

13 downside risk, and the Firm agreed to assume 100% of the business risk for pursuing the claims.

14 *See* Goodrich Decl., ¶ 3; Meislik Decl., ¶¶ 3, 5, 6; Komorsky Decl., ¶¶ 4-10, 12, 14, 15.

15         The Firm filed that certain Supplemental Declaration on June 18, 2019 [Dkt. # 425] to

16 further confirm that as contingency fee counsel, the corpus of the Debtor's Estate would not be

17 reduced in any way as a result of the Firm's contingency fee arrangement; indeed, the Debtor

18 would have no obligation to pay the Firm any fees except from a recovery on the claims.  *See*

19 Supplemental Declaration, at p. 3:11-12 ("our firm's representation is on a purely contingent

20 basis.  Accordingly, the requested representation will not reduce the Estate corpus in any way.").

21 Komorsky Decl., ¶15

22         Because the Firm was assuming 100% of the business risk that its fees would not be paid

23 in the event there were no recovery on the one hand, and to avoid the risk of a party in interest

24 challenging the Firm's fee in the event the Firm's results exceeded the parties' expectations in

25 terms of the amount and/or timing of recovery, the Firm conditioned its agreement to undertake

26 this matter on the Debtor's and this Court's willingness to allow the Firm to be employed pursuant

27 to Section 328.  *See* Meislik Decl., ¶ 6 ("I also agreed with the Firm's condition that the Debtor's

28 employment application would be presented for approval pursuant to the standard set forth in 11

U.S.C. § 328 ...."); Komorsky Decl., ¶ 15 ("We insisted on the Section 328 approval … to protect the Firm from hindsight challenges; in our experience, it is not unusual for one to want to pay less than an agreed amount in the event we are able to achieve a recovery that exceeds our client's expectations in terms of timing and/or amount of a recovery on claims").  This provided the Firm with the assurance that the Firm would receive the benefit of its contingency fee bargain in the event it were successful except only in the event of unforeseen circumstances that would make the approval of such agreement "improvident."  Komorsky Decl., ¶ 10.  The Application recited in three separate places that the Firm's contingency fee would be subject to review "only to the extent permitted by § 328 of the Bankruptcy Code." *Id*. at ¶ 15.

The Application provides specifically that the Firm's contingency fee would be calculated with reference to a tiered scale reflecting different milestones in the litigation process, with the Firm to receive a lower percentage of any Gross Proceeds (as defined in the Application) as its contingency fee if the claims were resolved before litigation, and a higher percentage amount if the claims were resolved after 60 days before the first date set for trial.

The percentages, terms and conditions of the Firm's contingency fee agreement, embodied in the Application, reflect "market rates" that are consistent with, if not more favorable to the Debtor, than other contingency fee agreements that are utilized and approved in other bankruptcy cases.  *See* Goodrich Decl., at ¶ 5 ("The contingency fee agreement set forth in the Application is generally consistent with other contingency fee terms I have reviewed previously in other matters, in my capacity as the trustee and/or counsel for a trustee or debtor."); Komorsky Decl., at ¶ 13.

Moreover, Brutzkus Gubner was one of four counsel contacted by the Debtor, but two of those counsel would only agree to take the matter on an hourly basis, which was a non-negotiable term for the Debtor insofar as it could not get consent from the secured creditors to use cash collateral to fund the retention, while the Firm was willing to take this matter on a purely contingency basis.  *See* Meislik Decl., at ¶ 3; Goodrich Decl., ¶ 3.  The Debtor had no indication from the Defendants or the Insurers that monies would be forthcoming prior to retaining Brutzkus Gubner.  Meislik Decl., ¶ 3 ("There was no indication at the time [the Firm was retained] that there would be any recovery on the D&O Claims, although we believed there *might* be claims

1  ….") (emphasis added); *and* Komorsky Decl., ¶ 17 ("There was no initial indication from the

2  Debtor that there was any certainty of success or recovery.").

3      As established in the 9019 Motion, the Settlement is in the best interests of the Debtor and

4  its creditors.  The Settlement "achieves an excellent result under the circumstances …." (Meislik

5  Decl., ¶ 9), and this excellent outcome is "primarily the result of the substantial skill, knowledge

6  and experience of the Firm."  *Id*., at ¶ 10.  Accordingly, Brutzkus Gubner is entitled to receive its

7  contingency fee and payment of its related costs under the terms of the Application as approved by

8  the Employment Order.

9      There are no factors present which suggest that the Firm's contingency fee should be

10  reduced due to the Court's approval of the Application having been improvident in light of

11  developments that were not capable of being anticipated at the time the Court entered its

12  Employment Order.  Such improvidence in hindsight is the applicable standard for this Court's

13  review of the Firm's contingency fee under Section 328 (the "Improvident Standard") which

14  provides, in relevant part, that a Court's approval of a contingency fee amount actually earned by

15  the debtor's professional employed on a contingency fee basis is limited to the singular question of

16  whether such approval "prove[s] to have been improvident in light of developments not capable of

17  being anticipated at the time of the fixing of such terms and conditions."  11 U.S.C. § 328(a).

18      This Court expressly accepted and adopted this Improvident Standard in approving the

19  Debtor's Application brought specifically pursuant to Section 328.  *See* Employment Order, at p.

20  1, line 22-23 (approving the "Application . . . to employ Brutzkus Gubner as Special Litigation

21  Counsel . . . Pursuant to 11 U.S.C §327(e) and 328(a). . ."); *and id*. at p. 2, lines 6-7 ("The Debtor

22  is authorized to employ Brutzkus Gubner as its Special Litigation Counsel effective as of May 17,

23  2019 pursuant to the terms and conditions set forth in the Application.); *and* Application, at p. 1,

24  lines 25 to page 2, line 1 (this Application is brought "pursuant to section 328 of 11 U.S.C. §§101

25  *et seq. . . .*"); *and id*. at p. 2, lines 15-17 ("the[] 'Contingency Fees' [] to be paid to BG pursuant to

26  its employment herein as special litigation counsel shall be reviewed [by this Court] ***only*** to the

27  extent permitted by § 328 of the Bankruptcy Code.") (emphasis added); *see also id*. at pp. 5:5-7

28  and 11:21-23.  Thus, the Employment Order was unambiguous that the Court's review of any

1    contingency fee to which the Firm may become entitled under the terms of the Application would
2    be circumscribed by the Court's application of the Improvident Standard.

3        The Improvident Standard is not triggered here by any facts or circumstances, or any
4    developments that were uncovered or discovered, occurring after the time that the Court entered
5    the Employment Order almost one and a half years ago, on June 27, 2019.  To the contrary, the
6    fact that the Firm investigated the subject claims and then filed the complaint initiating the
7    Adversary Proceeding, and then was able to achieve a settlement of the claims through mediation
8    that is satisfactory to the Debtor and in the best interests of the Estate, are facts and circumstances
9    that were in actually anticipated at the time the Court entered the Employment Order.

10        The Application itself, and the tiered contingency fee structure, specifically contemplated
11    the possibility that the subject claims may be settled on day one (however improbable) or after a
12    complaint is filed and more than 60 days before the first date set for trial, which is exactly what
13    happened here.  Indeed, as demonstrated by the terms of the Application itself, the Firm's
14    contingency fee was structured with reference to these specific milestones.  Accordingly, the
15    resolution of the subject claims before trial, and the Firm's entitlement to a contingency fee
16    measured with respect to the amount of the Proceeds, are all facts and circumstances that were
17    specifically contemplated by the Application and approved by the Employment Order.

18        Moreover, as indicated by the terms of the Settlement and as further explained in the 9019
19    Motion, the Settlement recovered some 80% of the then-remaining insurance policy proceeds that
20    were available to address the subject claims (the "Available Insurance").  The Available Insurance
21    provided for "wasting" benefits, meaning that the amount of the Available Insurance was reduced
22    by all amounts applied to pay the Defendants' and Insurers' legal fees and costs for responding to
23    the initial pre-litigation demand and the subsequent the Adversary Proceeding.  Thus, a "scorched
24    earth" litigation scenario was possible but antithetical to the Debtor's bests interests, which the
25    Firm was able to avoid, whereby the claims asserted by the Adversary Proceeding could have led
26    to extensive and protracted discovery and litigation through trial and even numerous potential
27    appeals, at the end of which process the Debtor may have "won" the litigation but by which time
28    the Available Insurance may have been reduced to a negligible amount or even possibly consumed

1    entirely for defense costs and fees and reimbursement of the Firm's expended costs, leaving no

2    funds remaining with which to satisfy any judgment. Simply put, the Debtor could have won the

3    litigation and lost, or impaired, its ability to recover any payment therefor under the Available

4    Insurance. *See* Komorsky Decl., ¶¶ 23, 27.

5         Recognizing this conundrum, the Firm on behalf of the Debtor made a pre-litigation

6    settlement offer within policy limits to Defendants seeking to settle or, alternatively, at least create

7    the potential for bad faith damages for failing to accept a reasonable settlement offer within limits.

8    Komorsky Decl., ¶ 18.

9         That the Firm was able to achieve the Settlement, including based on its analysis of the

10   underlying facts and documents it was able to assemble, and its construction and advocacy of the

11   claims asserted by the Adversary Proceeding, in such a way as to achieve the Settlement less than

12   one and a half years after the Court approved the Employment Order, itself proves the merit of the

13   Debtor's decision to engage the Firm to pursue the subject claims. The Firm was able to achieve a

14   substantial and beneficial result for the benefit of the Debtor's Estate and, if fairness were the

15   standard (it is not; the Improvident Standard applies), it is certainly fair under these circumstances

16   that the Firm receive the benefit of its "bargain" as reflected in the Application.

17        Without the Firm's resources, diligence, and expertise in its (a) intensive review of the

18   Debtor's records and thorough analysis of the substantive bases of the claims against each set of

19   defendants, (b) initial detailed demand letter stating the bases and merits of the claims against the

20   Defendants, (c) initiation and prosecution of the Adversary Proceeding, (d) possession of and

21   ability to apply its extensive knowledge of complex insurance issues in the context of complex

22   claims against multiple parties who were well represented and sufficiently funded to defend such

23   claims; (e) experience in litigation and resolving multi-defendant litigations including those

24   funded by insurance policies, (f) strategy to maximize the recovery. including analyzing the

25   disparate strategic implications of various defendant factions and the potential and actual conflicts

26   and the application of such implications to the dynamics of settlement discussions and

27   achievement, and (g) active participation in the settlement and mediation process on behalf of the

28   Debtor, there is no indication the claims asserted by the Adversary Proceeding would have been

1   pursued much less any proceeds realized in any amount.  *See* Meislik Decl., ¶ 10 ("In my opinion,

2   having been involved in this process from the start, the recovery on the D&O Claims under the

3   Settlement is primarily the result of the substantial skill, knowledge and experience of the Firm.").

4     Accordingly, the Fee Application should be approved because the Settlement is

5   demonstrably in the Debtor's best interests, as this Court is anticipated to conclude in ruling on the

6   9019 Motion, and nothing about the subject Settlement or the Firm's contingency fee in

7   accordance with the Application in any way triggers the invocation of the Improvident Standard.

8   **II.**    **FACTUAL BACKGROUND**

9     **A.**    ***The Bankruptcy Proceedings and Retention of Brutzkus Gubner***

10     On August 15, 2018 (the "Petition Date"), VNA commenced this bankruptcy case by filing

11   a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the

12   United States Bankruptcy Court for the Central District of California, Riverside Division (the

13   "Court"), which is pending as Case No. 6:18-bk-16908-MH.

14     The Debtor was founded in the 1960's as a non-profit entity which facilitates in-home

15   nursing care to patients, including but not limited to patients on hospice care and patients who

16   qualify for Medicare.  Before the Petition Date, Debtor had contracted with third-party healthcare

17   management professionals to perform its day-to-day management.  The Debtor also had

18   maintained a close relationship with the Berger Foundation, which had before the Petition Date

19   provided the Debtor with a line of credit to keep the Debtor's operations going, and the Berger

20   Foundation also served as the landlord for the Debtor's property in Palm Desert California.

21     On May 16, 2019, the Debtor filed its Application to employ Brutzkus Gubner as Special

22   Litigation Counsel on a contingency fee basis under 11 U.S.C. §328 [Dkt. # 393].  Because the

23   Debtor had no available funds it was authorized to use to investigate or pursue litigation claims

24   against its former officers and directors, or even to provide a costs deposit in any amount, the

25   Debtor sought to retain special litigation counsel who was not only willing to work and be paid its

26   fee on a 100% contingency fee basis but who also was willing and able to advance any and all

27   costs of any necessary litigation on behalf of the Debtor.  *See* Meislik Decl., ¶ 3.

28

Prior to the time that the Debtor retained Brutzkus Gubner, the Debtor had interviewed at least three other law firms. The Debtor selected Brutzkus Gubner not only because of its experience in representing bankruptcy estates in pursuing claims of the type at issue here but also because the Firm was willing to undertake such representation on a purely contingency basis and thereby assume 100% of the risks of the litigation—such that the Debtor would have minimal financial exposure to the representation and, instead, would have only "upside" in the event Brutzkus Gubner succeeded in obtaining any recovery in respect of the subject claims. *See* Meislik Decl., ¶ 3; Goodrich Decl., ¶ 3; Komorsky Decl., ¶ 15. For the avoidance of doubt, the Debtor sought, and Brutzkus Gubner agreed, that the Debtor would have no exposure whatsoever to the fees of such litigation and that Brutzkus Gubner would only be entitled to recover its fees from the Gross Recovery, if any, of any settlement of claims as against the Defendants who are the former officers and directors of the Debtor. *See* Komorsky Decl., ¶ 14; Meislik Decl., ¶¶ 3, 4, 6.

Accordingly, the Debtor sought authorization to engage Brutzkus Gubner on a contingency fee pursuant to Section 328 under which Brutzkus Gubner would receive the following specific amounts from any proceeds:

1.  33-1/3% of any Gross Recovery obtained through settlement, judgment or otherwise prior to the filing of a complaint against any applicable defendant(s);

2.  40% of any Gross Recovery obtained through settlement, judgment or otherwise prior to 60 days before any originally-set trial date; or

3. 50% of any Gross Recovery obtained through settlement, judgment or otherwise thereafter.

Application, at 2:8-13.

The Application provided that the Bankruptcy Court's review of Brutzkus Gubner's contingency fee, in the event the Firm was successfully in obtaining any Gross Recovery, would be limited "only" to the application of the Improvident Standard. Application, at 2:15-17 ("the[] 'Contingency Fees' [] to be paid to BG pursuant to its employment herein as special litigation counsel shall be reviewed [by this Court] *only* to the extent permitted by § 328 of the Bankruptcy Code") (emphasis added); *see also id.*, at 5:5-7; *id.*, at 11:21-23. The Application did not provide

1   for any "reasonableness" review, or any other kind of review other than the Improvident Standard,

2   for this Court to determine the allowance of any contingency fee to which the Firm may become

3   entitled pursuant to the Application insofar as the motion was brought pursuant to Section 328.

4   The Application was served on all interested parties, inclusive of the United States Trustee,

5   creditors, and the Debtor's creditors and creditors' committee.  After proper notice and an

6   opportunity to be heard, there were no objections to the Application which the Court then

7   approved by the Employment Order.

8   By this Fee Application, the Debtor seeks allowance of an authorization to pay the Firm's

9   contingency fee and reimburse its related costs in accordance the Employment Order.

10  **B.      *Brutzkus Gubner's Due Diligence and Claims Brought Against the Debtor's***

11  ***Now-Former Officers and Directors***

12  After conducting extensive and careful diligence of the facts, circumstances, information

13  and documents made available by the Debtor, inclusive of the Debtor's relevant business records,

14  Brutzkus Gubner crafted, and then with the Debtor's consent filed, the complaint that initiated the

15  Adversary Proceeding.  *See* Adversary Proceeding, Dkt. No. 1 (the "Complaint").  The Complaint

16  sets forth numerous and detailed factual allegations supporting several substantial claims.  The

17  substance of the Complaint obviously articulated substantial and credible causes of action for the

18  benefit of the Estate, all of which the Defendants are assumed to refute and dispute in that the

19  Settlement Agreement expressly provides that there is no admission of liability and, moreover, its

20  expressly provides, among other things, that neither the Settlement Agreement, "nor any of its

21  terms, nor any negotiations or proceedings in connection with this Agreement, shall constitute or

22  be construed as or be deemed to be evidence of any admission, other than an obligation to perform

23  the terms and conditions of this Agreement, on the part of any Party, of any liability or

24  wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense

25  of any Party …."  Settlement Agreement, at ¶ 10.

26  Prior to bringing the Adversary Proceeding, Brutzkus Gubner spent substantial resources

27  investigating potential claims and reviewing tens of thousands of documents.  Komorsky Decl., ¶¶

28  17, 20.  These documents included, among other things, correspondence, financial records, e-

mails, contracts, pleadings, and board minutes. *Id.*  Moreover, before filing the Complaint, and in an effort to obtain a satisfactory recovery for the benefit of the Estate without ever filing the Complaint, the Firm spent considerable effort seeking to engage the Defendants in settlement discussions for the purpose of resolving the subject claims without litigation, which efforts were not successful despite counsel's diligent efforts. *Id.*

Among other actions seeking to settle the subject claims before filing the Complaint, Brutzkus Gubner provided counsel for the Defendants a detailed demand letter (inclusive of exhibits) seeking a payment within the $5 million insurance limits for the purpose of not only engaging the prospective defendants in settlement discussions, but also to encourage the Insurers to participate in settlement discussions to achieve an appropriate and fair settlement of the subject claims without litigation.  Komorsky Decl., ¶ 18.

In the course of such discussions, which lasted several months, MAIC filed an interpleader action in the United States District Court for the Central District of California, seeking both to interplead its primary insurance limits ($2,000,000) and also seeking a coverage declaration. *See Markel American Insurance Company v. Stuart Furman, et al.*, Case No. 5:20-cv-1259 (C.D. Cal. June 23, 2020), at Dkt. No. 1 (the "Interpleader Action").  Komorsky Decl., ¶ 19.  With settlement negotiations at a standstill, and the potential for inconsistent adjudications in light of the Interpleader Action, the Debtor made the decision that litigation needed to be instituted against the Defendants, after which the Firm caused the Complaint to be filed.  Komorsky Decl., ¶ 19.

Because of the nature of certain specific factual allegations stated in the demand letter and the Complaint, there were actual or potential conflicts amongst the Defendants, which precipitated the need for the Defendants to retain multiple independent counsel to represent various defendant factions.  Komorsky Decl., ¶ 22.  MAIC funded Defendants' defense costs under its primary policy under a reservation of rights.  Given the number of defendant factions, and the fact that the Available Insurance were "burning limits" policies, whereby defense payments reduced indemnity limits, the need to explore settlement was amplified by the various conflicts, the need for multiple counsel, and the drain on the insurance coverage caused thereby.  Komorsky Decl., ¶ 23.  In total, the Available Insurance consisted of $5 million in policy limits, with MAIC providing a

$2,000,000 primary policy and Allied World providing a $3,000,000 excess policy.  Komorsky Decl., ¶ 18.

Under such circumstances, including in light of the number of defense counsel and state of the litigation, when the Debtor was considering entering into the Settlement, it took account of the fact that continued litigation would lead to a depletion of the Available Insurance that would militate against the achievement of a reasonable and mutually acceptable settlement.  Worse, it could lead to the situation where the Debtor could succeed at trial, but find that there were no proceeds of the Available Insurance remaining to collect.  *See Memorandum of Points and Authorities In Support of Debtor's Motion For Approval of the Global Settlement and Release Between the Debtor, Greg Del Gado, Bruce Gordon, Stuart Furman, Lois Beckman, Gema Ptasinski, Mary Anne Benzakein, Mike Rusnak, Maria Lozzano, Karen Emery, Jean Kryger, Oscar Brambila, Markel American Insurance Company and Allied World Specialty Insurance Company* [Dkt. # 818], at p. 10.

Ultimately, and in recognition of the concern regarding the "burning limits" of the Available Insurance, the parties engaged JAMs mediator, the Honorable Jay Gandhi (retired), a former U.S. Magistrate Judge for the Central District, to conduct an all-day mediation, which took place on October 6, 2020.  Meislik Decl., ¶ 7.  That mediation, in the context of which all parties worked together strenuously and in good faith to achieve an acceptable resolution, resulted in the Debtor's decision – which "decision was not made by the Firm" (*Id*. at ¶ 8) – to enter into the Settlement Agreement which is currently before the Court for approval.  *Id*. at ¶¶ 7, 8.

**III.    BRUTZKUS GUBNER IS ENTITLED TO ITS FEES AND COST PURSUANT TO 11 U.S.C. § 328 AND CASE AUTHORITY AND CONSISTENT WITH THE COURT'S EMPLOYMENT ORDER**

Substantial case law affirms that where, as here, a bankruptcy court approves a contingency-fee agreement with a debtor's counsel, and where the application unambiguously limits the Court's review of any such contingency fee to Section 328 (which embodies the Improvident Standard), then such firm's contingency fee should be allowed where, as here, no circumstances have arisen or changed in any ways that were not "capable of being anticipated"

suggesting that such approval was improvident. *In re Reimers*, 972 F.2d 1127, 1128 (9th Cir. 1992) ("Court cannot alter those [contingency fee] terms unless it finds the original terms 'to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions'"), quoting *In re Confections by Sandra, Inc.*, 83 B.R. 729, 731 (B.A.P. 9th Cir. 1987); *see also In re B.U.M. Intern., Inc.*, 229 F.3d 824, 829 (9th Cir. 2000) ("court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under 11 U.S.C. § 328."). Section 328(a) of the Bankruptcy Code permits the payment of contingency fees to counsel where, as here, counsel's employment was approved by the Court pursuant to this section, which provides:

> (a)    The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

As recited above, the Debtor's Application approved by the Employment Order specified that this Court's review of any contingency fee to which the Firm may become entitled under the Application in the event the Firm were successful in achieving any recovery in respect of the subject claims, would be limited to "only" the Section 328 standard. *See* Employment Order, at 2:6-7 ("The Debtor is authorized to employ Brutzkus Gubner … pursuant to the terms and conditions set forth in the Application.); *and* Application, at p. 2:15-17 ("the[] 'Contingency Fees' [] to be paid to BG pursuant to its employment herein as special litigation counsel shall be reviewed [by this Court] ***only*** to the extent permitted by § 328 of the Bankruptcy Code.") (emphasis added); *see also id.*, at 5:5-7 (same), 11:21-23 (same).

1    Notwithstanding that the Improvident Standard is not triggered by any facts or

2  circumstances, or any developments that were uncovered, occurred or were discovered after and

3  since the time that the Court entered the Employment Order nevertheless, the Firm has concerns

4  that parties who had a full and fair opportunity to negotiate and/or object to the Firm's retention on

5  a contingency fee basis when presented to the Court in May 2019 pursuant to Section 328 may

6  now seek to challenge the contingency fee terms *post hoc* on "reasonableness" grounds

7  notwithstanding the fantastic results achieved by the Firm—on a case where the Debtor attempted

8  to but found no other counsel willing to undertake this matter on purely contingency basis and

9  where, as here, the Debtor refused to retain counsel on an hourly basis.  Any such challenge would

10  be improper should not be considered by the Court.

11    The Second Circuit, applying Ninth Circuit authority, has described judicial review under

12  sections 328 and 330 as follows:

13    Sections 328 and 330 establish a two-tiered system for judicial
review and approval of the terms of the professional's retention.

14    Section 330 authorizes the bankruptcy court to award the retained
professional "reasonable compensation" based on an after-the-fact

15    consideration of "the nature, the extent, and the value of such
services, taking into account all relevant factors." 11 U.S.C. §

16    330(a).  However, section 328(a) permits a bankruptcy court to
forgo a full post-hoc reasonableness inquiry if it pre-approves the

17    "employment of a professional person under section 327 ... on any
reasonable terms and conditions of employment, including on a

18    retainer, on an hourly basis, on a fixed or percentage fee basis, or on
a contingent fee basis." *Id.* § 328(a).  Where the court pre-approves

19    the terms and conditions of the retention under section 328(a), its
power to amend those terms is severely constrained.  It may only

20    "allow compensation different from the compensation provided
under such terms and conditions after the conclusion of such

21    employment, if such terms and conditions prove to have been
improvident in light of developments not capable of being

22    anticipated at the time of the fixing of such terms and conditions."
Id.  These two inquiries are mutually exclusive, as ***"[t]here is no***

23    ***question that a bankruptcy court may not conduct a § 330 inquiry
into the reasonableness of the fees and their benefit to the estate if***

24    ***the court already has approved the professional's employment
under 11 U.S.C. § 328.***"  *In re B.U.M. Int'l, Inc.*, 229 F.3d 824, 829

25    (9th Cir. 2000).

26  *In re Smart World Technologies, LLC*, 552 F.3d 228, 232-233 (2d Cir. 2009) (emphasis added).

27    Moreover, the Ninth Circuit itself applied these principles where, as here, the court's

28  approval of the employment application specifically provided for the court's later review of any

-13-

1   contingency fee to be subject to the Improvident Standard of Section 328: "We hold that unless a

2   professional's retention application unambiguously specifies that it seeks approval under § 328, it

3   is subject to review under § 330. As a matter of good practice, the bankruptcy court's retention

4   order should likewise specifically confirm that the retention has been approved pursuant to § 328

5   so as to avoid any ambiguity." *The Circle K Corp. v. Houlihan, Lokey, Howard & Zukin, Inc. (In*

6   *re The Circle K Corp.)*, 279 F.3d 669, 671 (9th Cir. 2002). Here, in addition to the language of the

7   Employment Order quoted above affirming that the employment was pursuant to the Application,

8   and the language of the Application quoted above which specifies that the Court's review of the

9   contingency fee may be "only" pursuant to Section 328, the caption of the Application itself also

10  made clear that the Debtor was seeking to retain the Firm pursuant to Section 328, which

11  unambiguous intention was reaffirmed in the body of the Application as follows:

> Visiting Nurse Association of the Inland Counties, Debtor and
> Debtor-in-Possession in the above-captioned case ("Debtor" or
> "Applicant"), files this Application to employ Brutzkus Gubner
> Rozansky Seror Weber LLP ("Brutzkus Gubner" or "BG") as its
> special litigation counsel in the above-captioned case ("Case")
> effective as of May 7, 2019 ("Application") pursuant to section 328
> of 11 U.S.C. §§ 101 *et seq.* ("Bankruptcy Code"), submits the
> attached Statement of Disinterestedness of Steven T. Gubner in
> support, and states as follows.

17  Application, at 1:24-2:2; *see also id.* at 1:1 (the Application is submitted "pursuant to section 328

18  of 11 U.S.C. §§ 101 et seq. …"); *and id.* at 2:14-17 ("Applicant and BG agree that the

19  Contingency Fee . . . to be paid to BG pursuant to its employment herein as special litigation

20  counsel shall be reviewed only to the extent permitted by §328 of the Bankruptcy Code."); *see*

21  *also id.* at 3:4 ("The statutory basis for the relief requested herein is Bankruptcy Code §§ 327 and

22  328."); *id.* at 4:23-24 ("BG will render Services to Applicant on the Contingency Fee basis

23  pursuant to Bankruptcy Code § 328(a), and BG will be paid out of any Gross Recovery"); *id.* at

24  5:5-7 (the "Contingency Fees to be paid to BG pursuant to its employment herein as special

25  litigation counsel shall be reviewed only to the extent permitted by § 328 of the Bankruptcy

26  Code."); *id.* at 11:21-23 (same); and *id.* at 7:6-7, 9:23-24 ("BG will seek compensation of the

27  Contingency Fees and reimbursement of costs and expenses from the Debtor pursuant to section

28  328 of the Bankruptcy Code"). Indeed, the only reference in the Application to Sections 330 and

331 of the bankruptcy code were simply to recognize that even with pre-approval pursuant to Section 328, a motion for fees, costs and expenses still must be bought pursuant to those bankruptcy sections. *See* 11 U.S.C. § 330 ("After notice to the parties in interest and the United States Trustee and a hearing, *and subject to* sections 326, 328, and 329. . . .") (emphasis added).

Moreover, the Court approved the Application expressly pursuant to Section 327(e) and 328(a), which are the only Bankruptcy Code sections referenced in the Employment Order. *See* Employment Order, at 1:22-23 ("The Application of Debtor and Debtor-in-Possession ('Debtor') to Employ Brutzkus Gubner as Special Litigation Counsel Effective as of May 7, 2019 Pursuant to 11 U.S.C. §§ 327(e) and 328(a) filed on May 16, 2019. . . ."). The Court's Employment Order reaffirmed the condition that any future challenge to the Firm's compensation would be circumscribed by Section 328, by both expressly citing Section 328 (*see* above) and, further, noting that the Firm's engagement was granted "pursuant to the terms and conditions set forth in the Application." Employment Order, at 2:7.

From a pragmatic perspective, the Firm was retained for a singular purpose of achieving results for the benefit of the Debtor's Estate. The Firm was not retained because of its billable rates or based on any projection of hours. Nor was the Firm retained because it agreed to engage in extensive and protracted discovery or scorched earth litigation. While the Firm was well prepared to do all of those things, and to prosecute the Debtor's claims through "hell and high water" (which it would have done if necessary, as the Debtor solely controlled the decision as to whether to settle or to continue litigation), the only interest the Debtor legitimately pursued – and which the Settlement achieves – is the reasonable resolution of the claims on favorable terms for the benefit of the Debtor's Estates. This is precisely what the Firm achieved as demonstrated in the 9019 Motion; the Debtor will obtain substantial and valuable benefits under the Settlement. It would be neither fair nor justified, nor consistent with the Application as approved by the Employment Order, for the Court to even entertain any effort to reduce the contingency fee to which the Firm is entitled under the Application, which effort may be advanced by those who wish for the Debtor to retain the benefits of the Settlement achieved by the Firm without paying the agreed upon consideration for that outstanding result.

1   The point of the above is to stress that the Debtor, the United States Trustee, and the

2   creditors (inclusive of the creditors' committee) knew exactly what they were getting when they

3   eschewed hourly counsel for contingency fee counsel.  Now that the Debtor is poised to receive

4   the benefits of that relationship, it would be unjust to deny the Firm the benefits it has earned and

5   which effort so greatly benefited the Debtor's Estate.

6   The downside economic risks that the Firm assumed in accepting the Debtor's terms and

7   conditions that the engagement be 100% contingency also cannot be overstated.  At the time of the

8   Firm's engagement, there was no offer on the table from the Defendants or the Insurers, nor was

9   there any indication that any offer would ever be forthcoming.  *See* Meislik Decl., ¶ 3; Komorsky

10  Decl., ¶ 17.  Thus, this was not a situation where the Debtor was guaranteed any recovery with the

11  only question being how much the Debtor would receive; rather, whether the Debtor would

12  receive any recovery was unknown.  MAIC itself instituted litigation seeking, among other things,

13  to thwart settlement prospects and as a precursor to denying coverage.  Komorsky Decl., ¶ 19.

14  It cannot be fairly disputed that the entirety of the $3.75 million cash portion of the

15  Settlement, in addition to the other consideration to be received by the Debtor, are attributable

16  solely to the Firm's efforts.  *See* Meislik Decl., ¶ 10.  After payment of the Firm's contingency fee,

17  not only is the Debtor poised to receive net proceeds of $2,250,000 (less costs), which is

18  essentially "found money," the Debtor also has the potential to receive additional recoveries and

19  will, with certainty, receive the benefit of disallowing and avoiding any proofs of claims that

20  might be or could have been brought by the Defendants or the Insurers.  At all times it was the

21  Debtor, not the Firm, who controlled the ultimate decision as to whether to settle or to press the

22  litigation.  *Id.* at ¶ 8.  The Debtor thus believed that the Settlement was in the best interests of the

23  Estate taking into account the existence of the contingency fee as agreed to by the Debtor and

24  approved by the Court.

25  Accordingly, Brutzkus Gubner's contingency-fee and reimbursement of its related costs

26  should be allowed without change or diminution in accordance with the Application as approved

27  by the Employment Order.

28  / / /

**IV.    CONCLUSION**

Based on the foregoing, the Debtor respectfully request that the Court enter an order:

1.    Granting final approval of the Firm's compensation in the amount of $1,500,000.00 for fees and $26,160.98 for its related costs;

2.    Authorizing and directing the Debtor, after receipt of the Proceeds, to pay the Firm its contingency fee of $1,500,000.00, and to reimburse the Firm its related costs in the amount of $26,160.98; and

3.    Granting such other and further relief for the Firm as the Court may deem just and proper.

Dated:  November 18, 2020                    Respectfully submitted,

                                            **BRUTZKUS GUBNER**

By: _____
                                            Steven T. Gubner
                                            Jason B. Komorsky
                                            Joseph Rothberg
                                            *Special Counsel for Plaintiffs*
                                            *VISITING NURSE ASSOCIATION OF THE*
                                            *INLAND COUNTIES*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367.

A true and correct copy of the foregoing documents entitled: **NOTICE OF MOTION AND MOTION BY BRUTZKUS GUBNER FOR FIRST AND FINAL FEE APPLICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 18, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **November 18, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark D. Houle
United States Bankruptcy Court
3420 Twelfth Street
Riverside, CA  92501-3819

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **_____**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| November 18, 2020 | JESSICA STUDLEY | /s/ Jessica Studley |
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1 PROOF OF SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

• Ryan W Beall     rbeall@lwgfllp.com, vrosales@wgllp.com;kadele@wgllp.com;lbracken@wgllp.com
• Stephen A Ellis     sellis@rutan.com, dghani@rutan.com
• Lazaro E Fernandez     lef17@pacbell.net, lef-sam@pacbell.net;lef-mari@pacbell.net;lefkarina@gmail.com;officelr74738@notify.bestcase.com
• Abram Feuerstein     abram.s.feuerstein@usdoj.gov
• Marc C Forsythe     kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
• Anthony A Friedman     aaf@lnbyb.com
• Mary L Fullington     lexbankruptcy@wyattfirm.com, mfullington@wyattfirm.com
• Beth Gaschen     bgaschen@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com
• David B Golubchik     dbg@lnbyb.com, stephanie@lnbyb.com
• David M Goodrich     dgoodrich@wgllp.com, vrosales@wgllp.com;kadele@wgllp.com;lbracken@wgllp.com
• Everett L Green     everett.l.green@usdoj.gov
• Steven T Gubner     sgubner@bg.law, ecf@bg.law
• Christopher V Hawkins     Hawkins@sullivanhill.com, bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;hawkins@ecf.inforuptcy.com;millerick@sullivanhill.com
• Alan Craig Hochheiser     ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
• Jason B Komorsky     ecf@bg.law, jkomorsky@bg.law
• Janette C Lee     jlee@fbo-law.com
• Elan S Levey     elan.levey@usdoj.gov, tiffany.davenport@usdoj.gov
• Stephen H Marcus     shill@gblaw.net
• Richard A Marshack     rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com
• W. Derek May     wdmlaw17@gmail.com, r48266@notify.bestcase.com
• Fred Neufeld     fneufeld@sycr.com, tingman@sycr.com
• Sean A OKeefe     sokeefe@okeefelc.com, seanaokeefe@msn.com
• Aram Ordubegian     ordubegian.aram@arentfox.com
• Douglas A Plazak     dplazak@rhlaw.com
• Uzzi O Raanan     uraanan@DanningGill.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com
• Cameron C Ridley     Cameron.Ridley@usdoj.gov
• Michael B Rover     mike@hnberger.org
• Victor A Sahn     vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
• Nathan A Schultz     nschultz@goodwinlaw.com
• Larry D Simons     larry@lsimonslaw.com, simonsecf@gmail.com;simonslr44533@notify.bestcase.com
• Peter Susi     psusi@hbsb.com, susan@hbsb.com;krnimmons@hbsb.com
• Jolene Tanner     jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov
• Todd L Turoci     mail@theturocifirm.com
• United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov
• Jennifer Vicente     jvicente@heritagelawllp.com, jsv@attorneyvicente.com
• David Wood     dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
• Arnold H. Wuhrman     Arnold@WuhrmanLaw.com

## 2. SERVED BY UNITED STATES MAIL:

### Former VNA Board Members

Brian Eichenberg
2260 Del Mar Heights Rd.
Del Mar, CA 92014

Brian Eighenberg
Renuance Cosmetic Surgery
Center
24687 Monroe Ave.
Murrieta, CA 92562

William "Bill" Fisher
5225 Canyon Crest Drive, Ste 71
Riverside, CA 92507

Jody Allen
14855 Campus Park Dr.
Unit D
Moorpark, CA 93021-1434

George Reyes
14351 Via Baroda
San Diego, CA 92130

George Reyes
Best, Best & Krieger, LLP
42-600 Cook St.
Palm Desert, CA 92211

Carolyn Wick
6105 Enfield Place
Riverside, CA 92506

Mary Ruth Harriss
3293 Vallejo Street
Riverside, CA 92503

Nancy Gordon
2788 Persimmon Place
Riverside, CA 92506

JoAnn Schneider MD
1976 Middle Creek Road
Riverside, CA 92506

JoAnn Schneider MD
6848 Magnolia Ave., Ste 130
Riverside, CA 92506

Ray Mastalish
500 E. Amado Road, Unit 202
Palm Springs, CA 92262

### HMS Related Individuals

Jagat "Jay" Walia
2461 Indian Creek Road
Diamond Bar, CA 91765

Rajnit "Raj" Walia
33 Vista Luci
Newport Coast, CA 92657

Gur Devan Walia
2461 Indian Creek Road
Diamond Bar, CA 91765

Ravnyssa Verma (Formeraly
Walia)
1001 Tiverton Ave
Apt. 5142
Los Angeles, CA 90024

Amitoj Walia
950 S. Fairfax Ave
Apt. 434
Los Angeles, CA 90036

### Simione Related Individuals

Kelly Nicolay
NO ADDRESS FOUND

Ron Barrera
770 Sheridan Ridge Court
Apt. C
Alpharetta, CA 30022

Nancy Jakus
1121 Millspring Drive
Apt. 1121
Durham, NC 27705

Jon Steging
13020 Pacific Promenade
Unit 308
Playa Vista, CA 90094

Mike Ferris
6115 Escondido Drive
Apt 29B
El Paso, TX 79912

Mary Reed
Finance Director
16194 Enders Street
Fontana, CA 92336

### Entities/Orgs and Related Personnel

H.N. and Frances C. Berger
Foundation
ECF

Christopher McGuire
1729 Wilson Ave.
Arcadia, CA 91006

Doug Vance
79045 Coyote Creek
La Quinta, CA 92253

Catharine Reed
40617 Palm Court
Palm Desert, CA 92260

Joe Glassett
81194 Camino Lampazos
Indio, CA 92203

Joan C. Kalimanis
9937 E. Taos Drive
Scottsdale, AZ 85262

Darrell Burrage
5 Haig Drive
Rancho Mirage, CA 92270

Francis Wong
77327 Chocolate Mountain Rd.
Indian Wells, CA 92210

Michael B. Rover
73265 Willow Street
Palm Desert, CA 92260

Michael Stutz
42812 Adalin Way
Palm Desert, CA 92211

Hutton Parker Foundation
15 East Carrillo Street
Santa Barbara, CA 93101

Thomas Parker
919 Roble Lane
Santa Barbara, CA 93103

**Former VNA Employees/Personnel**

John Lambert
2905 Sequoia Drive South
Palm Springs, CA 92662

Tanya Del Gado
47730 Twin Pines Road
Banning, CA 92220

Jillian (Guerra) Soto
9468 Newbridge Drive
Riverside, CA 92508

Mary Reed
Finance Director
16194 Enders Street
Fontana, CA 92336

Jillian Soto
1654 Oro Blanco
Riverside, CA 92507

**Creditor Matrix**

AmTrust North America, Inc. on
behalf of Sec
c/o Maurice Wutscher LLP
2000 Auburn Drive Suite 200
One Chagrin Highlands
Beachwood, OH 44122

Bristol Hospice, L.L.C.
206 North 2100 West, Ste. 202
Salt Lake City, UT 84116-4741

Burgess Moving and Storage
c/o Law Office of Lazaro E.
Fernandez
3600 Lime Street|Suite 326
Riverside, CA 92501-2974
**VIA NEF**

CareRx, LLC
3303 Harbor Blvd Ste C-1
Costa Mesa, CA 92626-1518

Continental East Fund IV, LLC
Rutan & Tucker
611 Anton Blvd., Suite 1400
Costa Mesa, CA 92626-1931

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

HealthSure Management Services,
LLC
Stradling Yocca Carlson & Rauth,
P.C.
100 Wilshire Boulevard, 4th Floor
Santa Monica, CA 90401-1239

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Kaiser Foundation Health Plan
c/o Gittler, Bradford & Berg
10537 Santa Monica Boulevard,
Third Floor
Los Angeles, CA 90025-4952

Securities & Exchange
Commission
444 South Flower St., Suite 900
Los Angeles, CA 90071-2934

The Turoci Firm
3845 Tenth Street
Riverside, CA 92501-3519
**VIA NEF**

UNITED STATES OF AMERICA
on behalf of the IN
U.S. Attorney's Office - Tax Divisi
300 N. Los Angeles St., Rm 7211
Attn: Jolene Tanner
Los Angeles, CA 90012-3342
**VIA NEF**

Visiting Nurse Association of the
Inland Cou
6235 River Crest Drive
Suite L
Riverside, CA 92507-0758

Riverside Division
3420 Twelfth Street
Riverside, CA 92501-3819

ABF Investments Business Forms
PO Box 10898
San Bernardino, CA 92423

AETNA
MSC 41087
PO Box 41500
Nashville, TN 37204-1500

AMN HEALTHCARE ALLIED INC.
1200 High Bluff Dr.
4th Floor
San Diego, CA 92130

AMN Healthcare Allied, Inc.
12400 High Bluff Dr., Suite 100
San Diego, CA 92130-3077

ARENT FOX LLP
P.O. BOX 644672
PITTSBURGH, PA 15267-4672

Ability Network Inc.
Dept. Ch 16577
Palatine, IL 60055-0001

Accountemps & Officeteam
Robert Half/Attn: Karen Lima
PO Box 5024
San Ramon CA 94583-5024

Accounting Principals
Dept. Ch 14031
Palatine, IL 60055-0001

Accounting Principals
Steven Rebidas
10151 Deerwood Park Blvd
Jacksonville FL 32256-0592

Aetna, Inc.
Aaron G.
McCollough|McGuireWoods LLP
77 W. Wacker Dr., Ste. 4100
Chicago, IL 60601-1818

Agoodbuy Lock N Key
33380 Leslie Street
Wildomar, CA 92595-9663

Alexa Sofia Zanolli Austin
12400 High Bluff Dr., Suite 100
San Diego, CA 92130-3077

Allscripts
24630 Network Place
Chicago, IL 60673-1246

AmTrust North America
800 Superior Ave., Suite E
Cleveland, OH 44114-2601

AmTrust North America, Inc. on
behalf of
Security National Insurance
Company
c/o Maurice Wutscher LLP
23611 Chagrin Blvd., Suite 207
Beachwood, OH 44122-5540

Amorette Jones
1328 East Alejo Road
Palm Springs, CA 92262-6131

Apria Healthcare Group
PO Box 31001 0984 Suite 101
Pasadena, CA 91110-0001

Arent Fox LLP
PO Box 644672
Pittsburgh, PA 15264-4672

Arent Fox LLP
c/o Aram Ordubegian
555 West Fifth St 48th Fl
Los Angeles CA 90013-1065
**VIA NEF**

Arlington Gardens Care Center
3688 NYC Ave.
Riverside, CA 92505

Arrowhead Radiology Medical
PO Box 26060
Fresno, CA 93729-6060

BLUE SHIELD OF CALIFORNIA
P.O. BOX 749415
LOS ANGELES, CA 90074-9415

BYRAM HEALTHCARE
120 BLOOMINGDALE RD
WHITE PLAINS, NY 10605-1518

Best Best & Krieger LLP
PO Box 1028
Riverside, CA 92502-1028

Bipinchandra Patel
14820 Edgewood Drive
Corona, CA 92880-3962

Blue Shield of California
PO Box 74915
Los Angeles, CA 90004-0907

Brookdale Rancho Mirage
72201 County Club
Rancho Mirage, CA 92270-4001

Bryant Cardenas Ridriguez
8743 Sandhill
Riverside, CA 92508-3101

Burges Moving and Storage
PO Box 5547
Riverside, CA 92517-5547

Burgess Moving & Storage
P.O. Box 28
Riverside, CA 92502-0028

C.T.E. Systems Inc.
565 West Lambert Road, Suite A
Brea, CA 92821-3901

CAHHS. UI Division
1215 K Street, Suite 800
Sacramento, CA 95814-3946

CARE RX
2151 MICHAELSON #142
IRVINE, CA 92612-1342

CCA Service Cleaner, Inc.
PO Box 847
Cathedral City, CA 92235-0847

CHUGH FIRM
25925 CARMENITA RD.
CERRITOS, CA 90703

CIT Finance, LLC
PO Box 593007
San Antonio, TX 78259-0200

California Physicians' Service
dba Blue Shield of California
50 Beale St 22nd Fl.
San Francisco CA 94105-1813

Calimesa Post Accute
13542 2nd Street
Yucaipa, CA 92399-5396

Candice Holloway
Bononi Law Group LLP
301 N. Lake Ave., Suite 820
Pasadena, CA 91101-5146

Canon Financial Services, Inc.
Attn. Yoshinori Shimono, CEO
158 Gaither Drive
Mount Laurel, NJ 08054-1716

Cardiff Limousine & Transportation
14226 Ventura Blvd
Sherman Oaks CA 91423-2715

Carriage Square LLC
14369 Park Avenue, Suite 200
Victorville, CA 92392-2300

Cathedral City Paramedic
Ambulance
PO Box 269110
Sacramento, CA 95826-9110

Cedar Mountain Post Acute
11970 4th Street
Yucaipa, CA 92399-2720

Cellco Partnership d/b/a Verizon
Wireless,
William Vermette
22001 Loudoun County Pkwy
Ashburn, VA 20147-6105

Center For Hospice Case
111 Sunnbrook Court
South Bend, IN 46637-3437

Change Healthcare Technologies
LLC
5995 Windward Parkway, MSTP
4901
Alpharetta, GA 30005-4184

Chap Community Health
Accreditation
PO Box 758981
Baltimore, MD 21275-8981

Chugh, LLC
25925 Carmenita Road
Cerritos, CA 90703

Cisco Systems Capital Corporation
170 W. Tasman Drive
San Jose, CA 95134-1706|

Cleo Gwen Ross
680 Wareen Vista Avenue
Yucca Valley, CA 92284-0712

Continental East Development
25467 Medical Center Drive, #201
Murrieta, CA 92562-1501

Continental East Fund IV, LLC
Stephen A. Ellis
c/o Rutan & Tucker
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-1931
**VIA NEF**

Core Rehabilitation Staffing
PO Box 8879
Woodland, CA 95776-8879

Craig Martin
19555 Ramon Road
Banning, CA 92220-2946

Creekside Care Center
35253 Avenue H
Yucaipa, CA 92399-5415

Curaspan Health Group, Inc.
PO Box 122869, Dept. 2869
Dallas, TX 75312-2869

DESERT MANOR
8515 CHOILA AVENUE
YUCCA VALLEY, CA 92284-4247

Daisy I.T.
8575 Red Oak Avenue
Rancho Cucamonga, CA 91730-4823

David Boyd
374 West Paisley Avenue
Hemet, CA 92543-5986

David Miller
1943 E. Andreas Road
Hemet, CA 92543

Denise Simmons
33978 Nasturtium Lane
Murrieta, CA 92563-3431

Desert Manor
8515 Cholla Avenue
Yucca Valley, CA 92284-4247

Devonsire Care Center, LLC
1350 E. Devonshire Avenue
Hemet, CA 92544-8629

Diagnostic Laboratories
2820 N. Ontario Street
Burbank, CA 91504-2015

DISCOVERY BENEFITS
4321 20TH AVE S
FARGO ND 58103-7194

Dove Printing
PO Box 14243
Palm Desert, CA 92255-4243

EQUIFAX
4076 Paysphere Circle
Chicago, IL 60674-0001

Eisenhower Medical Center
Department #7969
Los Angeles, CA 90084-0001

Eisenhower Occupational Health
67555 East Palm Canyon Drive
Suite C
Cathedral City, CA 92234-5412

Element Financial Corporation
655 Business Center Drive, Suite
250
Horsham, PA 19044-3448

Employment Development
Department
Bankruptcy Group MIC 92E
PO BOX 826880
Sacramento, CA 95814

Employment Development Dept.
State of California
Lien Group, MIC 92G
PO Box 826880
Sacramento, CA 94280-0001

Eugene Scalia U.S. Sec. of Labor
U.S. Dept of Labor – EBSA
35 N Lake Ave Ste 300
Pasadena, CA 91101-4110
Attn: P. Hall

Exact Recruiting Solutions Inc.
10700 Doc Brittle Street
New Port Richey, FL 34655-2176

Experian Health
PO Box 886133
Los Angeles, CA 90088-6133

Experian Health, Inc.
Joseph D. Frank
c/o FrankGecker LLP
1327 W. Washington Blvd., Ste.
5G/H
Chicago, IL 60607-1912

Francesca Fisher
44065 Big Sky Way
Temecula, CA 92590-5311

Franchise Tax Board
Bankruptcy Section, MS: A-340
PO Box 3952
Sacramento, CA 95812-2952

GEHA
PO Box 410014
Kansas City, MO 64141-0014

Gordon and Rees LLP
1111 Broadway, Suite 1700
Oakland, CA 94607-4023

Gretchen Slater-Beard
Attn: Jennifer S. Vicente, Esq.
c/o Heritage Law LLP
120 Vantis Drive, Suite 300
Aliso Viejo, CA 92656-2677
**VIA NEF**

H.N. &  Frances C Berger
Foundation
PO Box 13390
Palm Desert, CA 92255-3390

HEALTHCARE FIRST INC
P.O. BOX 202975
DALLAS, TX 75320-2975

HEALTHSURE MANAGEMENT
SERVICES
33 VISTA LICI
NEWPORT COAST, CA 92657-
1401

HI DESERT CONTINUING CARE
6601 WHITE FEATHER RD
JOSHUA TREE, CA 92252-6607

HN and FRANCES BERGER
FOUNDATION
PO  BOX 13990
Palm Desert, CA 92255-3990

HOST HEALTHCARE
4225 EXECUTIVE SQUARE,
SUITE 1500
LA JOLLA, CA 92037-1487

Health Net
File #56527 Attn: Refund Dept.
Los Angeles, CA 90074-0001

HealthSure Management Services,
LLC
1249 S. Diamond Bar Blvd., Suite
330
Diamond Bar, CA 91765-4122

Healthcare Allied Inc.
1200 High Bluff Drive, 4th Floor
San Diego, CA 92130

Host Healthcare
225 Executive Square, Suite 1500
La Jolla, CA 92034

Hutton Foundation
Attn. Thomas C. Parker, President
15 E Carrillo Street
Santa Barbara, CA 93101-2706

Hutton Foundation
Attn: Thomas C. Parker, President
26 W. Anapamu Street, #4
Santa Barbara, CA 93101-3144

IBM Corp
Attn Marie-Josee Dube
275 Viger East
Montreal QC H2X3R7

IBM Corporation
PO Box 643600
Pittsburgh, PA 15264-3600

Internal Revenue Service
Official Noticing Address for BK
POB 7346
Philadelphia, PA 19101-7346

Iron Mountain
PO Box 841693
Dallas, TX 75284-1693

James Cuesta
80533 Hay Lake Drive
Carlsbad, CA 92010

Janet Blatz
Attn: Jennifer S. Vicente, Esq.
c/o Heritage Law LLP
120 Vantis Drive, Suite 300
Aliso Viejo, CA 92656-2677
**VIA NEF**

Jason Liu MD Inc.
2820 N. Ontario Street
Burbank, CA 91504-2015
John D. Guerrini
106 S. Mentor Ave., Suite 150
Pasadena, CA 91106-2951

Jolynn Wilkerson
12369 Jacaranda Way
Riverside, CA 92503-7048

KAISER FOUNDATION
P.O. BOX 80204
LOS ANGELES, CA 90080-0204

Kaiser Foundation Health Plan Inc
Mary Fran Ebersole Esquire
The Ebersole Law Firm LLC
1229 Dietrich Way
Annapolis Maryland 21409-5020

Kaiser Permanente
File #50187
Attn: Regional Claims R
Los Angeles, CA 90047

Konica Milolta Business Solutions
Attn Sue Kelly - Konica Minolta
101 Williams Drive
Ramsey NJ 07446-1217

Konica Minolta Premier Finance
PO Box 35701
Billings, MT 59107-5701

Laboratory Corp of America
PO Box 2240
Burlington, NC 27216-2240

Lea Randolph & Assoc.
2701 West 15th Street, #257
Plano, TX 75075-7523

Lindy Ballard
2738 Spring Place
Banning, CA 92220-6713

Littler Mendelson, PC
PO Box 45547
San Francisco, CA 94145-0547

Loma Linda University
Medical Center – Murrieta
28062 Baxter Road
Murrieta, CA 92563-1401

Loma Linda Valley Care Center
25383 Cole Street
Loma Linda, CA 92354-3103

Lori B. Knack
c/o Law Office of Ching & Assoc.
155 N. Riverview Drive, Suite 121
Anaheim, CA 92808-1225

Lynn Medical
PO Box 930459
Tracyton, WA 98393

MCKESSON CORP
P.O. BOX 98347
CHICAGO, IL 60693-8347

METLIFE
P.O. BOX 8044661
KANSAS CITY, MO 64180-4466

Magdalena Ramos
45031 Promise Road
Lake Elsinore, CA 92532-1507

Magnolia Rehab & Nursing
8133 Magnolia Avenue
Riverside, CA 92504-3409

Mary Ann Balsamo
10099 Mission Blvd.
Riverside, CA 92509

McKesson Medical-Surgical, Inc.
106 S. Mentor Ave., Suite 150
Pasadena, CA 91106-2951

McKesson Medical-Surgical, Inc.
Attn: Stanton McComb, CEO
9954 Mayland Drive, Ste. 4000
Henrico, VA 23233-1484

Meadowbrook Convalescent Hosp.
461 E. Johnston Avenue
Hemet, CA 92543-7195

Melissa Carew
5001 W. Florida Ave.
Hemet, CA 92545-3802

Metropolitan Life Insurance
Company
200 Park Ave
New York NY 10166-0188

Michael Cooner
4417 Foxrun Drive
Chino Hills, CA 91709-6165

Michael Currier
8659 Pina Courte
Corona, CA 92883-9311

Michael Martinez
1654 Arenas Lane
San Jacinto, CA 92583-6857

Michael Shaw
10473 Saltbush Cir.
Moreno Valley, CA 92557-3055

Midland Equipment Financial
390 Union Blvd., Suite 600
Lakewood, CO 80228-1557

Midland State Bank
FKA Heartland Business Credit
1201 Network Centre Drive
Effingham, IL 62401-4677

Morongo Medical Group
PO Box 1809
Yucca Valley, CA 92286-1809

Mueller Prost LC
7733 Forsyth Blvd Ste 1200
St Louis MO 63105-1808

National Government Services
8115 Knue Road
Indianapolis, IN 46250-1936

Navitas Lease Corp – ISAOA
Gary Shivers, CEO
203 Fort Wade Road, Suite 300
Ponte Vedra, FL 32081-5159

Navitas Lease Corp.
Gary Shivers, CEO
203 Fort Wade Road, Suite 300
Ponte Vedra, FL 32081-5159

Netsmart Technologies, Inc.
PO Box 823519
Philadelphia, PA 19182-3519

Office Solutions
23303 La Palma Avenue
Yorba Linda, CA 92887-4773

Ontario Healthcare Center
1661 S. Euclid Avenue
Ontario, CA 91762-5826

P&N Company
PO Box 1809
Yucca Valley, CA 92286-1809

PREMIER MEDICAL EQUIPMENT
P.O. BOX 690
SUITE G
COLTON, CA 92324-0690

Pacifica States
7000 Merrill Ave., Box 22, Bldg. A-
Chino, CA 91710-9084

Palm Terrace Care Center
11162 Palm Terrace Lane
Riverside, CA 92505-2338

Perry E. Rhoads
801 S. GRAND AVE STE 500
LOS ANGELES, CA 90017-4633

Perry E. Rhoads
Robinson DiLando
801 S. Grand Ave., Ste 500
Los Angeles, CA 90017-4633

Philadelphia Indemnity Insurance
Company
801 S. Grand, Suite 500
Los Angeles, CA 90017-4633

Philadelphia Indemnity Insurance
Company
801 S. GRAND AVE STE 500
LOS ANGELES, CA 90017-4633

Pitney Bowes Global Financial
PO Box 371887
Pittsburgh, PA 15250-7887

Pitney Bowes Inc
27 Waterview Dr, 3rd Fl
Shelton, CT 06484-4361

Pitney Bowes Purchase Power
PO Box 371874
Pittsburgh, PA 15250-7874

Pitney Bowes, Inc. Software
PO Box 371896
Pittsburgh, PA 15250-7896

Plansource
PO Box 1313
Orlando, FL 32802-1313

Playmaker CRM, Inc.
3870 La Sierra Ave., Suite 239
Riverside, CA 92505-3528

Playmaker CRM, Inc.
Attn. John Griscavage, CEO
801 Cresent Centre Drive, Suite
100
Franklin, TN 37067-7228

Pre-Employ.Com, Inc.
PO Box 491570
Redding, CA 96049-1570

Prekezes, John Dr.
2274 Via Alba
Palm Desert, CA 92260-1828

Premier Infusion Care
19500 Normandie Avenue
Torrance, CA 90502-1108

Premier Medical Equipment and
Supply
575 Maple Court #A
Colton CA 92324-3209

Premier Medical Transportation
PO Box 690
Colton, CA 92324-0690

Premier Occupational
81719 Dr Carre On Blvd STE B
Indio, CA 92201-5518

Prime Office LLC
23901 Calabasas Road, Suite
1050
Calabasas, CA 91302-3379

Prime Office, LLC, a California LLC
Atn:  David Friedman
23901 Calabasas Road, Suite
1050
Calabasas, CA 91302-3379

Provident Life & Acci (Unum)
PO Box 403748
Atlanta, GA 30384-3748

Pulmocare Respiratory Services
PO Box 721
Colton, CA 92324-0721

Quantum Medical Radiology
PO Box 14267
Palm Desert, CA 92255-4267

Quest Diagnostics
8403 Fallbrook Ave
West Hills, CA 91304-3226

Quest Diagnostics
PO Box 50368
Los Angeles, CA 90074-0368

Quest Diagnostics 76001478 RIV
PO Box 50368
Los Angeles, CA 90074-0368

R Alexander Acosta U S Sec of
Labor |on behalf of the participants
of the
Visiting Nurse Association
35 N Lake Ave Ste 300
Pasadena CA 91101-4110

R Alexander Acosta U S Secretary
of Labor
on behalf of the participants of the
VNA of the Inland
35 N Lake Ave Ste 300
Pasadena CA 91101-4110

R Alexander Acosta U S Secretary
of Labor
on behalf of the participants of the
Tax
Deferred Annuity
35 N Lake Ave Ste 300
Pasadena CA 91101-4110

RIV Healthcare and Wellness
Center
9020 Garfiled Avenue
Riverside, CA 92503-3903

RIVERSTONE CAPITAL
4900 CALIFORNIA AVE., SUITE
A-420
BAKERSFIELD, CA 93309-7024

Ramona Rehabilation and Post
485 W. Josnston Avenue
Hemet, CA 92543-7012

Receivership Management, Inc.,
Independent F
510 Hospital Drive, Suite 490
Madison, TN 37115-5049

Relias Learning
111 Corning Road, Suite 250
Cary, NC 27518-9238

Rialto Healthcare LLC
1471 S. Riverside Avenue
Rialto, CA 92376-7703

Rick Berman
835 Dunleigh Meadows Lane
Houston, TX 77055-1931

Rick L. Bodiford
231 E. Allesandro, Ste. A PMB 468
Riverside, CA 92508-6039

Riverside Medical Clinic
3660 Arlington Avenue
Riverside, CA 92506-3987

Riverside Police Department
4102 Orange Street
Riverside, CA 92501-3671

Riverside Post Acute
8781 Lakeview Avenue
Riverside, CA 92509-5969

Riverside Radiology Medical Group
PO Box 15648
Sacramento, CA 95852-0648

Robert Half International, Inc.
PO Box 743295
Los Angeles, CA 90074-3295

SOFTCHICE CORP.
16609 COLLECTIONS CENTER
DR.
CHICAGO, IL 60693-0001

~~Sheriff's Civil Division West~~
~~4095 Lemon Street, 4th Floor~~
~~Riverside, CA 92501-3688~~
RTS 11-17-2020

Shred-It USA - San Bernardino
28883 Network Place
Chicago, IL 60673-1288

Simione Healthcare Consultants,
LLC
Attn. William Hamden, Member
4130 Whitney Ave.
Hamden, CT 06518-1214

Simplicity Cremation
PO Box 1571
Long Beach, CA 90801-1571

Sky Harbor
57333 Joshua Lane
Yucca Valley, CA 92284-4184
Soren McAdam Christenson LLP
PO Box 8010
Redlands, CA 92375-1210

Skyriver
7310 Miramar Road, Suite 600
San Diego, CA 92126-4226
Specialty Care Givers
302 Glen Rose Blvd.
King of Prussia, PA 19406-5700

Soltman Levitt Flaherty Wattles
90 E. Thousand Oaks Blvd., #300
Thousand Oaks, CA 91360-5702
Stacy Grillo
4041 Osage Ave.
Riverside, CA 92509-6889

Stacy Sixto
23371 Black Bear Court
Murrieta, CA 92562-5018

State of California
Employment Development Dept.
Lien Group, MIC 92G
PO Box 826880
Sacramento, CA 94280-0001

Steve Welshon
31289 Twilight Vista Drive
Menifee, CA 92584-8204

Sullivan Hill Rez & Engel, APLC
600 B Street, Suite 1700
San Diego, CA 92101-4507

Susan Ormsby
29126 Bridal Veil Lane
Menifee, CA 92584-7507

Tele Pacific Communications
PO Box 509013
San Diego, CA 92150-9013

Teresa Lundstrom
c/o Heritage Law, LLP
Erik Woodbury
120 Vantis, Ste. 300
Aliso Viejo, CA 92656-2677

The Travelers Indemnity Company
and its
Property Casualty Insurance
Affiliates
One Tower Square 0000-FP15
Hartford CT 06183-0001

The Travelers Insurance Company
and its Property Casualt Insurance
Affiliates
One Tower Square 000-FP 15
Hartford, CT 06183-0001

Theresa Marquez
6549 Joshua Lane
San Bernardino, CA 92407-1934

U.S. Department of Health &
Human Services
Angela M Belgrove
90-7th St Ste 4-500
San Francisco CA 94103-6721

U.S. Healthworks Medical Group
PO Box 50042
Los Angeles, CA 90074-0042

US Sec of Labor on behalf of
Visiting Nurse Assoc
Eugene Scalia
35 N Lake Ave Ste 300
Pasadena CA 91101-4110

US Secretary of Labor - EBSA
Attn: P. Hall
35 N. Lake Ave., Suite 300
Pasadena, CA 91101-4110

United Agricultural Benefit Trust
54 Corporate Park
Irvine, CA 92606-5105

United States Trustee (RS)
3801 University Avenue, Suite 720
Riverside, CA 92501-3255

UnitedHealthcare Insurance
Company
ATTN: CDM/Bankruptcy
185 Asylum Street - 03B
Hartford, CT 06103-3408

VERIZON WIRELESS
P.O. BOX 660108
DALLAS, TX 75266-0108

VNA OF GREATER LOS
ANGELES
1249 DIAMOND BAR BLVD.,
SUITE 330
DIAMOND BAR, CA 91765-4122

Vill the Village
2400 West Healthcare Center
Hemet, CA 92545

Wells Fargo Vendor Financial
Services LLC
1010 Thomas Edison Blvd SW
Cedar Rapids IA 52404-8247

Wu Efren, MD
44100 Jefferson Street, Suite E507
Indio, CA 92201-2715

Beth Gaschen
Weiland Golden Goodrich LLP
650 Town Center Dr Ste 600
Costa Mesa, CA 92626-7121
**VIA NEF**

David M Goodrich
Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, CA 92626-7121
**VIA NEF**

Douglas A Plazak
P.O. Box 1300
Riverside, CA 92502-1300
**VIA NEF**

Janette Lee
Feldman Browne Olivares, APC.
12400 Wilshire Blvd., Suite 1100
Los Angeles, CA 90025-1049
**VIA NEF**

Jennifer Le
American HealthCare Capital
4333 Admiralty Way
Marina Del Rey, CA 90292-5469

Jennifer Lee
Feldman Browne Olivares, APC.
12400 Wilshire Blvd., Suite 1100,
CA 90025-1049
**VIA NEF**

Jennifer Vicente
Heritage Law, LLP
120 Vantis Drive Suite 300
Aliso  Viejo, CA 92656-2677
**VIA NEF**

Jerry Seelig
Seelig & Cussigh, HCO LLC
4275 Baldwin Avenue
Culver City, CA 90232-3201

Michael B. Rover
Rover Armstrong, APC
75100 Mediterranean Ave.
Palm Desert, CA 92211-9069
**VIA NEF**

Ryan W Beall
**VIA NEF**