1  David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
2  Beth E. Gaschen, State Bar No. 245894
bgaschen@wgllp.com
3  Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
4  **WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
5  Costa Mesa, California 92626
Telephone    714-966-1000
6  Facsimile    714-966-1002

7  Attorneys for Reorganized Debtor

8  **UNITED STATES BANKRUPTCY COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10  **RIVERSIDE DIVISION**

11  In re                                             Case No. 6:18-bk-16908-MH

12  VISITING NURSE ASSOCIATION OF THE           Chapter 11
INLAND COUNTIES,

13                                                    **THIRD AND FINAL APPLICATION FOR**
Reorganized Debtor.           **ALLOWANCE AND PAYMENT OF FEES**
14                                                    **AND REIMBURSEMENT OF EXPENSES**
**OF WEILAND GOLDEN GOODRICH LLP,**
15                                                    **COUNSEL FOR DEBTOR AND DEBTOR-**
**IN-POSSESSION; DECLARATION OF**
16                                                    **DAVID M. GOODRICH IN SUPPORT**

17                                                    DATE:    March 9, 2021
TIME:    2:00 p.m.
18                                                    CTRM:    303
3420 Twelfth Street
19                                                             Riverside, CA 92501

20                                                    (Hearing to be held telephonically via
CourtCall)

21

22

23

24

25

26

27

28  1314113.1                              1                              FEE APPLICATION

*[Left margin vertical text:]* Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE:**

Weiland Golden Goodrich LLP ("Firm")[1], general bankruptcy counsel for Visiting Nurse Association of the Inland Counties ("Debtor" or "VNA"), submits its third and final application for allowance and payment of fees and reimbursement of expenses ("Application") for the period from October 16, 2020 through December 27, 2020, pursuant to 11 U.S.C. §§ 330 and 331, and respectfully represents as follows:

I.    **INTRODUCTION**

Upon the Debtor's termination of its former bankruptcy counsel's employment, the Firm was retained in this case as general bankruptcy counsel to handle all of the Debtor's bankruptcy-related issues, guide the Debtor through a sale of the Debtor's business, and present and confirm a plan of liquidation.  The Firm believes the Court should approve the final compensation requested in this chapter 11 case because the Firm's services substantially benefitted the debtor and its creditors, were effective and efficient, and the amount of the compensation sought is reasonable.  Accordingly, the Firm requests that the Court approve the final compensation as requested.

II.   **THE FIRM HAS COMPLIED WITH THE REQUIREMENTS OF LOCAL BANKRUPTCY RULE 2016-1**

As set forth in the Declaration of David M. Goodrich ("Goodrich Dec."), Mr. Goodrich has reviewed the requirements of Local Bankruptcy Rule 2016-1 ("Rule 2016"). This Application complies with Rule 2016.[2]

---

[1] The Firm is located at 650 Town Center Drive, Suite 600, Costa Mesa, California.

[2] Local Bankruptcy Rule 2016-1(a)(1), states in, pertinent part, as follows:

All applications for fees . . . filed by attorneys . . . shall contain the following:

(A) A brief narrative history of the present posture of the case. In chapter 11 cases, the information furnished shall describe the general operations of the debtor and whether the business of the debtor, if any, is being operated at a profit or loss, cash flow, whether a plan has been filed, and if not, what are the prospects for reorganization and when it is anticipated that a plan will be filed . .

## III.    BACKGROUND FACTS

### A.    The Bankruptcy Filing

On August 15, 2018 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code ("Petition) in the United States Bankruptcy Court for the Central District of California ("Court"), commencing case no. 6:18-bk-16908-MH ("Case").  *See* Docket No. 1.[3]

### B.    The Debtor's Business

The Debtor operated a not-for-profit hospice and home health services organization in Riverside and San Bernardino Counties.  The Debtor provided home health and hospice care services to the government, industry, institutions, individuals, associations and organizations, and provided products and related services ("Business").  The Debtor's primary assets consisted of accounts receivable, deposits, and office furniture, fixtures, and equipment at its business locations.  *See* Docket No. 57, Schedule A/B.

### C.    Scheduled Assets and Liabilities

The Debtor scheduled $6,810,164.46 in personal property comprised of $5,351.46 held in accounts, $211,869.00 in deposits and prepayments, $3,209,744.00 in accounts receivable, $133,200.00 in office furniture, fixtures and equipment, and $3,250,000.00 held in restricted self-insured workers compensation long term cash reserves.  *Id.*  The Debtor scheduled $19,207,251.61 in total liabilities.  *Id.*, Schedule E/F.

### D.    The Debtor's Lease of Real Property

The Debtor leased commercial real estate space from The H. N. and Frances C. Berger Foundation ("Berger") consisting of the entire second floor at 42-600 Cook Street, Palm Desert, California ("Premises") pursuant to a Charitable Office Lease dated August 15, 2008 ("Lease"), which expired under its own terms on August 14, 2018.  *See* Docket No. 212.

---

[3] The Firm requests the Court take judicial notice of the filing dates of certain pleadings on its docket as well as admissions of the Debtor and stipulations of certain parties to the bankruptcy case.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1314113.1

FEE APPLICATION

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**E.    Appointment of Patient Care Ombudsman**

On September 13, 2018, the Office of the United States Trustee ("UST") filed a notice of appointment of Jerry Seelig as patient care ombudsman ("PCO") pursuant to the Court's order directing the appointment of a patient care ombudsman which was entered on September 11, 2018.  *See* Docket No. 65.

**F.    Committee Appointment**

On September 19, 2018, the UST filed a notice of appointment of a committee of creditors holding unsecured claims ("Committee") to serve in the Case. *See* Docket No. 79.  The Committee employed Marshack Hays LLP ("Committee Counsel") as its counsel pursuant to the order entered October 23, 2018.

**G.    Sale of Assets**

On July 16, 2020, the Court entered an order authorizing the Debtor to sell its hospice business for $7,100,000, and its home health business for $100,000 in cash, plus the assumption of $350,000 of the Debtor's potential deficiency liability to CMS, and a waiver of $200,000 of allowed administrative claim.  The sale closed on August 5, 2020.

**H.    D&O Litigation**

On July 14, 2020, the Debtor filed a complaint against its former officers and directors, commencing the adversary proceeding styled *Visiting Nurse Association of the Inland Counties v. Greg Del Gado, et al.*, Adversary Proceeding No. 20-01129 ("Adversary Proceeding").  As described below, the Debtor reached a $3.75 million settlement of the Adversary Proceeding with insurers MAIC and Allied World ("Insurers") of the Debtor's claims asserted in the Adversary Proceeding.  The global settlement was approved by order entered December 21, 2020.

**I.    Plan Confirmation**

The Debtor's First Amended Liquidating Plan Dated September 14, 2020 ("Plan") was filed on September 14, 2020.  At the hearing held on November 17, 2020, the Court confirmed the Plan.  The Court entered the order confirming the Plan on December 10,

4

2020 ("Plan Confirmation Order").  As a result of the Plan Confirmation Order, all of the

Debtor's assets passed to a liquidating trust.  The firm is counsel to the trustee of the

liquidating trust.  *See* Goodrich Dec.

### J.    Significant Events During the First Application Period

During the first interim period, the Firm assisted the Debtor in (i) employing new

general counsel, a chief restructuring officer, financial advisor and a "finder,"

(ii) renegotiating the terms of its pre-petition agreement with Healthsure Management

Services ("HMS"), (iii) taking actions to improve operations and limit expenses, including

abandoning the lease of its Riverside premises and relocating its operations to new

premises in Palm Desert, (iv) reaching agreements for the continued use of cash

collateral, (v) obtaining extensions of the exclusivity period, (vi) negotiating offers to

purchase substantially all of the Debtor's assets, (vii) retaining Brutzkus Gubner as special

counsel to pursue certain claims against officers and directors and HMS, (viii) analyzing

pre-petition transfers which may be avoidable as preferences, and (ix) ensuring the

Debtor's timely compliance with reporting requirements.  *See* Goodrich Dec.

### K.    Significant Events During the Second Application Period

During the second period, the Firm assisted the Debtor in (i) negotiating the sale of

the Debtor's home health and hospice business for $7.2 million cash and other

consideration, (ii) obtaining approval of the Debtor's first amended disclosure statement,

(iii) obtaining approval of several settlements of pre-petition litigation with former

employees of the Debtor, (iv) obtaining a valuation of the Debtor's business, (v) obtaining

approval of an addendum to HMS's employment, (vi) obtaining approval of two

agreements to continue services to Debtor's patients during their transition to other care

facilities, (vii) reaching agreements for the continued use of cash collateral,

(viii) recovering $1,575,000 in cash from the Debtor's prior worker's compensation insurer,

(ix) obtaining an extension of the exclusivity period, (x) monitoring Special Counsel's

litigation work, (xi) assisting Special Counsel with settling claims against the Debtors'

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  current and former directors and officers, and (xi) reaching multiple settlements with

2  lienholders.  *See* Goodrich Dec.

3      **L.**    <u>**Significant Events During this Final Period**</u>

4      During this final period, the Firm assisted the Debtor in (i) finalizing multiple

5  settlements with lienholders, (ii) confirming the Debtor's Plan, (iii) obtaining Court approval

6  of a \$3.75 million global settlement of the Adversary Proceeding, (iv) addressing the issue

7  of payment to Special Counsel of its contingency fee and related costs from the global

8  settlement (v) negotiating and obtaining a reduction of Berger's claim for additional

9  attorneys' fees and costs, (vi) resolving the issue of abandonment and destruction of the

10  Debtor's records, and (vii) monitoring adequate protection payments to IRS.  *See*

11  Goodrich Dec.

12      **M.**    <u>**Employment of Professionals and Management**</u>

13      The Debtor filed an application to employ The Turoci Firm ("Former Counsel") as its

14  counsel on August 30, 2018.  *See* Docket No. 48.  The Debtor subsequently terminated

15  Former Counsel's employment.   *See* Goodrich Dec.

16          **1.**    **The Firm**

17      After the Debtor terminated Former Counsel, the Debtor retained the Firm to act as

18  general bankruptcy counsel in this case.  *See* Docket No. 136.  A Notice of Application

19  and Application of the Debtor to Employ Counsel were filed and served on October 11,

20  2018.  *See* Docket Nos. 136 and 137.  The Firm's employment was approved by order

21  entered on November 30, 2018, and is effective as of September 24, 2018.  *See* Docket

22  No. 255. The terms of the Firm's employment include an "across-the-board" \$150

23  reduction in the Firm's billing rates.  Also, the Firm agreed to not bill the Debtor for travel

24  time.

25          **2.**    **Force 10**

26      The Debtor entered into a services agreement ("Services Agreement") with Force

27  Ten Partners LLC ("Force 10") under which Adam Meislik serves as the CRO.  *See*

28  1314113.1

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

FEE APPLICATION

1  Docket No. 154.  Force 10, Mr. Meislik's firm, provided support to the CRO.  The Services

2  Agreement was approved by order entered on February 4, 2019.  *See* Docket No. 326.

3         **3.    HMS**

4         The Debtor entered into a management agreement ("Management Agreement")

5  with HMS.  *See* Docket No. 290.  The Management Agreement was approved by order

6  entered on February 25, 2019. *See* Docket No. 341.

7         **4.    AHC**

8         In connection with the sale of the Debtor's assets or stock, the Debtor sought Court

9  approval of the Debtor's retention of American Healthcare Capital ("AHC") as a "finder."

10  See Docket No. 311.  The Debtor's application to employ AHC was approved by order

11  entered February 7, 2019.  See Docket No. 329.

12         **5.    Brutzkus Gubner**

13         The Firm assisted the Debtor with seeking approval of Brutzkus Gubner ("Special

14  Counsel") as special litigation counsel.  The Debtor's application to employ Special

15  Counsel was approved by order entered June 27, 2019.  *See* Docket No. 435.

16  **IV.   RETAINER**

17         The Firm did not receive a retainer in this case.

18  **V.   SUMMARY OF PRIOR INTERIM FEE APPLICATIONS**

19         On September 17, 2019, the Court approved the Firm's first interim fee application

20  ("First Application") and allowed $242,074.00 in fees and $4,230.61 in costs.  The

21  amounts of $193,659.20 in fees (80%) and $4,230.61 in costs (100%), for a total of

22  $197,889.81, were authorized to be paid by the Debtor - the remainder of which was

23  ordered to be withheld until the Firm's final fee application is approved by the Court.  To

24  date, the Firm has received $181,173.81 in fees and $4,230.61 in costs, for a total of

25  $185,404.42 in payments, leaving a balance of $12,485.39 unpaid, excluding the 20%

26  "holdback" ordered by the Court.

27

28                                 7                              FEE APPLICATION

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1   On November 17, 2020, the Court approved the Firm's second interim fee

2   application ("Second Application") and allowed $290,185.00 in fees and $13,898.59 in

3   costs.  The amounts of $232,148.00 in fees (80%) and $13,898.59 in costs (100%), for a

4   total of $246,046.59 were authorized to be paid by the Debtor - the remainder of which

5   was ordered to be withheld until the Firm's final fee application is approved by the Court.

6   To date, the Firm has received $235,433.67, leaving a balance of $10,612.92 unpaid.

7   **VI.    CURRENT AMOUNTS REQUESTED**

8   The Firm requests allowance and payment of $32,095.00 in final fees and

9   $1,366.57 in final expenses in this Application for 96.20 hours of work from October 16,

10  2020 through December 27, 2020.  This is the Firm's third and final request for fees and

11  expenses.

12  **VII.    CURRENT CASE STATUS**

13  On July 16, 2020, the Court entered an order authorizing the Debtor to sell its

14  hospice business for $7,100,000, and its home health business for $100,000 in cash, plus

15  the assumption of $350,000 of the Debtor's potential deficiency liability to CMS, and a

16  waiver of $200,000 of allowed administrative claim.  The sale closed on August 5, 2020.

17  After paying a sales commission to the Debtor's broker, the Debtor received

18  $6,822,450 ("Net Sale Proceeds") from the sale.  The Debtor also recovered $3,750,000

19  from Travelers insurance as part of an agreement approved by the Court on September

20  30, 2020 as docket no. 764.

21  The Debtor's Plan was confirmed by order entered on December 10, 2020 as

22  docket no. 888.  On the effective date (December 27, 2020), the assets of the Debtor

23  passed to a liquidating trust.  Adam Meislik is the trustee of the liquidating trust and in

24  custody of all remaining cash of the Debtor.  *See* Goodrich Dec.

25

26

27

28  1314113.1

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

FEE APPLICATION

## VIII.    SUMMARY OF THE FIRM'S ACTIVITIES IN THE CASE AS COUNSEL TO THE DEBTOR

Below is a chart which summarizes all time and corresponding fees incurred by the Firm during this case. Each category is described in further detail below.

| Category | Hours | Fees | Blended Rate |
|---|---|---|---|
| Asset Analysis and Recovery | | | |
| First Period | 85.30 | $32,985.00 | $386.69 |
| Second Period | 53.80 | $14,575.00 | $270.91 |
| Asset Disposition | | | |
| First Period | 78.80 | $23,885.00 | $303.11 |
| Second Period | 292.70 | $126,795.00 | $433.19 |
| Third Period | 1.40 | $455.00 | $325.00 |
| Business Operations | | | |
| First Period | 54.50 | $12,595.00 | $231.10 |
| Case Administration | | | |
| First Period | 149.60 | $61,845.00 | $413.40 |
| Second Period | 51.10 | $16,735.00 | $327.50 |
| Third Period | 3.00 | $1,095.00 | $365.00 |
| Cash Collateral | | | |
| First Period | 82.80 | $34,375.00 | $415.16 |
| Second Period | 14.90 | $5,970.00 | $400.67 |
| Third Period | .60 | $270.00 | $450.00 |
| Claims Administration and Objections | | | |
| First Period | 41.20 | $17,705.00 | $429.73 |
| Second Period | 112.50 | $46,150.00 | $410.22 |
| Third Period | 13.80 | $4,765.00 | $345.29 |
| Employee Benefits/Pensions | | | |
| First Period | 19.40 | $6,080.00 | $313.40 |
| Employment Applications | | | |
| First Period | 107.40 | $37,885.00 | $352.75 |
| Second Period | 12.80 | $3,390.00 | $264.84 |

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1314113.1

FEE APPLICATION

| | | | |
|---|---|---|---|
| Fee/Employment Objections | | | |
| First Period | 29.00 | $9,700.00 | $334.48 |
| Second Period | 10.00 | $4,200.00 | $420.00 |
| Third Period | 13.50 | $6,070.00 | $449.63 |
| Financing | | | |
| First Period | 2.70 | $1,205.00 | $446.30 |
| Second Period | 15.70 | $4,185.00 | $266.56 |
| Litigation | | | |
| First Period | 7.30 | $2,035.00 | $278.77 |
| Second Period | 45.60 | $15,030.00 | $329.61 |
| Third Period | 17.20 | $6,725.00 | $390.99 |
| Plan and Disclosure Statement | | | |
| First Period | 11.60 | $3,180.00 | $274.14 |
| Second Period | 142.70 | $54,375.00 | $381.04 |
| Third Period | 20.30 | $8,535.00 | $420.44 |
| Fee Application | | | |
| First Period | 2.70 | $430.00 | $159.26 |
| Second Period | 31.40 | $5,500.00 | $175.16 |
| Third Period | 26.40 | $4,180.00 | $158.33 |
| Relief From Stay and Abandonment | | | |
| First Period | 5.30 | $2,355.00 | $444.34 |
| Tax Issues | | | |
| First Period | 1.50 | $675.00 | $450.00 |
| **Total First Period:** | **679.10** | **$246,935.00** | **$363.62** |
| **Total Second Period:** | **783.20** | **$296,905.00** | **$379.09** |
| **Total Third Period:** | **96.20** | **$32,095.00** | **$333.63** |

## A.    Asset Analysis and Recovery

**[First Period:  85.30 hours, $32,985.00, blended rate $386.69]**

Because the Firm was retained after the commencement of the case, the Firm incurred fees in this category reviewing pleadings and case background, reviewing documents provided by Former Counsel, conferring with Committee counsel, analyzing liens, noting deadlines, and generally coming up to speed on the Case as quickly as

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    possible.  The Firm analyzed and addressed issues relating to Berger's sweep of

2    lockboxes, the workers' compensation reserve, IRS levies, the Debtor's cash flow, HMS's

3    role in the Business and the quality of its services, the collection of accounts receivable,

4    recovery of Medicare funds, insurance, return of collateral and leased equipment, possible

5    director and officer claims and malpractice claims, possible sale and lease options, and

6    communicated with the Debtor, the CRO and other parties, as necessary, on these

7    issues.

8        During the first period, the Firm spent time analyzing hypothetical liquidation

9    scenarios, formulating strategy for the case, and meeting with the Debtor, the CRO and

10   representatives of HMS to discuss the Debtor's options with respect to a sale of the

11   Business and the lease of the Premises.  In addition, the Firm researched the avoidability

12   of federal and state tax liens.

13       In this category the Firm also assisted the Debtor in satisfying reporting

14   requirements, reviewed bank statements, and responded to inquiries about the Case.

15   The Firm attended status conferences which were held on September 25 and

16   November 13, 2018, and February 26, March 27, May 1, and July 30, 2019.  The Firm

17   prepared the Debtor's status conference reports, and assisted with the preparation of

18   budgets and monthly operating reports.

19       The Firm also spent time responding to parties interested in purchasing the

20   Business, reviewing purchase offers, and preparing counter offers.

21              **[Second Period:  53.80 hours, $14,575.00, blended rate $270.91]**

22              **1.    Analysis of Potential Recoveries**

23       During the second period, the Firm assisted the Debtor with analyzing a potential

24   claim against Riverstone Capital ("Riverstone"), which, if valid, requires the filing of a proof

25   of claim in the Riverstone receivership.  The Firm reviewed allegations made by Berger

26   regarding HMS and analyzed AIG's response to the D&O and E&O claims.  When an

27   issue arose regarding funds levied by the California Department of Healthcare Services

28   1314113.1

FEE APPLICATION

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  and the potential for future levies of funds, the Firm communicated with the IRS on this

2  issue, and sent correspondence to the State, informing it of the Debtor's bankruptcy and

3  termination of the levy.  The Firm communicated with the CRO, reviewed potential

4  preference and avoidance analyses, and contemplated a possible extension of the

5  deadline to file actions under Section 546.  The Firm spent time monitoring the status of

6  Special Counsel's efforts, corresponding with Special Counsel regarding the interpleader

7  action, reviewing coverage liability and tolling deadlines, and in connection with mediation,

8  including considering settlement offers, reviewing mediation briefs and potential damage

9  calculations, and attending mediation in the lawsuit against the Debtor's directors and

10 officers.  In this category the Firm also reviewed proposals for billing and collection

11 services and advised the Debtor on the merits of each.

12                    **2.    Settlement With Travelers**

13        As of July 28, 2020, The Travelers Companies, Inc. ("Travelers"), which

14 issued the Debtor's deductible plan workers compensation insurance policy pre-

15 petition, was holding $2,196,695 of cash deposits ("Deposit") as collateral for the

16 insurance policy.  Initially, $2,536,217.00 was deposited by VNA with Travelers prior to the

17 Petition Date pursuant to the Policy, as collateral for certain obligations of VNA to

18 Travelers, and $339,522 of the Deposit was subsequently applied to outstanding invoices

19 prior to the Petition Date.

20        The Firm advised the Debtor on recovering the Deposit and helped the Debtor

21 recovered a large portion of the Deposit.  The Firm reviewed and revised an *Insurance*

22 *Policy Repurchase Agreement and Settlement of Certain Related Claims* ("Travelers

23 Agreement") which provides, among things, for (1) Travelers to return to the Debtor

24 $1,575,000 in cash deposits ("Travelers Funds") serving as collateral for outstanding and

25 potential obligations owed to the Debtor's former employees and for Travelers to retain

26 the balance of the cash deposits, (2) the insurance policy to remain in effect to address

27

28

FEE APPLICATION

WEILAND GOLDEN GOODRICH LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  any additional claims, (3) the withdrawal of Travelers' secured claim which is in excess of

2  $2 million, and (4) the mutual release of claims.

3      The Firm prepared a *Motion for Order Approving Compromise of Controversy*

4  *Pursuant to Federal Rule of Bankruptcy Procedure 9019* ("Travelers Motion") and related

5  notice which were filed on August 21, 2020.  The Firm prepared and filed a declaration

6  regarding the lack of opposition to the motion and lodged an order.  Upon the Court's

7  request for further information, the Firm prepared a filed a Supplement to the motion

8  which described in detail the Debtor's estimations of total outstanding/unused collateral

9  held by Travelers, the amount of unpaid liabilities, the outstanding reserves for one

10  pending claim, and the amount of potential, future claims.  Following the filing of the

11  Supplement, the Firm re-lodged the order granting the Travelers Motion which the Court

12  entered on September 30, 2020.  Thus, the Firm assisted the Debtor in the return of

13  $1,575,000 cash without the need for litigation or any additional exposure to the Debtor.

14      **3.      AHC Agreement and Valuation**

15      In connection with the Debtor's litigation against its former officers and directors

16  and relating to its errors and omissions policy described below in the Litigation category,

17  the Firm advised the Debtor on obtaining a valuation of VNA's business during the period

18  of injury which would be a key piece of evidence in proving compensatory damages in the

19  litigation.

20      AHC, which was already employed by the Debtor in this case as a "finder" by order

21  entered February 7, 2019, agreed to provide a business valuation analysis for the litigation

22  for a flat fee of $10,000.  Therefore, the Firm prepared a *Motion for Order:  (1) Authorizing*

23  *the Debtor to Enter Into Transaction Outside the Ordinary Course of Business Pursuant to*

24  *11 U.S.C. §363(b); (2) Approving the Agreement Between the Debtor and American*

25  *HealthCare Capital* ("AHC Motion") and related notice which were filed on August 26,

26  2020.  No opposition to the motion was filed, and the Firm prepared the declaration

27

28  1314113.1

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

FEE APPLICATION

1    regarding the lack of opposition and the order granting the AHC Motion which was entered

2    on September 18, 2020.

3    **B.    Asset Disposition**

4    **[First Period: 78.80 hours, $23,885.00, blended rate $303.11]**

5    **1.    Abandonment of a Portion of the Premises**

6    As set forth above, Berger leased the Palm Desert Premises to the Debtor

7    pursuant to the Lease.  After retention, the Firm advised the Debtor regarding the Lease

8    and possible costs and savings to locate to smaller, cheaper space.  The Firm assisted to

9    the Debtor with returning approximately 20,000 square feet of the Premises ("Portion of

10    the Premises") to Berger, while retaining the remainder of the Premises.  Accordingly, the

11    Firm prepared a *Stipulation Between The H.N. and Frances C. Berger Foundation and*

12    *Debtor for Abandonment of Approximately 20,000 Square Feet of Leased Space*

13    ("Stipulation for Release") which was filed on November 12, 2018, and the order thereon

14    which the Court entered on November 30, 2018.

15    **2.    Motion to Reject the Lease of the Premises**

16    The Firm prepared the *Motion for an Order Authorizing Debtor to Reject the Lease*

17    *of Nonresidential Real Property With The H.N. and Frances C. Berger Foundation*

18    *Pursuant to 11 U.S.C.  § 365* ("Motion to Reject") which was not filed due to Berger's filing

19    of its Motion to Compel.

20    **3.    Berger's Motion to Compel**

21    On November 2, 2018, Berger filed a *Motion to Compel Payment of Administrative*

22    *Rent or Immediate Rejection of Lease* and related relief ("Motion to Compel") which was

23    initially set for hearing on November 27, 2018.  The Firm analyzed the Motion to Compel,

24    pursuant to which Berger demanded over $90,000 per month for the use of the Premises.

25    The Firm conferred with the Debtor, the CRO, and counsel for Berger, and prepared and

26    filed several responsive pleadings which argued that since the Lease expired pre-petition,

27    it could be rejected under Section 365, and that the expiration of the Lease pre-petition

28    1314113.1

FEE APPLICATION

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   also precluded Berger from receiving an administrative rent claim pursuant to 11 U.S.C.

2   § 365(d)(3).  The Firm also reviewed and analyzed supplemental pleadings filed by

3   Berger, and appeared at numerous hearings on the Motion to Compel.

4        On January 15, 2019, the Debtor vacated the Premises.  The hearing on the

5   Motion to Compel was continued to May 1, 2019, and subsequently to July 30, 2019.  In

6   the meantime, the Firm and counsel for Berger engaged in settlement discussions and

7   reached an agreement.  The Firm prepared the *Stipulation for (1) Allowance and Payment*

8   *of Administrative Rent Claim; and (2) Use of Cash Collateral* ("Stipulation re

9   Administrative Rent and Cash Collateral") pursuant to which Berger was allowed an

10  administrative rent claim of $125,000.  The Firm filed the stipulation on May 3, 2019, and

11  prepared and lodged an order approving the stipulation which the Court entered on May

12  29, 2019.

13        **4.    Abandonment of Personal Property and Rejection of Lease of**

14        **Personal Property**

15        The Firm assisted the Debtor in (i) abandoning certain office furniture and

16  equipment owed by the Debtor and located at the Premises that was not being used and

17  had little or no potential liquidation value, (ii) abandoning curtained leased office furniture

18  and equipment located at its Riverside premises that was not being used, and

19  (iii) rejecting an unexpired lease of furniture and equipment.  The Firm prepared a *Motion*

20  *of Debtor and Debtor-in-Possession for Order Authorizing:  (1) Abandonment of Personal*

21  *Property Pursuant to 11 U.S.C. § 554(a); and (2) Rejection of Unexpired Lease of*

22  *Personal Property Pursuant to 11 U.S.C. § 365* ("Motion to Abandon Personal Property

23  and Reject Lease") and notice thereon which were filed on December 7, 2018.  The

24  motion was filed pursuant to the no-hearing procedure in order to conserve estate

25  resources.  No opposition was filed.  As are result, the Firm prepared and filed a

26  declaration of no opposition, and prepared and lodged an order granting the motion which

27  the Court entered on January 2, 2019.

28  1314113.1

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

FEE APPLICATION

### 5.    Rejection of Insurance Contract

The Firm advised the Debtor on rejecting an insurance policy issued to VNA pre-petition by Metropolitan Life Insurance Company ("MetLife") that provided vision, dental, basic term life, and accidental death and dismemberment benefits for the Debtor's employees and/or dependents ("MetLife Policy").  Since the Debtor maintained coverage with another insurance carrier for the same or similar employee benefits, the MetLife Policy was no longer needed.  The Firm prepared a *Motion for an Order Authorizing the Debtor to Reject an Insurance Contract With Metropolitan Life Insurance Company Pursuant to 11 U.S.C. § 365* ("MetLife Motion") and the notice thereon which were filed on April 15, 2019.  Hearing was set for May 7, 2019.  The Firm reviewed the Court's tentative ruling posted before the hearing and prepared and lodged the order granting the MetLife Motion which the Court entered on May 9, 2019.

### 6.    Abandonment of Personal Property

The Debtor sought to abandon four Konica Minolta photocopiers that were not being used at the Debtor's leased premises in Riverside.  Accordingly, the Firm prepared a *Motion of Debtor and Debtor-in-Possession for Order Authorizing Abandonment of Personal Property Pursuant to 11 U.S.C. § 554(a)* and notice thereon which were filed on August 2, 2019.  The motion was filed pursuant to the no-hearing procedure in order to conserve estate resources.  No opposition was filed, and the Firm prepared and filed a declaration to that effect, and prepared and lodged the order granting the motion.

**[Second Period:  292.70 hours, $126,795.00, blended rate $433.19]**

### 7.    Sale Negotiations

During the second period, the Firm advised the Debtor on the sale of its assets, including reviewing marketing efforts designed to encourage bids for a transaction pursuant to which all or a portion of the Debtor's assets would be sold, communicating with parties who expressed an interesting in purchasing the assets, and preparing non-disclosure agreements.  The Firm advised the Debtor with respect to offers from Bristol

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

and HMS, and prepared Asset Purchase Agreements with Bristol for the sale of the Debtor's hospice business and with HMS for the sale of the Debtor's home health care business.  Both agreements were "stalking horse" purchase offers subject to higher and better bids.

The Bristol sale agreement provided for the Debtor to receive $7,100,000 in cash and retain (2) its cash, (2) its pre-closing accounts receivable, (3) all claims, including avoidance claims (excluding potential claims against the Debtor's current vendors), and (4) approximately $3,250,000 in cash serving as collateral for two self-insurance worker's compensation policies

The HMS sale agreement provided for the Debtor to receive $100,000 in cash, $350,000 in debt assumption for any deficiency owed to CMS, $200,000 of a waiver of HMS' administrative claim, and a retention of cash, pre-closing accounts receivable, certain claims against HMS, and approximately $3,250,000 in cash serving as collateral for two self-insurance worker's compensation policies.

### 8.    Bid Procedures Motion

The Firm prepared a *Motion for Order Approving Bidding Procedures, Stalking Horse Bidder Protections, Form of Assets Purchase Agreements, and Assignment Procedures, in Connection With Sale of Debtor's Hospice Assets and Home Health Assets* ("Bid Procedures Motion") and notice thereon which were filed on May 5, 2020. The Bid Procedures Motion sought an order authorizing and approving the proposed bidding procedures, setting the bid deadline, authorizing and scheduling the auction, scheduling the sale hearing, authorizing and approving the form and manner of the sale notices, authorizing and approving the form and manner of the Asset Purchase Agreements, authorizing and approving the assumption and assignment procedures, and authorizing and approving the form and manner of the cure notices.  Hearing on the matter was set for May 12, 2020.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1314113.1

FEE APPLICATION

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    On May 11, 2020, SHC filed its limited opposition to the Bid Procedures Motion and

2    reservation of rights.  The U.S. Department of Health and Human Services ("CMS") also

3    opposed the Bid Procedures Motion.  The CMS opposition was resolved by stipulation

4    between CMS and the Debtor, which was approved by order entered May 14, 2020.

5    The Firm prepared for and appeared at the hearing on May 12, 2020, and prepared

6    the *Order Approving Overbid Procedures, Stalking Horse Bidder Protections, Form of*

7    *Asset Purchase Agreements, and Assumption and Assignment Procedures, in Connection*

8    *with Sale of Debtor's Hospice and Home Health Care Businesses* which the Court entered

9    on May 20, 2020, as docket number 588 ("Bid Procedures Order").  GrandCare Health

10   Services, LLC was qualified as an Overbidder in connection with the sale of the Debtor's

11   Home Health Care Assets.  As a result, and subject to the Bankruptcy Court's approval,

12   the Debtor prepared and filed a *Notice of Qualification of Overbidder for Sale of Debtor's*

13   *Home Health Assets* stating the Debtor's intention to conduct the Auction for the proposed

14   sale of the Home Health Assets at the hearing on the Sale Motion scheduled for June 30,

15   2020 at 12:00 p.m.

16        **9.    Sale Motion**

17   The Firm prepared a *Motion for Order: (1) Approving Asset Purchase Agreements*

18   *and Authorizing Sale of Debtor's Assets Free and Clear of Liens, Claims, and Interests*

19   *Pursuant to 11 U.S.C. § 363(b) and (f); (2) Rejecting or Assuming and Assigning Certain*

20   *Executory Contracts and Unexpired Leases; (3) Approving Buyers, Successful Bidders,*

21   *and any Back-Up Bidders, as Good Faith Purchasers Pursuant to 11 U.S.C. § 363(m);*

22   *and (4) Authorizing Payment of Undisputed Liens and Other Ordinary Costs of Sale;*

23   *Memorandum of Points and Authorities; Declarations of Stuart Furman, Adan Meislik, Raj*

24   *Walia, Hyrum Kirton and Andre Ulloa in Support* ("Sale Motion") and related notices which

25   were filed on June 9, 2020.

26   Objections to the Sale Motion were filed by SHC and the UST on the issue of the

27   proposed sale being free and clear of liens.  The Firm reviewed the filed objections and

28   1314113.1

FEE APPLICATION

prepared and filed the Debtor's extensive, consolidated reply in support of a sale free and clear of all liens, claims, encumbrances or other interests pursuant to §§ 363(b), (f) and (m) of the Bankruptcy Code.

### 10.    Sale Hearings

Hearings on the Sale Motion were held on June 30, July 8 and July 9, 2020.  The Firm prepared for and appeared at these hearings.  At the hearing held on July 9, 2020, the Court granted the Sale Motion and approved the Debtor's sale of its Hospice business and Home Health business.  The Firm prepared and circulated the proposed order for comment, prepared and filed a declaration in support of the proposed order, and lodged the order which the Court entered on July 16, 2020, as Docket No. 662 ("Sale Order").

The Firm negotiated a resolution of the UST's objection to the proposed sale, and reviewed and revised the stipulation with the United States which was filed on July 15, 2020.  The Court entered an order approving the stipulation on July 16, 2020.

Following entry of the Sale Order, the Firm worked to ensure the closing of the sale which occurred on August 5, 2020.  The Firm prepared a *Report of Sale Required by Federal Rule of Bankruptcy Procedure 6004(f)(1) and Local Bankruptcy Rule 6007-1(g)* which was filed on August 17, 2020.

### 11.    Transition Agreements

On August 5, 2020, concurrently with the closing of the sales of the Debtor's assets, the Debtor terminated all of its employees and assisted patients with locating new hospice and home health care providers to provide for medical services.  In order to facilitate the patients' move to new hospice and home health care facilities, the Firm advised the Debtor on entering into agreements with Bristol and HMS to lease employees from Bristol and HMS, pay certain costs of the Debtor, and tender the remaining gross revenue to Bristol and HMS.

The Firm prepared agreements with Bristol and HMS and the *Motion for Order: (1) Authorizing the Debtor to Enter Into Transactions Outside the Ordinary Course of*

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1314113.1

19

FEE APPLICATION

1    *Business Pursuant to 11 U.S.C. §363(b); (2) Approving the Transition Agreement*

2    *Between the Debtor, Destiny Hospice of the Desert and Destiny Hospice of Temecula;*

3    *and (3) Approving the Transition Agreement Between the Debtor and Healthsure*

4    *Management Services, LLC* ("Transition Motion") and notice which were filed on

5    August 11, 2020.  Hearing was set for September 1, 2020.  The Firm reviewed the Court's

6    tentative ruling and prepared the order granting the Transition Motion which the Court

7    entered on September 2, 2020.

8    **12.    Abandonment of Records**

9         After the Debtor sold its assets, it no longer needed certain records for the years

10   2016 and earlier ("Records"), for which storage charges were accruing.  The Firm advised

11   the Debtor on the issue of abandoning and destroying the Records in order to protect

12   information protected under various federal and state privacy laws.  Accordingly, the Firm

13   prepared a *Motion of Debtor and Debtor-in-Possession for Order Authorizing Destruction*

14   *of Personal Property Pursuant to 11 U.S.C. § 554(a)* ("Motion to Abandon") and related

15   notice which were filed on September 18, 2020. The Motion to Abandon has been

16   withdraw based upon comments received from the UST.

17       **[Final Period:  1.40 hours, $455.00, blended rate $325.00]**

18        During this final period, the Firm communicated with Force 10 to resolve the issue

19   of abandonment and destruction of the Records, reviewed statutes provided by the UST

20   for records retention, and prepared a notice of withdrawal of the Motion to Abandon which

21   was filed on November 19, 2020.

22   **C.    Business Operations**

23       **[First Period:  54.50 hours, $12,595.00, blended rate $231.10]**

24        During the first period, the Firm advised the Debtor on matters affecting operation

25   of the Business.  To that end, the Firm addressed issues of cash flow, billing trends,

26   payment of invoices, bank fees, pre-petition bank accounts, utility deposits, payroll,

27

28   1314113.1

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

FEE APPLICATION

1    relocation of the Business and regulatory approvals needed in order to move the

2    Business, cost-cutting measures, COBRA payments and Medicare recoupment.

3        In order to maintain Medicare funding while the Premises were being returned to

4    Berger, the Debtor needed to maintain two premises in Palm Desert, California (one for its

5    hospice care operations and the other for its health care operations).  Therefore, the

6    Debtor sought authorization to enter into two commercial leases ("Shah Leases") with the

7    Shah Family Trust ("Shah") for premises located at 73733 Fred Waring Dr, Suites 107 and

8    108, Palm Desert, California ("Shah Premises").  The Firm advised the Debtor with

9    respect to the Shah Leases, which represented a significant downsizing of office space for

10   the Debtor with the concomitant reduction of rent, as compared to the Lease of the Berger

11   Premises.  Accordingly, the Firm prepared the Debtor's *Motion for Order Authorizing*

12   *Debtor-in-Possession to Enter into Leases of Commercial Real Property for Purposes*

13   *Outside the Ordinary Course of Business Pursuant to 11 U.S.C. § 363(b)* ("Motion to Enter

14   Into Leases") and notice thereon which were filed on November 13, 2018.  No opposition

15   to the motion was filed, and the Firm prepared the declaration regarding no request for

16   hearing on the motion and prepared and lodged the order granting the Motion to Enter

17   Into Leases which the Court entered on December 4, 2018.

18       In connection with maintenance of insurance coverage for the Debtor's operations

19   and assets, the Firm reviewed a proposal for the financing of insurance premiums at

20   approximately $150,000 for 11 months of insurance coverage.  The Firm prepared a

21   *Motion for Order Authorizing the Debtor to: (1) Incur Debt Pursuant to 11 U.S.C. § 364(d)*

22   *and (2) Enter Into Transactions Outside the Ordinary Course of Business Pursuant to*

23   *11 U.S.C. §363(b)* ("Insurance Premiums Motion") which sought approval of a proposed

24   commercial premium finance agreement ("Finance Agreement") between the Debtor and

25   FIRST Insurance Funding to provide financing of the premiums, taxes and fees owed by

26   the Debtor under several business insurance policies.  The Firm filed the motion on

27   June 14, 2019, along with an application for order setting hearing on shortened notice and

28   1314113.1

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

FEE APPLICATION

1  a proposed order.  The Firm prepared for and appeared at the hearing and prepared the

2  order granting the Insurance Premium Motion which the Court entered on June 27, 2019.

3      **D.**   **Case Administration**

4          **[First Period: 149.60 hours, $61,845.00, blended rate $413.40]**

5          After it was retained, the Firm addressed issues requiring immediate attention,

6  including issues relating to current management, the retention of a CRO or financial

7  advisor, the role of the PCO, controlling costs, rent deposits, leasing and space solutions,

8  licensing, the Debtor's health insurance and 403(b) plan for its employees, and case

9  strategies.  The Firm obtained the client file from Former Counsel, reviewed reports filed

10  by the PCO, met with the Debtor, HMS, the PCO, the PCO's firm, and the Debtor's

11  employees, and advised on necessary changes to services.  The Firm also negotiated

12  with Committee counsel regarding the scope of employment of a CRO and conditions for

13  retention, and negotiated a new agreement with HMS.  In addition, the Firm reviewed

14  document requests from the Department of Labor ("DOL") and met with the DOL about

15  insurance coverage and governing documents.  When the UST filed its motion to dismiss

16  or convert the Debtor's case, the Firm reviewed and responded to the motion and

17  reviewed the UST's voluntary withdrawal of the motion.

18          The Firm kept the Board of Directors ("Board") informed of case status, attended

19  monthly board meetings, and reviewed HMS's reports to the Board.  The Firm also

20  assisted the Debtor in preparing status reports and monthly operating reports.  Although

21  the Debtor did not timely file its first two monthly operating reports, all subsequent monthly

22  operating reports have been timely filed except or the July 2019 report, which was filed on

23  July 17, 2019.

24           On August 16, 2018, Former Counsel had filed an *Emergency Motion for Order*

25  *Authorizing the Debtor to Keep Two Pre-Petition Bank Accounts Open for the Sole*

26  *Purpose of Accepting Electronic Deposits* ("Bank Account Motion").  The Court granted

27  the Bank Account Motion on an interim basis and scheduled a continued hearing for

28  1314113.1                                      22                                 FEE APPLICATION

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

September 25, 2018.  On September 24, 2018, the UST filed a stipulation with the Debtor

to continue the hearing, and by order entered September 24, 2018, the hearing was

continued to October 30, 2018, at 2:00 p.m.  The Firm prepared for and appeared at the

hearing on October 30, 2018, and prepared the stipulation with the UST to continue the

hearing to January 29, 2019, and the order thereon which was entered on October 25,

2018.  The Firm prepared and filed the Debtor's supplement to the Bank Account Motion

which was filed on January 8, 2019, and which identified three bank accounts, rather than

the two mentioned in the Bank Account Motion.  The Firm appeared at the hearing on

January 29, 2019, at which time the Court granted the Bank Account Motion, on a final

basis.  The Firm prepared the order which the Court entered on January 31, 2019.

**[Second Period: 51.10 hours, $16,735.00, blended rate $327.50]**

During the second period, the Firm informed the Board of case status, attended

monthly board meetings, and reviewed HMS's reports to the Board.  The Firm also

assisted the Debtor in preparing status reports, amended schedules and monthly

operating reports, attended status conference hearings, prepared scheduling orders,

communicated with the UST regarding payment of quarterly fees, and communicated with

the U.S. Attorney's office regarding the Debtor's status with CMS.  The Firm assisted the

Debtor in addressing a variety of issues as they arose, including relating to bank

accounts, insurance coverage, 401(k) administration, compliance, tax exemption, IRS

reporting, retention of contractors, questions relating to COVID, hazard pay for

employees, patient treatment during COVID, status of the Debtor's Board, and providing

notice to the Debtor's employees of the sale and closure of the Debtor's business.

**[Final Period:  3 hours, $1,095.00, blended rate $365.00]**

During this final period, the Firm assisted the Debtor in preparing monthly operating

reports, preparing a notice of continued status conference to March 20, 2021, and

analyzing A/R collection reports from HMS.  The Firm conferred with Force 10 on a

potential sale of the A/R, handled an inquiry from PBGC regarding pension plans,

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1314113.1

23

FEE APPLICATION

1  addressed the issue of the Debtor's security deposit, and reviewed a notice of termination

2  of Verizon services.  The Firm also monitored the final settlement payment from Travelers,

3  reviewed the wind-down budget prepared by Force 10 and suggested revisions, and

4  addressed the issue of the possible return of destruction of photocopy machines with CIT

5  and Force 10.

6      **E.    Cash Collateral**

7      **[First Period: 82.80 hours, $34,375.00, blended rate $415.16]**

8      On September 28, 2018, the IRS filed its proof of claim reflecting a secured claim

9  of $2,666,748.11 (Claim No. 7-1) ("IRS Claim").  The IRS also recorded Notices of Federal

10  Tax Lien ("NFTL") covering certain tax liabilities, with the Secretary of State ("IRS Liens").

11  The Firm analyzed the IRS Claim, which accrues interest at an approximate rate of

12  $10,981.03 per month, and the NFTL.

13      On August 17, 2018, Former Counsel filed an *Emergency Motion for Order:  (1)*

14  *Authorizing Debtors to Use Cash Collateral on an Interim Basis; (2) Granting Adequate*

15  *Protection to Secured Creditors; and (3) Scheduling a Final Hearing* ("Cash Collateral

16  Motion").  The Court entered an order setting a hearing on an emergency basis.  On

17  August 20, 2018, the Court held a hearing on the use of cash collateral and granted the

18  Cash Collateral Motion on an interim basis through and including September 25, 2018.

19      On September 24, 2018, the Debtor and the Committee stipulated to continue the

20  hearing on the Cash Collateral Motion to October 16, 2018.  The Firm researched the

21  IRS's super priority lien, met with the Debtor, the CRO and Force 10, reviewed budgets

22  and adequate protection amounts, and communicated with Committee counsel and

23  counsel for the IRS.

24      The Firm analyzed the Objection to the First Cash Collateral Motion filed by the IRS

25  on October 2, 2018, which requested adequate protection in the form of periodic cash

26  payments of $11,000 per month and a replacement lien, and prepared and filed the

27  Debtor's Supplement to the Cash Collateral Motion.

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1314113.1                                      24                                   FEE APPLICATION

1  Following the Petition Date, the IRS received $54,054.28 from Inland Empire

2  Health Plan, as a result of a pre-petition levy.

3  On October 16, 2018, the Debtor and the IRS entered into a stipulation for use of

4  cash collateral which was approved by Court order on November 14, 2018.  Prior to the

5  continued hearing held on November 13, 2018, the Firm filed the Debtor's Second

6  Supplement to the Cash Collateral Motion on October 5, 2018, which sought authorization

7  for use of cash collateral through December 28, 2018.  The Firm analyzed the objection to

8  the Second Supplement which Berger filed on October 12, 2018.  In response, the Firm

9  prepared and filed the Debtor's Third Supplement to the Cash Collateral Motion which it

10  filed on October 30, 2018.

11  The parties subsequently engaged in further discussions regarding the use of cash

12  collateral and reached a resolution.  The Stipulation re Administrative Rent and Cash

13  Collateral authorizes the Debtor to use cash collateral pursuant to Section 363(c)(2), from

14  June 1, 2019, through and including September 30, 2019, subject to certain conditions.

15  **[Second Period:  14.90 hours, $5,970.00, blended rate $400.67]**

16  **1.      Cash Collateral Agreements With IRS**

17  During the second period, the Firm assisted the Debtor in obtaining approval to use

18  cash collateral with respect to IRS.  The Firm communicated with the CRO, reviewed

19  proposed budgets and cash flow reports, engaged in discussions with the IRS concerning

20  cash collateral, and assisted in preparing the following stipulations which were approved

21  by the Court:

22  -      Fourth stipulation for use of cash collateral from October 1, 2019

23  through December 1, 2019 (Docket No. 482), which was filed on September 11,

24  2019, and the order approving the stipulation which the Court entered the same

25  day (Docket No. 483) and authorized cash collateral use through and including

26  December 19, 2019;

27  -      Fifth stipulation for use of cash collateral (Docket No. 529), which was

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

28

1    filed on December 17, 2019, and the order approving the stipulation which the

2    Court entered the same day (Docket No. 531) and authorized cash collateral use

3    through and including June 30, 2020;

4        -    Sixth stipulation for use of cash collateral (Docket No. 631) which was

5    filed on June 23, 2020, and the order approving the stipulation which the Court

6    entered the same day (Docket No. 634) and authorized cash collateral use through

7    and including September 30, 2020;

8        -    Seventh stipulation for use of cash collateral (Docket No. 771) which

9    was filed on October 15, 2020, and the order approving the stipulation which the

10    Court entered the same day (Docket No. 773) and authorized cash collateral use

11    from October 1, 2020 through the effective date of a chapter 11 plan or when the

12    IRS lien is paid in full, whichever is first.

13        **2.    Cash Collateral Agreements With Berger**

14        The Firm also assisted the Debtor in resolving the Debtor's need for continued use

15    of cash collateral with respect to Berger, which requested increased adequate protection

16    payments.  The Firm engaged in discussions with counsel for Berger and prepared the

17    following stipulations which were approved by the Court:

18        -    Stipulation for use of cash collateral (Docket No. 499) which was filed

19    on September 20, 2019, and the order approving the stipulation which the Court

20    entered the same day (Docket No. 500) and authorized cash collateral use through

21    December 31, 2019, subject to certain terms and conditions;

22        -    Stipulation for use of cash collateral (Docket No.532) which was filed

23    on December 19, 2019, and the order approving the stipulation which the Court

24    entered on December 20, 2019 (Docket No. 534) and authorized cash collateral

25    use through June 30, 2020; and

26        -    Stipulation for use of cash collateral (Docket No. 625) which was filed

27    on June 18, 2020, and the order approving the stipulation which the Court entered

28    

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  on June 19, 2020 (Docket No. 626) and authorized cash collateral use through

2  September 30, 2020.

3  **[Final Period:  .60 hours, $270.00, blended rate $450.00]**

4  During this final period, the Firm reviewed the order entered on October 15, 2020,

5  which authorized cash collateral use from October 1, 2020 through the effective date of a

6  chapter 11 plan or when the IRS lien is paid in full, whichever is first.  The Firm

7  corresponded with Force 10 and the IRS about adequate protection payments to the IRS.

8  **F.    Claims and Claim Objections**

9  **[First Period:  41.20 hours, $17,705.00, blended rate $429.73]**

10  In this category the Firm reviewed proofs of claim filed in the Debtor's case,

11  performed public records lien searches, reviewed the IRS Liens and Berger lien, met with

12  an IRS representative regarding a possible sale of assets and settlement of the IRS debt,

13  reviewed the amended claim filed by the IRS ("IRS Amended Claim"), and conferred with

14  the CRO and Force 10 about the employee withholding tax liability asserted in the IRS

15  Amended Claim.

16  In addition, the Firm spent time in this category reviewing Berger's Motion to

17  Compel, analyzing the issue of Berger's administrative rent claim, preparing and filing

18  responsive pleadings, preparing a settlement proposal to Berger, attending multiple

19  hearings on the Motion to Compel, conferring with the Debtor, the Board and the CRO

20  regarding settlement, meeting with Berger's counsel to discuss settlement, reviewing

21  transcripts of the hearings, and negotiating Berger's counter offer.

22  The Firm coordinated with Jay Walia of HMS about scheduling of his deposition,

23  conferred with the Debtor and Chugh concerning the matter of *Jillian Soto v. Visiting*

24  *Nurse Association of the Inland Counties, et al.*, case no. BC68476 ("Soto Lawsuit") and

25  possible settlement, reviewed the claims filed by receivership management on behalf of

26  Riverstone Capital, and prepared correspondence to the Debtor's employees regarding

27  contributions to their 401(k) plans.

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1314113.1

FEE APPLICATION

In this category the Firm also prepared and filed the *Notice of Bar Date for Filing Proofs of Claim in a Chapter 11 Case* which gave interested parties notice of the bar date of January 31, 2019, for filing proofs of claim.

**[Second Period:  112.50 hours, $46,150.00, blended rate $410.22]**

### 1.    Soto and PIIC Settlements

During the second period, the Firm reviewed and revised proposed settlement agreements with Jillian Soto and Philadelphia Indemnity Insurance Company ("PIIC"), the Debtor's insurance company, regarding the Soto Lawsuit.  The settlements provided for the payment of $625,000 to Ms. Soto in exchange for a comprehensive release and dismissal of the Soto Lawsuit with prejudice, with payment to Ms. Soto to be made by the Debtor's insurance company.  The Firm prepared a *Motion for Order Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019* ("Soto-PIIC Motion") and related notice which were filed on November 8, 2019.  No opposition to the motion was filed, and the Firm prepared and filed the declaration regarding the lack of opposition and lodged the order granting the motion which the Court entered on December 6, 2019.

### 2.    Settlement With Lori Knack

On July 14, 2017, following the conclusion of her employment with the Debtor, Lori Knack filed a complaint ("Knack Complaint") against the Debtor styled *Lori B. Knack v. Visiting Nurse Association of the Inland Counties*, Superior Court of California, County of Riverside, Case No. RIC 1712888 ("Knack Lawsuit").  The lawsuit asserts claims for wrongful termination.  The Firm reviewed the complaint and the lawsuit, communicated with insurance coverage counsel for the Debtor, and reviewed and revised the *Mutual Full and Final Settlement and Release* ("Knack Agreement") which provides, among other things, for the payment of $50,000 to Ms. Knack by the Debtor's insurance carrier in exchange for a comprehensive release and dismissal of the lawsuit with prejudice.  In addition, the Firm prepared the Debtor's *Motion for Order Approving Compromise of*

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   *Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019* ("Knack Motion")

2   and notice which were filed on August 20, 2020.  Once the notice period expired without

3   any opposition having been filed, the Firm prepared and filed a declaration regarding the

4   lack of opposition and lodged the order approving the Knack Agreement which the Court

5   entered on September 16, 2020.

### 3.    Settlements of Liens with Berger, SHC and IRS

7          In light of the $6,822,450 in Net Sale Proceeds, and the $1,575,000 of Travelers

8   Funds, the Firm advised the Debtor on resolution of the following liens:

9          On June 20, 2016, The H.N. and Frances C. Berger Foundation ("Berger")

10  recorded a UCC-1 with the California Secretary of State asserting a lien in the amount of

11  $3,817,470.95 against all assets of the Debtor.

12         On June 29, 2016, Simione Healthcare Consultants, LLC ("Simione") recorded a

13  UCC-1 with the California Secretary of State asserting a lien in the amount of

14  $1,979,785.73 against all assets of the Debtor.

15         On March 13, 2019, the IRS filed an amended proof of claim reflecting a secured

16  claim of $2,612,693.83.  Claim No. 7-2.

17         Berger and the IRS both claimed to hold first position liens against the sale

18  proceeds and all of the Debtor's assets.  Further, the Debtor claimed SHC held a lien that

19  was avoidable.

### (1)    Berger Compromise Motion

21         Berger held a lien against certain assets of the Debtor, including a replacement lien

22  against the Debtor's post-petition receivables granted under a series of stipulations with

23  the Debtor for the use of cash collateral approved by the Court in the Case.

24         On January 30, 2019, Berger filed its Proof of Claim ("POC") designated as Claim

25  No. 39 on the Claims Register in the Case.  The POC consists of a (1) secured claim

26  based on certain pre-petition financing and related transactions ("Berger Secured Claim")

27  and (2) an unsecured claim related to unpaid lease obligations and damages related

28

WEILAND GOLDEN GOODRICH LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  thereto.  Berger claimed it was entitled to payment of attorneys' fees incurred prior to, and

2  after the commencement of the Case, in an approximate amount of $470,000 through

3  February 29, 2020.

4      The Firm negotiated a settlement with Berger that provides that Berger's Secured

5  Claim for attorneys' fees incurred prior to, and after the commencement of the Case,

6  through February 29, 2020, shall be $212,750.00.  The remaining portion of Berger's

7  claim for attorneys' fees incurred during the Case through February 29, 2020, shall be a

8  general unsecured claim.

9      On August 31, 2020, the Debtor filed a *Motion for Order Approving Compromise of*

10 *Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019* ("Berger 9019

11 Motion") and notice thereon.  On September 14, 2020, the IRS filed a limited opposition

12 ("Limited Opposition") to the Berger 9019 Motion and set the matter for hearing on

13 September 29, 2020.  The hearing was continued to October 27, 2020.  On September

14 22, 2020, Berger filed a supplement to the Motion, which included Berger's response to

15 the opposition to the motion.  The Firm analyzed these filings.  In light of the Debtor's

16 settlement with the IRS (described below), the Firm prepared a stipulation between the

17 Debtor, the IRS and Berger to continue the hearing to October 27, 2020.

18          **(2)    Berger Motion for Release of Funds**

19     On September 3, 2020, Berger filed a *Motion for Release of Funds from Sale*

20 *Proceeds and Payment to Secured Creditor on Account of Secured Claim* ("Berger

21 Motion").  A hearing on the Motion was set for September 29, 2020.  The IRS filed a

22 limited objection on September 14, 2020, and on September 22, 2020, Berger filed a

23 supplement to the Motion which included Berger's response.  On September 29, 2020, the

24 hearing on the Berger Motion was continued to October 27, 2020.

25          **(3)    SHC Motion**

26     On behalf of the Debtor, the Firm negotiated a settlement of a blanket lien claimed

27 by SHC against all of the Debtor's assets, and authorization to distribute all of the sale

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  proceeds received from two sales that closed on August 5, 2020 and a portion of cash

2  collateral recovered from Travelers to Berger, SHC, and the Debtor's professionals, to the

3  extent their fees and costs are allowed by the Court.

4      The Firm prepared a settlement agreement ("SHC Agreement") which provides for

5  the payment of $1,050,000 to SHC on its secured claim and the avoidance and

6  preservation of SHC's unpaid lien pursuant to §§548, 550 and 551 ("SHC Lien").  The

7  SHC Agreement also seek authority to distribute the Net Sale Proceeds and the Travelers

8  Funds to Berger and SHC on their secured claims, and to the Debtor's professionals on

9  their allowed claims, but only up to the amount of the SHC Lien.

10      The Firm also prepared a *Motion for Order (1) Approving Compromise of*

11  *Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019, and (2) Authorizing*

12  *Distribution of Sale Proceeds and Recovered Cash Collateral* ("SHC Motion") and related

13  notice which were filed on September 8, 2020.  Hearing was set for September 29, 2020.

14      On September 15, 2020, the IRS filed an opposition the SHC Motion.  The Firm

15  analyzed the opposition in which the IRS objected to payment of the Net Sale Proceeds to

16  any secured creditor or professional under a variety of theories.  The Firm prepared for

17  and appeared at the hearing on September 29, 2020, at which time the Court continued

18  the hearing to October 27, 2020.

19          **(4)    IRS Settlement**

20      The Firm advised the Debtor on resolving the dispute with the IRS concerning the

21  distribution of the Net Sale Proceeds and the Travelers Funds.  The Firm negotiated a

22  settlement with the IRS that provides, among things, for (1) the withdrawal of objections to

23  two pending settlement motions, (2) the payment of liens and allowed professional claims,

24  (3) the subordination and limitation of liens, (4) the segregation of reserve funds, and

25  (5) the consent to use of cash collateral.  The Firm prepared the Settlement Agreement

26  ("IRS Agreement") and a *Motion for Order Approving Compromise of Controversy*

27

28  1314113.1

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

FEE APPLICATION

1    *Pursuant to Federal Rule of Bankruptcy Procedure 9019* ("IRS Motion") and related notice

2    which were filed on October 6, 2020.  Hearing on the matter was set for October 27, 2020.

3                    **[Final Period:  13.80 hours, $4,765.00, blended rate $345.29]**

4            During this final period, the Firm appeared at hearings held on the motions to

5    compromise with SHC and the IRS, and the motion to compel payment to Berger, at

6    which time all three motions were granted.

7            The Firm communicated with the IRS regarding the withdrawal of the its Limited

8    Opposition to the Berger Motion pursuant to the IRS Agreement, reviewed the notice of

9    withdrawal filed by IRS on November 3, 2020, and prepared and filed the Declaration of

10   David M. Goodrich Regarding Lack of Opposition to Debtor and Debtor-in-Possession's

11   Motion for Order Approving Compromise of Controversy Pursuant to Federal Rule of

12   Bankruptcy Procedure 9019 which was filed on October 28, 2020.

13           The Firm prepared the orders granting the IRS Motion and the SHC Motion which

14   were entered on November 2, 2020, and the order granting the Berger Motion which was

15   entered on November 4, 2020.  Following entry of the orders, the Firm communicated with

16   Berger's counsel and SHC's counsel about the payoff of their respective secured claims.

17           With respect to Berger's Secured Claim and the Berger 9019 Motion which was set

18   for continued hearing on October 27, 2020, Berger claimed to have incurred additional

19   attorneys' fees and costs in the case in the amount of $27,939.50 since February 29,

20   2020.  The Firm reviewed this new claim and determined that it was unreasonable and

21   subject to reduction.  The Firm engaged in settlement negotiations to resolve the dispute

22   and prepared the *Stipulation Resolving Legal Fees Incurred by the H.N. and Frances C.*

23   *Berger Foundation From February 29, 2020 Through October 23, 2020* ("Berger

24   Stipulation") which was filed on October 23, 2020, and which reduced the claimed amount

25   to $20,000.00.  The Firm prepared the order approving the stipulation which the Court

26   entered on October 26, 2020.

27

28   1314113.1

**Weiland Golden Goodrich LLP**
6501 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

32                                                          FEE APPLICATION

### G.    Employee Benefits/Pensions

**[First Period:  19.40 hours, $6,080.00, blended rate $313.40]**

On August 17, 2018, prior to the Firm's involvement in the case, the Debtor filed Notices of Setting Insider Compensation for Bruce Gordon ("Gordon") and Oscar Brambilla [sic] ("Brambila").  Berger filed an Opposition to the Notices on August 30, 2018. Amended Notices of Setting Insider Compensation of Gordon and Brambila ("Amended Notices") were filed on September 20, 2018.  Berger additionally filed an opposition to the Amended Notice of Setting of Insider Compensation of Brambila on September 27, 2018. The hearing on the Objection to the Amended Notice of Setting of Insider Compensation of Brambila was set for November 13, 2018 before this Court.

The Firm analyzed these filings and prepared a *Motion to Deem Oscar Brambila and Bruce Gordon Not Insiders for Purposes of Compensation* which was set for hearing on November 6, 2018.  The Firm prepared for and appeared at the hearing, at which time the Court denied the motion, and prepared the order which the Court entered on November 14, 2018.

Before the scheduled hearing, the Firm reached an agreement resolving the Berger's objections.  The Firm prepared an *Order on Notices of Insider Compensation* which provides that Brambila will work solely for the Debtor, in the capacity of a W-2 employee, with annual compensation to remain at $134,000, and Brambila and Gordon may retain all post-petition compensation previously paid to them.  The order approving the parties' agreement was entered on November 30, 2018.

The Firm also spent a small amount of time in this category in connection with the Debtor's payroll motion.

### H.    Employment Applications

**[First Period:  107.40 hours, $37,885.00, blended rate $352.75]**

In this category, the Firm assisted the Debtor with employment of professionals and management, including the Firm, HMS, the CRO and Force 10, AHC, and Chugh.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

### 1.    The Firm

The Firm prepared the Debtor's application to employ the Firm and related documents, including a supplemental declaration in support of the Firm's employment application.  The Firm's employment was approved by order entered November 30, 2018.

### 2.    The CRO and Force 10

With respect to the employment of the CRO and Force 10, the Firm conferred with the Board, counsel for the Committee, the CRO and representatives of Force 10 regarding the terms of the proposed employment, reviewed and revised drafts of Force 10's Services Agreement, and prepared a *Motion for Order Approving Services Agreement With Force 10 Partners, LLC, Pursuant to 11 U.S.C. § 363(b)* ("Force 10 Motion") which was filed on October 23, 2018.  Following the filing, the Firm conferred with the UST regarding its concerns.  On November 6, 2018, Berger filed its opposition to the Force 10 Motion.  Accordingly, the Firm noticed the matter for hearing on November 27, 2018, and prepared and filed the Debtor's reply to the opposition which was filed on November 20, 2018.  The UST, the Debtor and Berger subsequently stipulated to continue hearing on the Force 10 Motion to January 15, 2019.  Prior to the hearing, the Firm prepared and filed the Debtor's amended motion to approve the Force 10 Services Agreement, and notice thereon.  The Court continued the hearing to January 29, 2019.  The Firm appeared at the continued hearing, at which time the Court approved the Force 10 Services Agreement, and prepared the order which the Court entered on February 4, 2019.

### 3.    HMS

In connection with the employment of HMS, the Firm conferred with the Board, the UST, counsel for HMS, and counsel for the Committee regarding the terms of the proposed employment, prepared several drafts of HMS's Management Agreement, and prepared the Debtor's *Motion for Order Approving Management Agreement* ("HMS Motion") by which it sought to employ HMS pursuant to 11 U.S.C. 363(b).  The HMS Motion and notice thereon were filed on December 20, 2018.  Hearing on the matter was

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

set for January 15, 2019.  The Committee, Berger and the PCO requested a later hearing
date so that, among other things, Berger could conduct discovery in connection with the
Motion.  Therefore, the Firm prepared the stipulation to continue the hearing to
January 29, 2019, and the order thereon which the Court entered on January 3, 2019.

On January 14, 2019, Berger filed its opposition to the HMS Motion in which it
claimed that the Debtor could not employ HMS pursuant to 11 U.S.C. § 363(b), and
instead must seek to employ HMS pursuant to 11 U.S.C. § 327(a).  The Firm analyzed the
opposition and prepared and filed the Debtor's reply in which it argued that the Court
should grant the Debtor's Motion and approve the hiring of HMS pursuant to § 363(b). The
PCO also filed opposition to the motion.

The Firm reviewed the Court's tentative ruling which was issued prior to the
hearing, and appeared at the hearing.  At the conclusion of the hearing, the Court
continued the matter to a hearing on February 13, 2019, for supplemental evidence.

On February 4, 2019, representatives of Berger, the PCO, the Debtor, HMS, the
Committee, the United States Attorney for the Central District of California, and CMS
discussed a settlement.  During the call, HMS answered Berger's questions about the
value that HMS had brought to the Debtor, and CMS addressed the PCO's objections.

The Firm prepared the Debtor's supplemental brief in support of the HMS Motion
which it filed on February 11, 2019, and prepared for and appeared at the continued
hearing on February 13, 2019, at which time the Court granted the HMS Motion.  The Firm
prepared the order which the Court entered on February 25, 2019.

### 4.    AHC

The Firm prepared the Debtor's application to employ AHC as a finder in
connection with a potential sale of the Debtor's assets or stock.  The Firm prepared the
Debtor's application to employ AHC and notice thereon which were filed on January 15,

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    2019, the declaration that no party requested a hearing on the application, and the order

2    approving the application which the Court entered on February 7, 2019.

3                    **5.    Other Employment Issues**

4          The Firm also spent time in this category in connection with the S+C Application

5    and the Perkins Coie Application as more fully described below in the Fee/Employment

6    Objections category, and spent time in connection with the potential employment of other

7    professionals, including reviewing the Debtor's application to employ Brutzkus Gubner.

8                    **6.    Chugh**

9          The Firm reviewed the proposed engagement agreement prepared by Chugh and

10    discussed with the Debtor the terms of the agreement and related issues.  The Firm

11    prepared the Debtor's application to employ Chugh as special counsel to continue to

12    provide legal services in the Soto Lawsuit.  Ultimately, the application was not filed.

13          **[Second Period:  12.80 hours, $3,390.00, blended rate $264.84]**

14                    **7.    Special Counsel**

15          During this second period, the Firm assisted the Debtor in exploring the

16    employment of special counsel to assist with healthcare-related issues.  The Firm

17    conferred with the CRO and a couple of candidates.

18                    **8.    HMS – Addendum to Employment**

19          As detailed above, on February 25, 2020, the Court entered an order approving the

20    Management Agreement between the Debtor and HMS.  In anticipation of the sale of the

21    Debtor's home health care business assets to HMS, which would entail shutting down

22    operations and laying off all of its employees, the Firm assisted the Debtor in soliciting

23    billing and collection services from four billing and collection firms in order to complete

24    billing and continue collections and to ensure continuity of services for a period of several

25    months.  The Firm reviewed billing and collection proposals and advised the Debtor that

26    HMS's proposal was the best of the proposals received.

27

28    1314113.1

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

FEE APPLICATION

1    The Firm prepared an addendum to the Management Agreement ("Addendum") for

2  HMS to continue to manage billing and collections for the Debtor after the closing of the

3  sale.  The Firm prepared a *Motion for Order Approving Addendum to Management*

4  *Agreement* ("Motion to Approve Addendum") and the application for order shortening time

5  which were filed on July 14, 2020, and the proposed order shortening time which the

6  Court entered the next day.  Hearing on the matter was set for July 21, 2020.  The Firm

7  prepared the notice of hearing on the motion, prepared for and appeared at the hearing,

8  and prepared the order granting the Motion to Approve Addendum which the Court

9  entered on July 21, 2020.

10    **I.    Fee/Employment Objections**

11    **[First Period:  29 hours, $9,700.00, blended rate $334.48]**

12    During the first period, the Firm reviewed the:  (1) Application for an Order

13  Authorizing the Employment of Seelig + Cussigh HCO LLC Retroactive to September 13,

14  2018 ("S+C Application"); and (2) Application for an Order Authorizing Employment of

15  Perkins Coie LLP as Counsel to the Patient Care Ombudsman Retroactive to September

16  13, 2018 ("PCO Application") which were filed on September 25, 2018.  The Firm

17  conferred with the UST regarding the applications.  The Firm prepared the Debtor's

18  Limited Objection and Request for a Hearing ("Limited Objection") which was filed on

19  October 9, 2018.  The Firm also reviewed the joinder to the Limited Objection filed by the

20  Committee.  Hearing on the matter was set for October 30, 2018.  The Firm prepared for

21  and appeared at the hearing, which was continued to November 13, 2018, at which time

22  the Court denied Perkins Coie LLP's employment without prejudice to Perkins Coie's right

23  to file, and without prejudice to any party-in-interest's right to object to, an application

24  seeking compensation for services rendered prior to November 13, 2018, whether under a

25  substantial contribution theory or otherwise.  The Firm prepared the order which the Court

26  entered on November 30, 2018.

27

28  1314113.1

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

FEE APPLICATION

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    On October 24, 2018, Former Counsel filed its final fee application and notice of

2   the hearing set for November 27, 2018.  The Firm reviewed the fee application which

3   requested approval of $39,127.50 in fees and $2,670.02 in expenses on a final basis, and

4   prepared the Debtor's limited objection which was filed on November 13, 2018.  In order

5   to preserve all rights the Debtor may have against former counsel, through the limited

6   objection the Debtor requested that the fee application either be denied without prejudice

7   to being re-filed at a later time or, alternatively, only being approved on an interim basis,

8   while the Debtor completed its investigation and analysis into any potential claims against

9   Former Counsel.  The Firm also reviewed Former Counsel's filed reply to the limited

10  objection.

11    In this category the Firm also addressed issues that arose concerning payment

12  HMS's management fees.  HMS filed a motion for allowance of its unpaid 2018 fees and

13  requested a hearing on shortened notice.  The Court set the hearing for June 26, 2019.

14  The Firm analyzed the motion, conferred with the Debtor, Force 10 and Committee

15  counsel regarding the motion, reviewed the terms of HMS's employment and HMS's

16  payment schedule, and prepared and filed the CRO's declaration in support of the motion.

17  The Firm assisted in preparing the stipulation regarding payment of HMS's fees, pursuant

18  to which the parties consented to the allowance and payment of 2018 fees in the amount

19  of $88,065.50, rather than the $119,000 amount referenced in the motion.  On June 27,

20  2019, the Court entered the order approving the stipulation.

21    **[Second Period:  10 hours, $4,200.00, blended rate $420.00]**

22    During the second period, the Firm reviewed the fee application filed by Committee

23  Counsel and discussed billing issues with counsel.  The Firm also reviewed Seelig and

24  S+C's First Interim Application for Allowance of Compensation and Reimbursement of

25  Expenses[4] ("S+C Fee Application") and discussed with the PCO the Debtor's concerns

26

27

    [4] Docket Nos. 457 and 458.

28

1  regarding the fees and expenses claimed by the PCO and its consultants.  The Firm

2  ultimately negotiated reductions of the requested fees and expenses and prepared the

3  Stipulation Resolving Potential Objections to First Interim Applications for Allowance of

4  Fees and Costs by Jerry Seelig, Patient Care Ombudsman, and Seelig Cussigh HCO LLC

5  which was filed on September 3, 2019.

6      In this category the Firm also reviewed the IRS's objection to the fee applications of

7  Committee Counsel, the Firm, the PCO and the PCO's firm, in which the IRS did not

8  contest the amount of fees and costs sought by the applicants.  Instead, the IRS objected

9  to the payment of any allowed fees and costs of the Applicants to the extent payment will

10  be made from the IRS' cash collateral.  The Firm communicated with the IRS and the

11  applicants on this issue and prepared the statement regarding the opposition which was

12  filed on September 10, 2019, which described the tentative agreement that had been

13  reached between the Debtor and the IRS for the continued use of cash collateral through

14  December 31, 2019, which provided for the payment of allowed fees and costs of the

15  applicants up to a certain amount per month.

16      **[Final Period:  13.50 hours, $6,070.00, blended rate $449.63]**

17      During this final period, the Firm reviewed the second interim fee application filed

18  by Committee Counsel and the administrative expense claim filed by HMS on account of

19  post-petition accrued and unpaid management fees ("HMS Claim"), and conferred with

20  Committee Counsel and counsel for HMS.  The Firm conferred with the UST about an

21  extension of the response deadline, and reviewed the stipulation to extend the deadline

22  for the UST to respond to the fee applications of the Firm and Committee Counsel by one

23  week, which was filed on November 2, 2020.  The stipulation was approved by order

24  entered November 3, 2020.

25      The UST raised a couple of issues regarding the Firm's Second Application.  The

26  Firm discussed these issues with the UST and reviewed and revised the stipulation which

27  resolved both issues and avoided an objection to the Second Application.

28  1314113.1

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

FEE APPLICATION

1   The Firm reviewed the entered orders which approved the Firm's Second

2   Application, Committee Counsel's second interim fee application, and the HMS Claim.

3   The Firm also conferred with Force 10 about a pro rata distribution to administrative

4   claimants.

5   In this category the Firm also addressed the issue of payment to Special Counsel

6   of its contingency fee and related costs from the global settlement.  The Firm conferred

7   with Special Counsel, reviewed the *Motion for Order Authorizing Payment of Contingency*

8   *Fee to the Debtor's Special Litigation Counsel, Brutzkus Gubner, From Proceeds of the*

9   *Global Settlement and Release Resolving Adversary Proceeding* ("Distribution Motion"),

10  through which the Debtor sought authorization to pay, on a final basis, Special Counsel's

11  contingency fee and related costs from a portion of the cash settlement proceeds the

12  Debtor expected to receive after approval and funding of the $3.75 million settlement

13  reached with the Insurers of the Debtor's claims asserted in the Adversary Proceeding, as

14  well as any claims the Debtor has or may have against the defendants in the Adversary

15  Proceeding and the Insurers.

16  The Firm revised the Distribution Motion and reviewed and revised multiple drafts

17  of the declarations of Adam Meislik, Jason Komorsky and David Goodrich regarding the

18  Distribution Motion.  The Firm discussed Special Counsel's request for the disbursement

19  of funds without a prior fee allowance with Special Counsel, Committee Counsel, the UST

20  and the IRS.

21  Ultimately, rather than filing the Distribution Motion, Special Counsel filed its first

22  and final fee application ("BG Fee Application") on November 18, 2020.  Hearing was set

23  for December 15, 2020.  The Firm reviewed the fee application and the stipulation to

24  extend the response deadline to the fee application.  The Firm also reviewed the

25  stipulation between Special Counsel, the Committee and the IRS which provided for a

26  10% carve-out ($150,000) of Special Counsel's 40% contingency fee to be allocated

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

FEE APPLICATION

1 | 50/50 to pay priority unsecured creditors *pro rata* and general unsecured creditors *pro*

2 | *rata.* The stipulation was approved by order entered December 10, 2020.

3 |      **J.**     **Financing**

4 |     **[First Period: 2.70 hours, $1,205.00, blended rate $446.30]**

5 |      The Firm spent a small amount of time in this category advising the Debtor on

6 | potential DIP financing or other financing options.

7 |     **[Second Period: 15.70 hours, $4,185.00, blended rate $266.56]**

8 |      During this second period, the Firm advised the Debtor with respect to $750,696.54

9 | ("Funds") the Debtor received from CMS pursuant to the Coronavirus Aid, Relief, and

10 | Economic Security Act ("CARES Act"). The Firm reviewed the terms and conditions of the

11 | CARES Act funding agreement ("CARES Agreement") between the Debtor and CMS in

12 | connection with the Funds, and prepared a *Motion for Order Authorizing the Debtor to*

13 | *Enter Into Transaction Outside the Ordinary Course of Business Pursuant to 11 U.S.C.*

14 | *§363(b), and Waiving Any Quarterly Fee Due Under 28 U.S.C. § 1930(a)(6) for Expenses*

15 | *Paid from CARES Act Funds* ("CARES Motion") and notice which were filed on May 12,

16 | 2020. In the Motion, the Debtor sought an exception from payment of quarterly fees for

17 | funds distributed to third parties for the purchase of personal protective equipment ("PPE")

18 | and to employees as hazard pay.

19 |      On May 29, 2020, the UST filed its opposition to the motion, arguing that funds

20 | received under the CARES Act are subject to the quarterly fee calculation set forth in 28

21 | U.S.C. § 1930(a)(6) and that 11 U.S.C. § 105(a) does not permit the Court to override the

22 | express statutory mandates of other sections of the Bankruptcy Code.

23 |      The Firm reviewed the opposition, prepared and filed the Debtor's reply to the

24 | opposition, and prepared and filed notice of the hearing on the matter which was set for

25 | June 16, 2020. The Firm prepared for and appeared at the hearing, at which time the

26 | Court granted the CARES Motion in part. The Firm drafted the proposed order and

27 |

28 | 1314113.1

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

FEE APPLICATION

1 reviewed the hearing transcript in order to resolve the wording of the proposed order.  The

2 Firm entered the order on July 20, 2020.

3         In this category the Firm also advised the Debtor on the renewal of its insurance

4 coverage.  The Firm reviewed two proposed commercial premium finance agreements

5 ("Finance Agreements") between the Debtor and FIRST Insurance Funding, a Division of

6 Lake Forest Bank & Trust Company, N.A. ("FIRST"), for the financing of (i) general liability

7 insurance premiums at approximately $32,000 for three months of coverage, and (ii) crime

8 and cyber liability insurance premiums at approximately $19,000 for twelve months of

9 coverage.  The Firm prepared a *Motion for Order Authorizing the Debtor to:  (1) Incur Debt*

10 *Pursuant to 11 U.S.C. § 364(d) and (2) Enter Into Transactions Outside the Ordinary*

11 *Course of Business Pursuant to 11 U.S.C. §363(b)* ("Motion to Incur Debt") and related

12 notice which were filed on May 14, 2020.  No opposition to the motion was filed, and the

13 Firm prepared the order granting the motion which the Court entered on June 8, 2020.

**K.    Litigation**

**[First Period:  7.30 hours, $2,035.00, blended rate $378.77]**

16         Upon being brought into the Case, the Firm analyzed pending litigation matters,

17 conferred with the Debtor and Chugh concerning these matters and responses to demand

18 letters issued by Chugh, ensured that notices of stay had been filed, prepared a couple of

19 notices of stay, and addressed the issue of information and documents requested by the

20 Debtor's insurers.

**[Second Period:  45.60 hours, $15,030.00, blended rate $329.61]**

**1.    Stipulation for Protection Order**

23         During this second period, the Firm analyzed SHC's Motion for Authority to Obtain

24 Documents from Debtor Pursuant to Federal Rule of Bankruptcy Procedure 2004 [Docket

25 452] ("2004 Motion") filed on August 23, 2019, in which SHC sought emails and

26 documents regarding a promissory note and security agreement.  Although the

27 documents sought by SHC are subject to the attorney-client privilege, or potentially other

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  applicable privileges, and/or otherwise contain information that can be withheld from

2  production, VNA desired to produce the requested protected information to SHC, subject

3  to limitations.  Therefore, the Firm prepared a Stipulation for Protection Order between the

4  Debtor and SHC which was filed on November 12, 2019, and the order which the Court

5  entered on November 13, 2019.

6                                    **2.        D&O and E&O Complaints**

7          On July 14, 2020, the Debtor filed a Complaint for Breach of Fiduciary Duty ("D&O

8  Complaint") against its former officers and directors:  Stuart Furman, Lois Beckman,

9  Gema Ptasinsky, Mary Anne Benzakein, Karen Emery, Jean Kryger, Maria Lozano, Bruce

10  Gordon and Oscar Brambila ("Defendants").  The Complaint alleged breach of

11  Defendants' fiduciary of care in their management of VNA.  The Debtor and Defendants

12  agreed to participate in an early mediation in order to avoid the need for litigation.

13          In addition to the D&O Complaint, the Debtor planned to file a separate complaint

14  relating to the Debtor's errors and omissions policy ("E&O Complaint").  The D&O

15  Complaint and the anticipated E&O Complaint are referred to as the "Litigation."

16          The Firm worked closely with Force 10 to analyze valuation analyses and engaged

17  in settlement discussions with insurance carriers.  The Firm reviewed the answer filed by

18  Del Gado and mediation statements.  The Firm prepared for and attended mediation on

19  October 6, 2020.

20                                    **3.        Complaint Against SHC**

21          SHC, which served as the Debtor's management company until the Spring of 2016,

22  claimed a lien against all of the Debtor's assets.  The Firm analyzed the circumstances

23  culminating in the securitization of the SHC, including the execution by SHC and Greg Del

24  Gado, the Debtor's newly retained chief executive officer, of a promissory note and

25  security agreement converting an alleged antecedent management debt of SHC from an

26  unsecured debt to a secured debt.  The Firm determined that the transfer of the Debtor's

27  assets was an *ultra vires* act and, therefore, void *ab initio*.

28  1314113.1

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

FEE APPLICATION

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    Accordingly, the Firm prepared a *Complaint for: (1) Declaratory Relief to Avoid Lien*

2  *as an Ultra Vires Act; (2) Avoidance of Transfer Under Cal. Civ. Code § 3439.04(a)(1);*

3  *(3) Avoidance of Transfer Under Cal. Civ. Code § 3439.04(a)(2); and (4) Avoidance of*

4  *Transfer Under Cal. Civ. Code § 3439.05* ("SHC Complaint") against SHC and conferred

5  with the Debtor's board of directors and Committee Counsel regarding the Complaint.

6                   **4.    Motion to Extend 546 Deadline**

7    In order to allow time for the Debtor and the Committee to investigate potentially

8  avoidable transfers, including any potential defenses thereto, to negotiate an agreement

9  between the Debtor and the Committee to assign the Debtor's rights in potential

10  avoidance claims, and to allow Bristol to tender a list of the Debtor's vendors it intended to

11  do business with after the closing of the sale of the Debtor's hospice business, the Firm

12  advised the Debtor on seeking an extension of the August 15, 2020 deadline for filing

13  avoidance actions under §546(a).

14    Accordingly, the Firm prepared the Debtor's *Motion for Order Extending Time to*

15  *File Actions Under 11 U.S.C. § 546(a)* ("Debtor's 546 Motion") and the application for an

16  order shortening time which were filed on July 20, 2020, and the proposed order which the

17  Court entered on the same day.  The Firm prepared and file a notice of the hearing which

18  was set for July 29, 2020.  The Firm prepared for and appeared at the hearing, and

19  prepared the order which extended the deadline to and including November 16, 2020.

20          **[Final Period:  17.20 hours, $6,725.00, blended rate $390.99]**

21                   **5.    Motion to Extend 546 Deadline**

22    During this final period, the Firm communicated with Committee Counsel regarding

23  the avoidance investigation and the deadline for filing 546 actions.  The Firm reviewed

24  Committee Counsel's motion to extend the deadline to file avoidance actions, the

25  application for an order shortening time, the Court's order setting the hearing on

26  shortened notice, appeared at the hearing on November 16, 2020, and reviewed the order

27

28  1314113.1

FEE APPLICATION

1  entered on November 17, 2020, which extended the deadline for the Committee to file

2  avoidance actions to February 5, 2021.

3              **6.    Global Settlement**

4              The Firm advised the Debtor on the $3.75 million settlement reached with the

5  Insurers of the Debtor's claims asserted in the Adversary Proceeding.  The Firm reviewed

6  and revised multiple drafts of the settlement agreement ("Global Agreement"), identified

7  issues of concern, reviewed and revised the motion to approve the settlement prepared by

8  Special Counsel ("Global Settlement Motion"), the separate memorandum of points and

9  authorities and the declarations in support.  On November 6, 2020, Special Counsel filed

10  the Global Settlement Motion and the related notice.  Hearing was set for December 1,

11  2020.

12              The Firm also reviewed and revised the motion for good faith determination

13  regarding the Global Agreement ("Good Faith Settlement Motion") and supporting

14  declarations which were filed on November 6, 2020.  Hearing was set for December 1,

15  2020.

16              The Firm prepared for and appeared at the hearings on December 1, 2020, at

17  which time the Court continued the hearings to December 15, 2020.  The Firm reviewed

18  the defendants' supplemental brief filed in support of the Global Settlement Motion.

19              The Firm prepared for and attended the continued hearings on December 15,

20  2020, and reviewed and revised drafts of the orders granting both motions which were

21  entered on December 21, 2020.  The Firm communicated with Force 10 regarding

22  payment of the settlement amount.

23       **L.    Plan and Disclosure Statement**

24              **[First Period:  11.60 hours, $3,180.00, blended rate $274.14]**

25              During the first period, the Firm focused its efforts on assisting the Debtor with

26  presenting a sale of substantially all of the Debtor's assets to the Court for approval, and

27

28  1314113.1

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

FEE APPLICATION

1   spent a small a small amount of time developing plan strategies, exit strategies, and

2   alternatives.

3       The Firm assisted the Debtor in extending exclusivity.  The Firm prepared a first

4   motion to extend exclusivity which was filed on November 20, 2018, and sought to extend

5   the exclusivity period to June 11, 2019, and to solicit acceptances to September 13, 2019.

6   The Firm filed a motion on November 20, 2018, and prepared and lodged the order

7   granting the motion which the Court entered on December 12, 2018.  The Firm prepared a

8   motion to further extend exclusivity which sought to extend the exclusivity period to

9   December 11, 2018, and to solicit acceptances to March 13, 2020.  The Firm filed a

10  second motion on May 7, 2019, and prepared and lodged the order granting the second

11  motion which the Court entered on June 12, 2019.

12      **[Second Period:  142.70 hours, $54,375.00, blended rate $381.04]**

13      **1.    Exclusivity**

14      During the second period, in order to allow time for the Debtor to sell its assets, the

15  Debtor sought to extend the Debtor's exclusive period to file a chapter 11 plan pursuant to

16  11 U.S.C. § 1121(c)(2) to June 10, 2020, and to extend the Debtor's exclusive period to

17  solicit acceptance of the Debtor's plan pursuant to 11 U.S.C. § 1121(c)(3) to July 10,

18  2020.  The Firm prepared a *Motion to Further Extend Exclusivity Pursuant to 11 U.S.C.*

19  *§ 1121(d)* ("Motion to Extend") and notice thereon which were filed on November 19,

20  2019.  The UST filed its limited opposition to the Motion to Extend.  The Firm reviewed the

21  limited opposition, prepared and filed a notice of hearing on the motion which was set for

22  January 7, 2020.  The Firm prepared and filed a stipulation with the UST to extend the

23  exclusive period to file a chapter 11 plan to February 15, 2020, and an order which was

24  entered on January 17, 2020.  The Firm also prepared an order on the Motion to Extend

25  which was entered on January 23, 2020.

26

27

28  1314113.1

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

FEE APPLICATION

**2.    Plan Projections**

The Firm worked closely with the CRO and Force 10 reviewing liquidation analyses and plan projections, and prepared waterfall projections for the Committee.

**3.    Disclosure Statement and Plan**

The Firm prepared the Debtor's disclosure statement and chapter 11 plan of liquidation which were filed on February 28, 2020.  The Firm also prepared a motion to approve the disclosure statement ("Motion to Approve D/S") which was set for hearing on April 21, 2020.

The Firm reviewed the objections to the adequacy of the disclosure statement filed by the following:  (1) SHC; (2) CMS; (3) IRS; (4) the UST; (5) the Committee; (6) Berger; and (7) Burgess Moving and Storage ("Burgess").  The Firm prepared and filed the Debtor's reply in support of the Motion to Approve D/S on April 14, 2020, and responded to inquiries and questions received from parties-in-interest.

**4.    First Amended Disclosure Statement and Plan**

The Firm prepared the Debtor's First Amended Disclosure Statement Describing First Amended Liquidating Plan Dated August 7, 2020, which was filed on August 7, 2020.  Hearing on the matter was set for September 8, 2020.  The Firm prepared for and appeared at the hearing, at which time the Court approved the First Amended Disclosure Statement for dissemination and set a hearing on plan confirmation for November 18, 2019.  The Firm prepared the Order Approving First Amended Disclosure Statement Describing Debtor's First Amended Liquidating Plan Dated September 14, 2020 which the Court entered on September 17, 2020.

**[Final Period:  20.30 hours, $8,535.00, blended rate $420.44]**

During this final period, the Firm prepared (i) the Memorandum of Points and Authorities ("Memorandum") in Support of Confirmation of the First Amended Liquidating Plan Dated September 14, 2020 ("Plan"), (ii) the declarations of Beth E. Gaschen and Adam Meislik in support of the Plan, and (iii) the Declaration of Ed Rodieck on Behalf of

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  Integrity Legal Corp Regarding Service of Plan Packages, which were filed on October 16,

2  2020.  Hearing on confirmation of the Plan was set for November 17, 2020 ("Plan

3  Hearing").

4      The Firm communicated with Force 10, Committee Counsel and other parties

5  regarding the plan termination date, the scope and extent of liens, projected payments,

6  and issues for the confirmation hearing, and communicated with Mary Fullington regarding

7  the settlement of the D&O litigation and possible plan objection.

8      The Firm reviewed the stipulation to extend deadlines for Receivership

9  Management Inc. to object to confirmation of the Plan and for the Debtor to file any reply.

10  The stipulation was filed on October 28, 2020, and was approved by order entered the

11  same day.

12      On November 17, 2020, the Firm appeared at the Plan Hearing, at which time the

13  Plan was approved.  Following the hearing, the Firm communicated with Force 10 about

14  the transfer of rights and obligations to the liquidating trust, and conferred with Committee

15  Counsel regarding plan confirmation and issues affected distributions to unsecured

16  creditors.  The Firm drafted the plan confirmation order, circulated it for comment, and

17  made revisions.  The Court entered the order confirming the Plan on December 10, 2020

18  ("Plan Confirmation Order").  The Firm also prepared a notice of non-material

19  modifications to the Plan which it filed on November 2, 2020.

20      **M.**    **Fee Applications**

21          **[First Period:  2.70 hours, $430.00, blended rate $159.26]**

22      During the first period, the Firm spent 2.7 hours in this category scheduling the first

23  interim fee hearing, communicating with employed professionals, preparing the 45-day

24  notice to professionals, reviewing and categorizing the Firm's fees in accordance with

25  UST guidelines, and in the preliminary preparation of the First Application.

26

27

28  1314113.1

WEILAND GOLDEN GOODRICH LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

FEE APPLICATION

**[Second Period:  31.40 hours, $5,500.00, blended rate $175.16]**

During the second period, the Firm prepared the First Application, communicated with retained professionals regarding the first interim fee hearing, prepared the notice to creditors of the first interim fee haring, prepared the CRO's declaration in support of the First Application, prepared for and attended the hearings on the fee applications of various professionals, and prepared a single fee order for the professionals.

The Firm prepared the notice to professionals and an amended notice of the fee hearing scheduled for November 17, 2020, and communicated with professionals regarding the scheduled hearing.

**[Final Period:  26.40 hours, $4,180.00, blended rate $158.33]**

During this final period, the Firm prepared the Second Application, communicated with other professionals, prepared the omnibus notice of the fee hearing, prepared and filed the CRO's declaration in support of the Second Application, and prepared the order approving the Second Application (as modified by the Firm's stipulation with the IRS), which the Court entered on November 18, 2020.

### N.  Relief From Stay and Abandonment

**[First Period:  5.30 hours, $2,355.00, blended rate $444.34]**

In this category the Firm reviewed the matter of the Verified Complaint for Damages filed on or about June 30, 2017, by Candice Holloway ("Ms. Holloway") in the Superior Court of California, County of Riverside, bearing Case No. RIC 1712015 against VNA, and the private and confidential settlement that was reached on or about July 24, 2018.  The Firm communicated with Ms. Holloway's counsel about the automatic stay that was instituted upon the Debtor's filing of the Petition.  The Firm advised the Debtor on this matter and reviewed and revised the stipulation ("Holloway Stipulation") to modify the automatic stay of 11 U.S.C. § 362(a) for the limited purpose of allowing Holloway to seek recovery from the Debtor's insurance policies only, and the order thereon.  The Holloway

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  Stipulation was filed on February 19, 2019, and on April 17, 2019, the Court entered the

2  order approving the stipulation.

3      **O.    Tax Issues**

4          **[First Period: 1.50 hours, $675.00, blended rate $450.00]**

5          The Firm spent a small amount of time in this category reviewing tax issues,

6  communicating with the UST regarding payroll taxes, and communicating with the CRO

7  concerning the possible retention of tax counsel.

8  **IX.    ANALYSIS OF FEES AND COSTS**

9          From October 16, 2020 through December 27, 2020, the Firm expended 96.20

10  hours representing the Debtor in this proceeding, as more particularly described in

11  Exhibit "1' attached to the Declaration of David M. Goodrich.  Exhibit "1" is a computerized

12  invoice prepared by the Firm based on time records maintained by each professional

13  performing services on behalf of the Debtor.  These records are maintained in the ordinary

14  course of the Firm's business.

15          Set forth below are the Firm's hourly rates for the individuals rendering services on

16  behalf of the Debtor, the amount of time each individual spent in representation of the

17  Debtor, and a total fee.

| Attorney or Paralegal | Hours | Hourly Rate | Period | Total |
|---|---|---|---|---|
| David M. Goodrich, Attorney | 54.50 | $450 (reduced from $600) | 2019-2020 | $24,525.00 |
| Beth E. Gaschen, Attorney | 11.60 | $400 (reduced from $550) | 2019-2020 | $4,640.00 |
| | .60 | $0 | | N/C |
| Cynthia B. Meeker, Paralegal | 29.30 | $100 (reduced from $250) | 2019-2020 | $2,930.00 |
| | .20 | $0 | | N/C |
| **TOTAL HOURS:** | **96.20** | | **TOTAL FEES:** | **$32,095.00** |

25          The 96.20 hours resulted in total fees of $32,095.00, creating a blended hourly rate

26  of $333.63.  The rates charged by the Firm are standard for the Firm on legal matters,

27  without considering the size and degree of responsibility, difficulty, complexity or results

28

**WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  achieved.  The rates at which the Firm charges its non-bankruptcy clients for similar

2  services are the same.

3      In addition to the Firm's fees, from October 16, 2020 through December 27, 2020,

4  the Firm has advanced out-of-pocket expenses totaling $1,366.57 as detailed in

5  Exhibit "1" attached to the Declaration of David M. Goodrich.  The Firm's costs are

6  itemized as follows:

| | |
|---|---:|
| Bulk postage | $156.45 |
| Online research[5]<br>      Pacer ($.10 per page downloaded)<br>      Westlaw | <br>$3.70<br>$441.12 |
| Federal Express | $26.99 |
| Transcripts | $443.51 |
| Photocopies ($.20 per page) | $122.60 |
| Court conference calls | $172.20 |
| **Total:** | **$1,366.57** |

## X.    MEMORANDUM OF POINTS AND AUTHORITIES

### A.    Points and Authorities Addressing Standard for Reviewing Fee Application and Reimbursement of Expenses

After notice and a hearing, the court may award an attorney or other professional

employed by the estate pursuant to §§ 327 or 1103 "reasonable compensation for actual,

necessary services rendered" and "reimbursement for actual, necessary expenses."  *See*

11 U.S.C. §§ 330(a)(1)(A) & (B).  In determining the reasonableness of the compensation

requested, the court shall consider the following:

> [T]he nature, the extent, and the value of [the services
> provided], taking into account all relevant factors, including–
>
> (A) the time spent on such services;

---

[5] During this final period the Firm performed legal research online, using the services of both Pacer and Westlaw.  The Firm is charged a flat subscription fee through Westlaw and the discount that the Firm receives for having the subscription has been applied to the research that was done in this case.

1    (B) the rates charged for such services;

2    (C) whether the services were necessary to the administration
     of, or beneficial at the time at which the service was rendered
3    toward the completion of, a case under this title;

4    (D) whether the services were performed within a reasonable
     amount of time commensurate with the complexity,
5    importance, and nature of the problem, issue, or task
     addressed; and
6
     (E) whether the compensation is reasonable based on the
7    customary compensation charged by comparably skilled
     practitioners in cases other than cases under this title.
8
     *Id.* § 330(a)(3)(A)-(E).
9

10       "A compensation award based on a reasonable hourly rate multiplied by the

11   number of hours actually and reasonably expended is presumptively a reasonable fee."

12   *Burgess v. Klenske (In re Manoa Finance Co., Inc.)*, 853 F.2d 687, 691 (9th Cir. 1988).

13   Factors ordinarily accounted for in either the hourly rate or the number of hours expended

14   include: (1) the novelty and complexity of issues, (2) the special skill and experience of

15   counsel, (3) the quality of representation, and (4) the results obtained.  *See id.*

16       In this case, the factors set forth in § 330 are met.

17           **1.    Time and Labor Required**

18       From October 16, 2020 through December 27, 2020, the Firm expended a total of

19   96.20 hours in this case.  The above description of the history of this proceeding and the

20   Firm's representation of the Debtor amply justify this expenditure of time.

21           **2.    The Services Were Necessary or Beneficial**

22       As set forth above, the Firm's services were necessary and beneficial.

23           **3.    Time Spent and Rates Charged Were Reasonable**

24           a.    Novelty and Difficulty of the Questions

25       The Firm encountered various issues in this case as discussed in more detail

26   above.  It is clear that the various issues in this case required the expertise and skills of

27   the Firm.

28   1314113.1

FEE APPLICATION

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

b.    Skill Required to Perform the Services Properly

The preceding remarks illustrate the necessity of the Firm's exceptional bankruptcy knowledge and skills in fulfilling its obligations to the Debtor.

c.    The Quality of Representation

The narrative statement concerning the Firm's services reflects that the Firm provided the highest quality of services to the Estate and the Debtor.

d.    The Result Obtained

The result obtained is set forth in detail in the narrative statement.

e.    Customary Fees

The rates charged by the Firm are $150/hour below the normal charges for work performed on legal matters, without considering size and degree of responsibility, difficulty, complexity, or results achieved.

f.    Whether the Fee is Fixed or Contingent

As in all bankruptcy proceedings, the Firm's fees in connection with its representation of the Debtor are subject to the discretion of the Court in determining the value of the services rendered to the Estate, and are subject to the availability of the funds of the Estate and are, accordingly, in effect contingent.

g.    Experience, Reputation and Ability of Counsel

The Firm's attorneys have extensive knowledge in insolvency, reorganization and bankruptcy law.  The professionals of the Firm rendering services on behalf of the Debtor have considerable experience and resources available which have greatly assisted them in rendering the services which the Firm has been able to perform in this highly specialized field.  Counsel with lesser experience or available resources might have required additional time in order to render such services.

**DAVID M. GOODRICH** has represented bankruptcy trustees, large financial companies, distressed businesses, secured and unsecured creditors, and commercial

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  litigants throughout California in matters involving bankruptcy law, finance and lender law,

2  real estate law and business litigation since 2000.

3      Mr. Goodrich is a member of the Chapter 7 Bankruptcy Panel of Trustees,

4  appointed by the Office of the United States Trustee, serving in the Los Angeles Division

5  of the Central District of California (2011).  Mr. Goodrich has been certified as a

6  bankruptcy law specialist by the State Bar of California (2010).  Mr. Goodrich previously

7  served as a commissioner on the Bankruptcy Law Advisory Commission which prepares,

8  administers and grades examinations for lawyers seeking certification as bankruptcy law

9  specialists from the State Bar of California.

10     Mr. Goodrich also serves on the board of directors for the Orange County

11 Bankruptcy Forum (President 2016-2017).  Mr. Goodrich is also a member of the National

12 Association of Bankruptcy Trustees, the Orange County Bar Association and the Los

13 Angeles Bar Association.

14     **BETH E. GASCHEN** concentrates her practice on bankruptcy/insolvency matters

15 and business and bankruptcy-related litigation.  She represents debtors, creditors'

16 committees, secured and unsecured creditors, trustees, asset purchasers, and others in

17 chapter 7 and chapter 11 bankruptcy cases, adversary proceedings, as well as out-of-

18 court restructurings.  Ms. Gaschen also represents receivers and assignees for the benefit

19 of creditors.

20     Ms. Gaschen served a judicial externship to the Honorable Terry J. Hatter, Jr.,

21 United States District Court Judge for the Central District of California, and a judicial

22 externship to the Honorable John E. Ryan, United States Bankruptcy Judge for the

23 Central District of California.  Upon graduation, Ms. Gaschen served a judicial clerkship

24 for the Honorable Erithe A. Smith, United States Bankruptcy Judge for the Central District

25 of California from August 2006 to August 2009.

26     In 2016, Ms. Gaschen was selected as one of 40 "up and coming" bankruptcy

27 attorneys from across the nation to participate in the National Conference of Bankruptcy

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1 Judges' Next Generation Program.  Ms. Gaschen has been recognized as a "Rising Star"

2 in *Super Lawyers* magazine in both 2015 and 2016.  Ms. Gaschen was included in the

3 Best Lawyers in America 2019 list for "Bankruptcy and Creditor Debtor Rights/Insolvency

4 and Reorganization Law."  Ms. Gaschen was a Director of the Orange County Bankruptcy

5 Forum from 2010-2014, and its President from 2013-2014, and is also a member of the

6 Orange County Bar Association and the International Women's Insolvency &

7 Restructuring Confederation.

8    **CYNTHIA B. MEEKER** received her undergraduate degree from California State

9 University at Fullerton in 1982, and obtained a certificate of legal assistantship from the

10 University of California at Irvine in 1988.

11    **4.    Professional Relationship with the Client**

12    Other than its role as attorneys for the Debtor and as otherwise disclosed in the

13 Firm's application for order approving its employment, the Firm has no relationship with

14 the Debtor.

15 **XI.    NO FEE SHARING ARRANGEMENT**

16    The Firm has no fee sharing arrangement, understanding, or compensation sharing

17 arrangement with any other entity, and no part of the attorneys' fees or expenses awarded

18 to the Firm will be paid to any other entity.

19 **XII.    CONCLUSION**

20    **WHEREFORE**, the Firm respectfully requests that this Court enter its order:

21    1.    Allowing **$32,095.00** in final fees and **$1,366.57** in final expenses for the

22 period from October 16, 2020 through December 27, 2020, and authorizing payment of

23 the 100% of the approved fees and expenses from funds in the estate;

24    2.    Affirming as final the Court's interim award of $242,074.00 in fees and

25 $4,230.61 in expenses for the First Application, and authorizing payment of the

26 **$48,414.80** (20%) in outstanding fees;

27

28    1314113.1

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

FEE APPLICATION

1     3.     Affirming as final the Court's interim award of $290,185.00 in fees and

2  $13,898.59 in expenses for the Second Application, and authorizing payment of

3  **$58,037.00** (20%) in outstanding fees; and

4     4.     For such further relief as the Court may deem necessary and appropriate.

5          Respectfully submitted,

6  Dated:  February 11, 2021     WEILAND GOLDEN GOODRICH LLP

7

8          By:   */s/ David M. Goodrich*
               DAVID M. GOODRICH

9               Attorneys for Visiting Nurse Association of
               the Inland Counties, Debtor and Debtor-in-
               Possession

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1

### DECLARATION OF DAVID M. GOODRICH[6]

2

I, David M. Goodrich, declare as follows:

3

1.      I am an attorney in the law firm Weiland Golden Goodrich LLP ("Firm"),

4

attorneys of record for Visiting Nurse Association of the Inland Counties, the debtor and

5

debtor-in-possession ("Debtor").  The following is within my personal knowledge, and if

6

called upon as a witness, I could and would testify competently with respect thereto.  I am

7

submitting this declaration in support of the *Second Interim Application for Allowance and*

8

*Payment of Fees and Reimbursement of Expenses of Weiland Golden Goodrich LLP,*

9

*Counsel for Debtor and Debtor-in-Possession* ("Application").

10

2.      In the ordinary course of its business, the Firm keeps a record of all time

11

expended by its professionals and para-professionals in the rendering of professional

12

services on a computerized billing system as follows:  At or near the time the professional

13

services are rendered, attorneys and other professionals of the Firm either: (1) record in

14

writing on a time sheet the client/matter name or number, the duration of time expended,

15

and a description of the nature of the services performed, or (2) input the time record,

16

including the client/matter number, duration of time expended, a description of the nature

17

of the services performed, and the initials of the professional rendering the service,

18

directly into the Firm's computer billing system.  For the professionals who record their

19

time using written time sheets, the information contained in the time sheets is then

20

transcribed into the Firm's computer billing system.  The Firm's computer billing system

21

keeps a record of all time spent on a client/matter, the professional providing the services

22

and a description of the services rendered.  The Firm's computer billing system

23

automatically multiplies the time expended by each professional by the respective

24

professional's billing rate to calculate the amount of the fee associated.  The Firm

25

conducts its business in reliance on the accuracy of such business records.

26

27

28

[6] All capitalized terms have the same meaning or definition as the capitalized terms in the Application.

**WEILAND Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

3.    I have reviewed the Firm's bills for services rendered in connection with its representation of the Debtor in this case, a copy of which is attached hereto as Exhibit "1."

4.    It is the Firm's usual practice to allocate work and assignments in an efficient manner to achieve an effective result.  As demonstrated in the Application, the practice has been followed in this case.

5.    At any time a reimbursable charge is incurred on behalf of a client, such as photocopy expenses, telecopy charges, and the like, employees of the Firm keep a written record of the file number for which the charges were expended and a brief description of the nature of the expense.  These records are also transcribed into the computer which, together with the records of time spent providing professional services, are transcribed onto monthly bills.  Attached hereto as Exhibit "1" is a true and correct copy of the expense portion of the Firm's billing statement.

6.    I have reviewed the requirements of Local Bankruptcy Rule 2016 ("Rule 2016").  The Application complies with Rule 2016.

7.    The Debtor retained The Turoci Firm to represent it in this case.  The Debtor terminated the Turoci Firm and retained the Firm as its general bankruptcy counsel.

8.    During the first interim period, the Firm assisted the Debtor in (i) employing new general counsel, a chief restructuring officer, financial advisor and a "finder," (ii) renegotiating the terms of its pre-petition agreement with Healthsure Management Services ("HMS"), (iii) taking actions to improve operations and limit expenses, including abandoning the lease of its Riverside premises and relocating its operations to new premises in Palm Desert, (iv) reaching agreements for the continued use of cash collateral, (v) obtaining extensions of the exclusivity period, (vi) negotiating offers to purchase substantially all of the Debtor's assets, (vii) retaining Brutzkus Gubner as special counsel to pursue certain claims against officers and directors and HMS, (viii) analyzing pre-petition transfers which may be avoidable as preferences, and (ix) ensuring the Debtor's timely compliance with reporting requirements.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

9.      During the second period, the Firm assisted the Debtor in (i) negotiating the sale of the Debtor's home health and hospice business for $7.2 million cash and other consideration, (ii) obtaining approval of the Debtor's first amended disclosure statement, (iii) obtaining approval of several settlements of pre-petition litigation with former employees of the Debtor, (iv) obtaining a valuation of the Debtor's business, (v) obtaining approval of an addendum to HMS's employment, (vi) obtaining approval of two agreements to continue services to Debtor's patients during their transition to other care facilities, (vii) reaching agreements for the continued use of cash collateral, (viii) recovering $1,575,000 in cash from the Debtor's prior worker's compensation insurer, (ix) obtaining an extension of the exclusivity period, (x) monitoring Special Counsel's litigation work, (xi) assisting Special Counsel with settling claims against the Debtors' current and former directors and officers, and (xi) reaching multiple settlements with lienholders.

10.     During this final period, the Firm assisted the Debtor in (i) finalizing multiple settlements with lienholders, (ii) confirming the Debtor's Plan, (iii) obtaining Court approval of a $3.75 million global settlement of the Adversary Proceeding, (iv) addressing the issue of payment to Special Counsel of its contingency fee and related costs from the global settlement, (v) negotiating and obtaining a reduction of Berger's claim for additional attorneys' fees and costs, (vi) resolving the issue of abandonment and destruction of the Debtor's records, and (vii) monitoring adequate protection payments to the IRS.

11.     On July 16, 2020, the Court entered an order authorizing the Debtor to sell its hospice assets for $7,100,000, and its home health assets for $100,000 in cash, plus the assumption of $350,000 of the Debtor's potential deficiency liability to CMS, and a waiver of $200,000 of allowed administrative claim.  The sale closed on August 5, 2020.

12.     After paying a sales commission to the Debtor's broker, the Debtor held $6,822,450 in a segregated account pending further instructions or an order from the

WEILAND GOLDEN GOODRICH LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1   Court.  The Debtor also recovered $1,575,000 from Travelers insurance as part of an

2   agreement approved by the Court on September 30, 2020.

3        13.    The Debtor's Plan was filed on September 14, 2020, and was confirmed by

4   order entered on December 10, 2020.

5        14.    The Debtor reached a $3.75 million settlement of the Adversary Proceeding

6   with the Insurers.  The global settlement was approved by order entered December 21,

7   2020.

8        I declare under penalty of perjury that the foregoing is true and correct.

9        Executed on this 11th day of February, 2021, at Costa Mesa, California.

10

11                               */s/ David M. Goodrich*
                                  DAVID M. GOODRICH

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1314113.1

FEE APPLICATION

**SUMMARY OF THIRD AND FINAL APPLICATION FOR ALLOWANCE**

**AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES**

**OF WEILAND GOLDEN GOODRICH LLP, COUNSEL FOR**

**DEBTOR AND DEBTOR-IN-POSSESSION**

Current Fees Incurred:                                               $32,095.00

Current Expenses Incurred:                                       $1,366.57

Total Compensation Previously Awarded:                $550,388.20

Total Compensation Authorized to be Paid:            $443,936.40

Total Compensation Previously Paid:                       $420,838.09

Compensation by Professional and Date of Bar Admission:

| Attorney or Paralegal | Hours | Hourly Rate | Period | Total | Date of Bar Admission |
|---|---|---|---|---|---|
| David M. Goodrich, Attorney | 54.50 | $450 (reduced from $600) | 2020 | $24,525.00 | 11/2000 |
| Beth E. Gaschen, Attorney | 11.60 .60 | $400 (reduced from $550) $0 | 2020 | $4,640.00 N/C | 12/2006 |
| Cynthia B. Meeker, Paralegal | 29.30 .20 | $100 (reduced from $250) $0 | 2020 | $2,930.00 N/C | N/A |
| **TOTAL HOURS:** | **96.20** | **TOTAL FEES:** | | **$32,095.00** | |

Blended Hourly Rate for this Time Period (including paralegals):      $333.63

Blended Hourly Rate for this Time Period (excluding paralegals):      $437.26

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# EXHIBIT 1

## WEILAND GOLDEN GOODRICH LLP
### 650 TOWN CENTER DRIVE - SUITE 600
### COSTA MESA, CALIFORNIA 92626
### TELEPHONE: 714-966-1000
### FEDERAL TAX I.D. 47-1879250

DECEMBER 27, 2020

VISITING NURSE ASSOCIATION                                    OUR FILE:  VNA01.0001
OF THE INLAND COUNTIES
6235 RIVER CREST DRIVE, SUITE L
RIVERSIDE, CA 92507

RE:   CHAPTER 11
      INVOICE # 4074
      RESPONSIBLE ATTORNEY:  DAVID M. GOODRICH

STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020

PROFESSIONAL SERVICES

ASSET SALE AND DISPOSITION

| Date | | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 10/20/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: SETTLEMENT PAYMENT FROM TRAVELERS | 0.20 | @450 | 90.00 |
| 10/23/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: SCANNING OF RECORDS BEFORE DESTRUCTION | 0.10 | @450 | 45.00 |
| 11/03/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: STATUTES PROVIDED BY UST FOR RECORD RETENTION | 0.10 | @450 | 45.00 |
| 11/19/20 | DMG | REVIEW/REVISE NOTICE OF WITHDRAWAL OF MOTION TO ABANDON AND DESTROY RECORDS | 0.10 | @450 | 45.00 |
| 11/19/20 | CBM | PREPARATION OF NOTICE OF WITHDRAWAL OF MOTION TO ABANDON/DESTROY BOOKS AND RECORDS | 0.50 | @100 | 50.00 |
| 12/08/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: RETURN OF COPIERS AND POSSIBLE TERMINATION OF HMS AGREEMENT | 0.10 | @450 | 45.00 |
| 12/08/20 | DMG | DRAFT CORRESPONDENCE TO CIT RE: RETURN OF COPIERS | 0.20 | @450 | 90.00 |
| 12/21/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: POSSIBLE DESTRUCTION OF COPIERS | 0.10 | @450 | 45.00 |
| | | TOTAL ASSET SALE AND DISPOSITION | 1.40 | | $   455.00 |

EXHIBIT 1    PAGE 62

PAGE 2
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE: VNA01.0001

CASE ADMINISTRATION

| | | | | | |
|---|---|---|---|---|---|
| 10/16/20 | DMG | REVIEW REVISED MONTHLY OPERATING REPORT | 0.10 | @450 | 45.00 |
| 10/20/20 | DMG | DRAFT CORRESPONDENCE TO KELLY PETERSON RE: PAYMENT OF WORKER'S COMP PREMIUM | 0.10 | @450 | 45.00 |
| 10/23/20 | DMG | DRAFT CORRESPONDENCE TO CATHERINE CASTALDI RE: SECURITY DEPOSIT AND RETURN OF DEPOSIT | 0.10 | @450 | 45.00 |
| 10/29/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: POSSIBLE LISTING OF AR FOR SALE | 0.10 | @450 | 45.00 |
| 11/03/20 | DMG | REVIEW COLLECTION REPORTS FROM HMS | 0.20 | @450 | 90.00 |
| 11/12/20 | BEG | REVIEW EMAIL FROM PBGC RE WHETHER DEBTOR HAS APPLICABLE PENSION PLANS (NO CHARGE) | 0.10 | | 0.00 |
| 11/16/20 | DMG | DRAFT CORRESPONDENCE TO FORCE 10 RE: EMPLOYEE RECORDS | 0.10 | @450 | 45.00 |
| 11/18/20 | BEG | PREPARATION OF EMAIL RE NOTICE OF CONTINUED STATUS CONFERENCE | 0.10 | @400 | 40.00 |
| 11/18/20 | BEG | REVIEW AND REVISE NOTICE OF CONTINUED STATUS CONFERENCE | 0.10 | @400 | 40.00 |
| 11/18/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: EFFECTIVE DATE AND FILING OF OPERATING REPORTS | 0.10 | @450 | 45.00 |
| 11/18/20 | CBM | PREPARATION OF NOTICE OF CONTINUED STATUS CONFERENCE TO 3/20 | 0.30 | @100 | 30.00 |
| 11/19/20 | DMG | REVIEW/REVISE MONTHLY OPERATING REPORT | 0.20 | @450 | 90.00 |
| 11/19/20 | DMG | DRAFT CORRESPONDENCE TO CHAD KURTZ RE: REVISIONS TO MONTHLY OPERATING REPORT | 0.10 | @450 | 45.00 |
| 11/19/20 | BEG | REVIEW EMAILS RE MOR (NO CHARGE) | 0.10 | | 0.00 |
| 11/19/20 | DMG | REVIEW WINDDOWN BUDGET; DRAFT CORRESPONDENCE TO CHAD KURTZ RE: POTENTIAL REVISIONS TO WINDDOWN BUDGET | 0.20 | @450 | 90.00 |
| 11/30/20 | BEG | REVIEW EXCHANGE RE INQUIRY RE PENSION PLAN (NO CHARGE) | 0.10 | | 0.00 |
| 12/02/20 | DMG | REVIEW/RESPONSE TO CORRESPONDENCE FROM CHAD KURTZ RE: WINDDOWN, DESTRUCTION OF RECORDS, RECOVERY OF SECURITY DEPOSIT AND RECOVERY OF WC CASH COLLATERAL | 0.20 | @450 | 90.00 |
| 12/09/20 | DMG | DRAFT CORRESPONDENCE TO CATHRINE CASTALDI RE: RE-LET OF PROPERTY AND SECURITY DEPOSIT RETURN | 0.10 | @450 | 45.00 |

EXHIBIT 1    PAGE 63

PAGE 3
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE:  VNA01.0001

| | | | | | |
|---|---|---|---|---|---|
| 12/10/20 | DMG | TELEPHONE CONFERENCE WITH FRED NEUFELD RE: STATUS OF COLLECTIONS, POSSIBLE TERMINATION OF CONTRACT AND PAYMENT TO HMS FROM SIMIONE LIEN | 0.20 | @450 | 90.00 |
| 12/10/20 | DMG | REVIEW AR RECOVERY REPORT FROM HMS | 0.10 | @450 | 45.00 |
| 12/15/20 | DMG | REVIEW DRAFT OF MONTHLY OPERATING REPORT FOR NOVEMBER 2020 | 0.20 | @450 | 90.00 |
| 12/22/20 | BEG | REVIEW NOTICE OF TERMINATION OF VERIZON SERVICES | 0.10 | @400 | 40.00 |
| | | TOTAL CASE ADMINISTRATION | 3.00 | | $  1,095.00 |

CASE ADMINISTRATION - CASH COLLATERAL ISSUES

| | | | | | |
|---|---|---|---|---|---|
| 10/16/20 | DMG | REVIEW ENTERED ORDER AUTHORIZING USE OF CASH COLLATERAL | 0.10 | @450 | 45.00 |
| 11/16/20 | DMG | DRAFT CORRESPONDENCE TO FORCE 10 RE: MISSING ADEQUATE PROTECTION PAYMENTS | 0.10 | @450 | 45.00 |
| 11/16/20 | DMG | DRAFT CORRESPONDENCE TO JOLENE TANNER RE: SWEEP PAYMENTS | 0.10 | @450 | 45.00 |
| 11/17/20 | DMG | DRAFT CORRESPONDENCE TO CHAD KURTZ RE: ADEQUATE PROTECTION PAYMENTS | 0.10 | @450 | 45.00 |
| 11/17/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: ADEQUATE PROTECTION PAYMENTS TO IRS | 0.10 | @450 | 45.00 |
| 12/08/20 | DMG | DRAFT CORRESPONDENCE TO CHAD KURTZ AND ADAM MEISLIKR RE: ADEQUATE PROTECTION PAYMENTS FOR IRS | 0.10 | @450 | 45.00 |
| | | TOTAL CASE ADMINISTRATION - CASH COLLATERAL ISSUES | 0.60 | | $   270.00 |

CLAIMS ADMINISTRATION/OBJECTIONS

| | | | | | |
|---|---|---|---|---|---|
| 10/20/20 | DMG | REVIEW/REVISE ORDER GRANTING MOTION TO APPROVE COMPROMISE | 0.10 | @450 | 45.00 |
| 10/20/20 | DMG | REVIEW/REVISE ORDER GRANTING MOTION TO APPROVE COMPROMISE WITH IRS; ADDITIONAL REVISIONS TO ORDER GRANTING MOTION TO APPROVE COMPROMISE WITH SIMIONE | 0.20 | @450 | 90.00 |
| 10/20/20 | CBM | PREPARATION OF PROPOSED ORDER GRANTING MOTION TO COMPROMISE WITH SIMIONE AND AUTHORIZING DISTRIBUTION | 0.90 | @100 | 90.00 |
| 10/20/20 | CBM | PREPARATION OF PROPOSED ORDER GRANTING MOTION TO COMPROMISE WITH IRS | 0.80 | @100 | 80.00 |

EXHIBIT 1    PAGE 64

PAGE 4
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE: VNA01.0001

| | | | | | |
|---|---|---|---|---|---|
| 10/21/20 | DMG | DRAFT CORRESPONDENCE TO COUNSEL FOR SECURED CREDITORS AND COMMITTEE RE: PROPOSED ORDERS GRANTING MOTIONS TO APPROVE COMPROMISE WITH IRS AND SIMIONE | 0.10 | @450 | 45.00 |
| 10/21/20 | DMG | DRAFT CORRESPONDENCE TO ANTHONY FRIEDMAN RE: FEE DETAIL FOR EXTRA $20,000 IN CLAIMED FEES FOR BERGER | 0.10 | @450 | 45.00 |
| 10/21/20 | DMG | REVIEW/REVISE ORDER GRANTING MOTION TO APPROVE COMPROMISE WITH IRS | 0.10 | @450 | 45.00 |
| 10/21/20 | DMG | TELEPHONE CONFERENCE WITH FRED NEUFELD RE: PAYMENT OF CLAIMS FROM AVOIDED LIEN AND TIMING OF REMAINDER OF PAYMENTS | 0.20 | @450 | 90.00 |
| 10/21/20 | DMG | DRAFT CORRESPONDENCE TO ANTHONY FRIEDMAN RE: DISCOUNT ATTORNEY FEE CLAIM FOR BERGER | 0.10 | @450 | 45.00 |
| 10/21/20 | DMG | REVIEW/REVISE ORDER GRANTING MOTION TO APPROVE AGREEMENT WITH IRS | 0.10 | @450 | 45.00 |
| 10/22/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: KNACK SETTLEMENT AGREEMENT | 0.10 | @450 | 45.00 |
| 10/23/20 | DMG | DRAFT STIPULATION REDUCING ATTORNEYS FEES AND COSTS OF BERGER | 0.50 | @450 | 225.00 |
| 10/23/20 | DMG | DRAFT ORDER APPROVING STIPULATION WITH BERGER ON ADDITIONAL ATTORNEYS' FEES | 0.20 | @450 | 90.00 |
| 10/23/20 | DMG | REVIEW SECOND SUPPLEMENT TO MOTION TO RELEASE FUNDS FILED BY BERGER | 0.10 | @450 | 45.00 |
| 10/23/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: ADDITIONAL FEES FOR BERGER AND TERMS OF PRIOR AGREEMENT | 0.10 | @450 | 45.00 |
| 10/26/20 | DMG | REVIEW ENTERED ORDER APPROVING STIPULATION ON ADDITIONAL LEGAL FEES FOR BERGER | 0.10 | @450 | 45.00 |
| 10/26/20 | DMG | REVIEW DRAFT OF ORDER GRANTING MOTION TO COMPEL PAYMENT OF BERGER SECURED CLAIM | 0.10 | @450 | 45.00 |
| 10/26/20 | DMG | DRAFT CORRESPONDENCE TO CATHRINE CASTALDI RE: SECURITY DEPOSIT HELD BY SHAH TRUST | 0.10 | @450 | 45.00 |
| 10/27/20 | DMG | ATTEND HEARINGS ON MOTIONS TO APPROVE COMPROMISE WITH SIMIONE AND IRS AND MOTION TO COMPEL PAYMENT TO BERGER | 0.70 | @450 | 315.00 |
| 10/27/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: RESULTS ON HEARINGS ON | 0.10 | @450 | 45.00 |

EXHIBIT 1    PAGE 65

PAGE 5
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE:  VNA01.0001

| | | | | | |
|---|---|---|---|---|---|
| | | MOTIONS TO APPROVE SIMIONE AND IRS AGREEMENTS AND MOTION TO COMPEL PAYMENT TO BERGER | | | |
| 10/27/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: MATERIAL MODIFICATION TO PLAN, INCORPORATION OF ORDERS AND ISSUES WITH SPECIAL COUNSEL FEES | 0.60 | @450 | 270.00 |
| 10/27/20 | CBM | PREPARATION OF ORDER GRANTING MOTION TO COMPROMISE WITH IRS | 0.20 | @100 | 20.00 |
| 10/27/20 | CBM | PREPARATION OF ORDER GRANTING SIMIONE 9019 MOTION | 0.20 | @100 | 20.00 |
| 10/28/20 | DMG | REVIEW/REVISE DECLARATION RE: LIMITED OPPOSITION TO MOTION AND ORDER GRANTING MOTION TO APPROVE COMPROMISE WITH BERGER | 0.10 | @450 | 45.00 |
| 10/28/20 | CBM | PREPARATION OF GOODRICH DECLARATION RE NO OPPOSITION TO BERGER 9019 MOTION | 0.80 | @100 | 80.00 |
| 10/28/20 | CBM | PREPARATION OF ORDER GRANTING BERGER 9019 MOTION | 0.70 | @100 | 70.00 |
| 10/29/20 | DMG | REVIEW PROPOSED ORDER GRANTING BERGER MOTION | 0.10 | @450 | 45.00 |
| 10/30/20 | DMG | TELEPHONE CONFERENCE WITH JOLENE TANNER RE: PLAN TREATMENT/INCORPORATION OF SETTLEMENT AGREEMENTS | 0.20 | @450 | 90.00 |
| 11/02/20 | DMG | DRAFT CORRESPONDENCE TO KEVIN WATTLES RE: REMAND ORDER AND RELIEF FROM STAY | 0.10 | @450 | 45.00 |
| 11/02/20 | DMG | REVIEW ENTERED ORDER GRANTING MOTION TO APPROVE COMPROMISE AND AUTHORIZING PAYMENT TO BERGER AND SIMIONE | 0.20 | @450 | 90.00 |
| 11/02/20 | DMG | DRAFT CORRESPONDENCE TO COUNSEL FOR BERGER RE: SECURED CLAIM PAYOFF | 0.10 | @450 | 45.00 |
| 11/02/20 | DMG | DRAFT CORRESPONDENCE TO SEAN O'KEEFE RE: PAYMENT TO SIMIONE AND APPROVAL OF ORDER | 0.10 | @450 | 45.00 |
| 11/02/20 | DMG | REVIEW ENTERED ORDER GRANTING MOTION TO APPROVE COMPROMISE; DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: SAME | 0.10 | @450 | 45.00 |
| 11/02/20 | DMG | DRAFT CORRESPONDENCE TO JOLENE TANNER RE: WITHDRAWAL OF OBJECTION | 0.10 | @450 | 45.00 |
| 11/02/20 | BEG | REVIEW EMAIL RE PAYMENT OF ADMINISTRATIVE CLAIM (NO CHARGE) | 0.10 | | 0.00 |
| 11/02/20 | DMG | TELEPHONE CONFERENCE WITH JOLENE TANNER RE: PAYMENT TO IRS, | 0.20 | @450 | 90.00 |

EXHIBIT 1    PAGE 66

PAGE 6
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE:  VNA01.0001

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  | WITHDRAWAL OF OBJECTION TO BERGER SETTLEMENT MOTION AND TREATMENT IN PLAN |  |  |  |
| 11/02/20 | CBM | REVIEW ENTERED ORDERS APPROVING SETTLEMENTS WITH SIMIONE AND IRS (NO CHARGE) | 0.10 |  | 0.00 |
| 11/03/20 | DMG | REVIEW NOTICE OF WITHDRAWAL FILED BY IRS | 0.10 | @450 | 45.00 |
| 11/03/20 | DMG | REVIEW ENTERED ORDER GRANTING MOTION TO APPROVE COMPROMISE WITH BERGER | 0.10 | @450 | 45.00 |
| 11/03/20 | CBM | REVIEW IRS WITHDRAWAL OF OPPOSITION TO BERGER 9019 MOTION AND PREPARE ORDER FOR RE-LODGING (NO CHARGE) | 0.10 |  | 0.00 |
| 11/04/20 | DMG | REVIEW ENTERED ORDER GRANTING MOTION OF BERGER TO COMPEL DISBURSEMENT OF SALE PROCEEDS | 0.10 | @450 | 45.00 |
| 11/04/20 | DMG | REVIEW FINAL DECLARATION OF DAVID GOODRICH IN SUPPORT OF MOTION TO APPROVE COMPROMISE | 0.10 | @450 | 45.00 |
| 11/05/20 | DMG | TELEPHONE CONFERENCE WITH ARNOLD WURHMAN RE: POST-PETITION VENDOR CLAIMS | 0.10 | @450 | 45.00 |
| 11/05/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: POST-PETITION VENDOR CLAIMS AND CALL FROM COUNSEL | 0.10 | @450 | 45.00 |
| 11/06/20 | DMG | DRAFT CORRESPONDENCE TO ANTHONY FRIEDMAN RE: PAYMENT TO BERGER | 0.10 | @450 | 45.00 |
| 11/09/20 | DMG | REVIEW IRS CASH SWEEP ANALYSIS | 0.10 | @450 | 45.00 |
| 11/12/20 | DMG | REVIEW DEMAND FROM PBGC; RESEARCH PENSION PLANS AND ERISA GOVERNED PLANS | 0.30 | @450 | 135.00 |
| 11/16/20 | DMG | DRAFT CORRESPONDENCE TO CHAD KURTZ RE: IRS CHECK | 0.10 | @450 | 45.00 |
| 11/17/20 | DMG | DRAFT CORRESPONDENCE TO COUNSEL RE: CLAIMS BAR DEADLINE | 0.10 | @450 | 45.00 |
| 11/17/20 | BEG | REVIEW AND ANALYSIS OF EMAIL EXCHANGE RE FILING PROOF OF CAIM AND CLAIMS BAR DATE (NO CHARGE) | 0.10 |  | 0.00 |
| 11/17/20 | DMG | TELEPHONE CONFERENCE WITH FRED NEUFELD RE: EXPECTED PAYOUTS ON ADMINISTRATIVE CLAIMS | 0.10 | @450 | 45.00 |
| 11/18/20 | DMG | DRAFT CORRESPONDENCE TO ARNIE WURHMAN RE: CONFIRMATION OF PLAN AND EXPECT PAYMENT DATE | 0.10 | @450 | 45.00 |
| 11/19/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: POTENTIAL CLAIM OF QBE INSURANCE | 0.10 | @450 | 45.00 |

EXHIBIT 1    PAGE 67

PAGE 7
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE:  VNA01.0001

| | | | | | |
|---|---|---|---|---|---|
| 11/23/20 | DMG | DRAFT CORRESPONDENCE TO KEVIN WATTLES RE: RELIEF FROM STAY | 0.10 | @450 | 45.00 |
| 11/30/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: PBGC CORRESPONDENCE AND DEFINED BENEFIT PLAN | 0.10 | @450 | 45.00 |
| 11/30/20 | DMG | DRAFT CORRESPONDENCE TO COUNSEL FOR PBGC RE: DEFINED BENEFIT PLAN | 0.10 | @450 | 45.00 |
| 12/01/20 | BEG | REVIEW PROPOSED CHANGES TO CONFIRMATION ORDER FROM BERGER | 0.10 | @400 | 40.00 |
| 12/04/20 | DMG | REVIEW DISTRIBUTION ANALYSIS AND DRAFT CORRESPONDENCE TO CHAD KURTZ RE: POSSIBLE REVISIONS | 0.20 | @450 | 90.00 |
| 12/06/20 | DMG | REVIEW CASH SWEEP ACCOUNTING FOR IRS AGREEMENT; DRAFT CORRESPONDENCE TO CHAD KURTZ RE: SAME | 0.10 | @450 | 45.00 |
| 12/07/20 | DMG | DRAFT CORRESPONDENCE TO JOLENE TANNER RE: IRS CASH SWEEP | 0.10 | @450 | 45.00 |
| 12/08/20 | DMG | DRAFT CORRESPONDENCE TO INSURANCE BROKER RE: POSSIBLE WORKER'S COMPENSATION AUDIT | 0.10 | @450 | 45.00 |
| 12/09/20 | DMG | REVIEW CORRESPONDENCE FROM INVESTIGATOR FROM WORKER'S COMPENSATION CARRIER; DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: SELF-SET APPOINTMENT AND POSSIBLE RESPONSE | 0.20 | @450 | 90.00 |
| 12/09/20 | DMG | DRAFT CORRESPONDENCE TO JEFFREY HUNTER RE: WORKER'S COMPENSATION AUDIT, PLAN CONFIRMATION, TERMINATION OF EMPLOYEES AND NEED FOR FILING PROOF OF CLAIM | 0.20 | @450 | 90.00 |
| 12/09/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: PALM DESERT PREMISES | 0.10 | @450 | 45.00 |
| 12/09/20 | DMG | DRAFT CORRESPONDENCE TO CATHRINE CASTALDI RE: LANDLORD'S CLAIM OF USE OF PREMISES | 0.10 | @450 | 45.00 |
| 12/21/20 | DMG | DRAFT CORRESPONDENCE TO TINA JACQUEZ RE: PAYMENT OF SETTLEMENT BY CARRIER | 0.10 | @450 | 45.00 |
| 12/21/20 | DMG | REVIEW DRAFT OF LUNDSTROM SETTLEMENT AGREEMENT; DRAFT CORRESPONDENCE TO TINA JACQUEZ RE: REVISIONS TO AGREEMENT | 0.30 | @450 | 135.00 |
| 12/22/20 | DMG | REVIEW CORRESPONDENCE FROM VERIZON RE: TERMINATION OF CELL PHONE PLAN; DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: SAME | 0.10 | @450 | 45.00 |

EXHIBIT 1    PAGE 68

PAGE 8
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE:  VNA01.0001

| | | | | | |
|---|---|---|---|---|---|
| 12/22/20 | DMG | TELEPHONE CONFERENCE WITH CHAD KURTZ RE: POSSIBLE PAYMENTS TO PROFESSIONALS, EFFECT OF SETTLEMENTS ON PAYMENTS TO PROFESSIONALS AND UNSECURED CREDITORS AND POTENTIAL ISSUES WITH COLLECTIONS | 0.50 | @450 | 225.00 |
| 12/23/20 | DMG | DRAFT CORRESPONDENCE TO CHAD KURTZ RE: PRIORITY OF DISTRIBUTIONS AND IRS CLAIM | 0.10 | @450 | 45.00 |
| 12/23/20 | DMG | DRAFT CORRESPONDENCE TO JOLENE TANNER RE: IRS SECURED CLAIM | 0.10 | @450 | 45.00 |
| 12/24/20 | DMG | REVIEW 403(B) AND 401(K) PLAN TERMINATION PACKAGES | 0.40 | @450 | 180.00 |
| 12/24/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: POSSIBLE RETENTION OF COUNSEL TO REVIEW 403(B) AND 401(K) PLAN TERMINATION AGREEMENTS | 0.10 | @450 | 45.00 |
| | | TOTAL CLAIMS ADMINISTRATION/OBJECTIONS | 13.80 | | $ 4,765.00 |

EMPLOYMENT APPLICATION OBJECTIONS

| | | | | | |
|---|---|---|---|---|---|
| 10/21/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: PRO RATA DISTRIBUTION TO ADMIN CLAIMANTS | 0.10 | @450 | 45.00 |
| 10/21/20 | DMG | DRAFT CORRESPONDENCE TO FRED NEUFELD RE: POSSIBLE STIPULATION ON FEE APPLICATION OF HMS | 0.10 | @450 | 45.00 |
| 10/28/20 | DMG | REVIEW SECOND INTERIM FEE APPLICATION FOR COUNSEL FOR COMMITTEE | 0.40 | @450 | 180.00 |
| 10/28/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: RECOUPMENT AND MEASURE OF HMS COMPENSATION | 0.10 | @450 | 45.00 |
| 10/29/20 | DMG | REVIEW/REVISE DECLARATION OF ADAM MEISLIK RE: SECOND AMENDED FEE APPLICATION | 0.10 | @450 | 45.00 |
| 10/29/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: FEE APPLICATIONS | 0.20 | @450 | 90.00 |
| 11/02/20 | DMG | REVIEW STIPULATION EXTENDING OBJECTION DEADLINE OF UST | 0.10 | @450 | 45.00 |
| 11/06/20 | DMG | TELEPHONE CONFERENCE WITH STEVE GUBNER RE: POTENTIAL OBJECTIONS TO FEE APPLICATION | 0.50 | @450 | 225.00 |
| 11/06/20 | DMG | TELEPHONE CONFERENCE WITH JASON KOMORSKY RE: POSSIBLE OBJECTIONS TO FEES AND ISSUES WITH NOTICE FOR MOTION | 0.50 | @450 | 225.00 |

EXHIBIT 1    PAGE 69

PAGE 9
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE: VNA01.0001

| | | | | | |
|---|---|---|---|---|---|
| 11/09/20 | DMG | DRAFT CORRESPONDENCE TO CAMERON RIDLEY RE: REVISIONS TO NOTICE TO PROFESSIONALS AND POSSIBLE REDUCTION TO FEE REQUEST | 0.10 | @450 | 45.00 |
| 11/10/20 | DMG | REVIEW STIPULATION TO REDUCE FEES OF WEILAND GOLDEN GOODRICH; DRAFT CORRESPONDENCE TO UST RE: SAME | 0.10 | @450 | 45.00 |
| 11/10/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: POTENTIAL OBJECTION TO FEE APPLICATION | 0.10 | @450 | 45.00 |
| 11/10/20 | DMG | REVIEW STIPULATION TO EXTEND DEADLINE TO FILE RESPONSIVE PLEADING | 0.10 | @450 | 45.00 |
| 11/12/20 | DMG | REVIEW/REVISE ADAM MEISLIK DECLARATION RE: GUBNER "MOTION TO DISTRIBUTE FUNDS" | 0.70 | @450 | 315.00 |
| 11/12/20 | DMG | REVIEW/REVISE DECLARATION OF DAVID M. GOODRICH RE: SPECIAL COUNSEL'S "MOTION TO DISBURSE FUNDS" | 0.70 | @450 | 315.00 |
| 11/12/20 | DMG | REVIEW DRAFTS OF MOTION TO DISBURSE FUNDS TO BRUTKUS GUBNER AND DECLARATIONS IN SUPPORT THEREOF | 0.60 | @450 | 270.00 |
| 11/12/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORSKY RE: ISSUES WITH MOTION SEEKING TO ORDER DISBURSEMENT OF FUNDS WITHOUT PRIOR FEE ALLOWANCE | 0.20 | @450 | 90.00 |
| 11/12/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORSKY RE: REVISED DECLARATIONS FOR "MOTION TO DISBURSE FUNDS" TO SPECIAL COUNSEL | 0.20 | @450 | 90.00 |
| 11/12/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORSKY RE: JUSTIFICATION FOR REMOVAL OF STATEMENTS IN DECLARATIONS | 0.10 | @450 | 45.00 |
| 11/12/20 | DMG | REVIEW REVISIONS TO DECLARATION OF DAVID GOODRICH REGARDING BRUTKUS GUBNER FEE APPLICATION | 0.10 | @450 | 45.00 |
| 11/12/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORSKY RE: OBJECTIONS TO REVISION TO DAVID GOODRICH DECLARATION | 0.20 | @450 | 90.00 |
| 11/12/20 | DMG | REVIEW SECOND REVISED DECLARATION OF DAVID GOODRICH | 0.20 | @450 | 90.00 |
| 11/12/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORSKY RE: ADDITIONAL ISSUES WITH DECLARATION OF DAVID GOODRICH | 0.10 | @450 | 45.00 |
| 11/12/20 | DMG | REVIEW REVISIONS TO ADAM MEISLIK DECLARATION | 0.10 | @450 | 45.00 |
| 11/12/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORSKY RE: ISSUES WITH REVISED | 0.20 | @450 | 90.00 |

EXHIBIT 1    PAGE 70

PAGE 10
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE:  VNA01.0001

| | | | | | |
|---|---|---|---|---|---|
| 11/12/20 | DMG | MEISLIK DECLARATION<br>TELEPHONE CONFERENCE WITH STEVE GUBNER RE: FEE APPLICATION FOR BRUTKUS GUBNER | 0.20 | @450 | 90.00 |
| 11/13/20 | DMG | REVIEW REVISED MEISLIK DECLARATION | 0.20 | @450 | 90.00 |
| 11/13/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORKSY RE: ISSUES WITH REVISED DECLARATION OF ADAM MEISLIK | 0.10 | @450 | 45.00 |
| 11/13/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORSKY RE: LINGERING ISSUES WITH MEISLIK DECLARATION | 0.10 | @450 | 45.00 |
| 11/13/20 | DMG | REVIEW REVISED DECLARATION OF JASON KOMORSKY IN SUPPORT OF FEE APPLICATION | 0.20 | @450 | 90.00 |
| 11/13/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORSKY RE: REVISIONS TO DECLARATION | 0.10 | @450 | 45.00 |
| 11/13/20 | DMG | REVIEW REVISED DECLARATION OF JASON KOMORSKY; DRAFT CORRESPONDENCE TO JASON KOMORSKY RE: SAME | 0.20 | @450 | 90.00 |
| 11/16/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORSKY RE: DECLARATION FOR FEE APPLICATION AND HEARING ON MOTION TO EXTEND 546 DEADLINE | 0.10 | @450 | 45.00 |
| 11/18/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: FEE STATEMENTS AND PROCESS FOR ALLOWANCE OF FEES | 0.10 | @450 | 45.00 |
| 11/18/20 | DMG | REVIEW DRAFT OF HMS FEE ALLOWANCE ORDER; DRAFT CORRESPONDENCE TO FRED NEUFELD RE: SAME | 0.10 | @450 | 45.00 |
| 11/18/20 | DMG | REVIEW ENTERED ORDER APPROVING SECOND INTERIM FEE APPLICATION | 0.10 | @450 | 45.00 |
| 11/19/20 | DMG | REVIEW ENTERED ORDER GRANTING HMS MOTION FOR ORDER ON FEES | 0.10 | @450 | 45.00 |
| 11/23/20 | DMG | REVIEW ENTERED ORDER GRANTING SECOND APPLICATION FOR COMPENSATION OF MARSHACK HAYS | 0.10 | @450 | 45.00 |
| 11/23/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: FEE APPLICATION FOR SPECIAL COUNSEL | 0.30 | @450 | 135.00 |
| 11/23/20 | DMG | TELEPHONE CONFERENCE WITH JOLENE TANNER RE: FEE APPLICATION FOR SPECIAL COUNSEL | 0.20 | @450 | 90.00 |
| 11/25/20 | DMG | TELEPHONE CONFERENCE WITH JASON KOMORSKY RE: FEE APPLICATION AND POTENTIAL SETTLEMENT NEGOTIATIONS | 0.20 | @450 | 90.00 |
| 11/25/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: FEE APPLICATION FOR SPECIAL | 1.00 | @450 | 450.00 |

EXHIBIT 1    PAGE 71

PAGE 11
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE: VNA01.0001

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  | COUNSEL, POSSIBLE SETTLEMENT DISCUSSIONS, STANDARD FOR ALLOWING FEES UNDER 330 AND POTENTIAL IMPACT OF SETTLEMENT ON PAYMENT TO CREDITORS |  |  |  |
| 11/25/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: CALL WITH SPECIAL COUNSEL | 0.10 | @450 | 45.00 |
| 11/25/20 | DMG | TELEPHONE CONFERENCE WITH JOLENE TANNER RE: MEETING TO DISCUSS SPECIAL COUNSEL FEE APPLICATION | 0.20 | @450 | 90.00 |
| 11/25/20 | DMG | DRAFT CORRESPONDENCE TO SPECIAL COUNSEL AND COUNSEL FOR COMMITTEE RE: IRS PARTICIPATION IN SETTLEMENT DISCUSSIONS | 0.10 | @450 | 45.00 |
| 11/30/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: MEETING WITH SPECIAL COUNSEL TO DISCUSS FEE APPLICATION | 0.40 | @450 | 180.00 |
| 11/30/20 | DMG | TELEPHONE CONFERENCE WITH SPECIAL COUNSEL, COMMITTEE COUNSEL AND COUNSEL FOR IRS RE: SPECIAL COUNSEL'S FEE APPLICATION | 0.50 | @450 | 225.00 |
| 11/30/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: SUMMARY OF CALL WITH SPECIAL COUNSEL AND STANDARD FOR ALLOWANCE OF FEES | 0.20 | @450 | 90.00 |
| 11/30/20 | DMG | TELEPHONE CONFERENCE WITH CAMERON RIDLEY RE: SPECIAL COUNSEL FEE APPLICATION | 0.20 | @450 | 90.00 |
| 11/30/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: POTENTIAL SETTLEMENT WITH IRS AND SPECIAL COUNSEL ON FEE APPLICATION | 0.50 | @450 | 225.00 |
| 12/01/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: SETTLEMENT DISCUSSIONS RELATING TO FEE APPLICATION OF SPECIAL COUNSEL | 0.10 | @450 | 45.00 |
| 12/01/20 | BEG | TELEPHONE CALL FROM D. WOOD RE DEAL ON FEES | 0.10 | @400 | 40.00 |
| 12/01/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: POSSIBLE SETTLEMENTS WITH IRS AND SPECIAL COUNSEL | 0.30 | @450 | 135.00 |
| 12/01/20 | DMG | REVIEW STIPULATION TO EXTEND DEADLINE TO RESPONSE TO SPECIAL COUNSEL'S FEE APPLICATION | 0.10 | @450 | 45.00 |
| 12/04/20 | DMG | REVIEW STIPULATION ON MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES OF SPECIAL COUNSEL | 0.10 | @450 | 45.00 |
| 12/04/20 | DMG | REVIEW/RESPONSE TO MULTIPLE | 0.20 | @450 | 90.00 |

EXHIBIT 1    PAGE 72

PAGE 12
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE: VNA01.0001

| | | | | | |
|---|---|---|---|---|---|
| | | CORRESPONDENCE RE: POTENTIAL CLAIM SKIPPING EFFECT OF STIPULATION BETWEEN SPECIAL COUNSEL, COMMITTEE AND IRS | | | |
| 12/04/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: POTENTIAL ISSUES WITH STIPULATION ON FEE APPLICATION FOR SPECIAL COUNSEL | 0.40 | @450 | 180.00 |
| 12/04/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: UPDATED WATERFALL FOR COMMITTEE COUNSEL | 0.10 | @450 | 45.00 |
| 12/04/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: ISSUES WITH IRS, COMMITTEE AND SPECIAL COUNSEL STIPULATION | 0.10 | @450 | 45.00 |
| 12/10/20 | DMG | REVIEW ORDER APPROVING STIPULATION FOR REDUCTION OF SPECIAL COUNSEL'S FEES AND CARVE OUT TO UNSECURED CREDITORS | 0.10 | @450 | 45.00 |
| 12/14/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: ALLOWANCE AND PAYMENT OF PROFESSIONAL FEES AND OTHER ADMINISTRATIVE EXPENSES | 0.20 | @450 | 90.00 |
| 12/15/20 | DMG | REVIEW TENTANTIVE RULING ON SPECIAL COUNSEL'S FEE APPLICATION | 0.10 | @450 | 45.00 |
| 12/21/20 | DMG | REVIEW/RESPOND TO CORREPONDENCE FROM DAVID WOOD RE: COMMITTEE'S COUNSEL'S FEES | 0.10 | @450 | 45.00 |
| | | TOTAL EMPLOYMENT APPLICATION OBJECTIONS | 13.50 | | $ 6,070.00 |

LITIGATION

| | | | | | |
|---|---|---|---|---|---|
| 10/16/20 | DMG | DRAFT CORRESPONDENCE TO DAVID WOOD RE: ACCESS TO MAS AND DEADLINE FOR 546 ACTIONS | 0.10 | @450 | 45.00 |
| 10/16/20 | DMG | DRAFT CORRESPONDENCE TO BRUCE GORDON AND LORI ENSLEY RE: ACCESS TO MAS | 0.10 | @450 | 45.00 |
| 10/19/20 | DMG | DRAFT CORRESPONDENCE TO DAVID WOOD RE: 546 DEADLINE | 0.10 | @450 | 45.00 |
| 10/20/20 | DMG | REVIEW REVISED SETTLEMENT AGREEMENT | 0.30 | @450 | 135.00 |
| 10/20/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORKSY RE: REVISED SETTLEMENT AGREEMENT AND POTENTIAL ISSUES WITH AGREEMENT | 0.10 | @450 | 45.00 |
| 10/22/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: AVOIDANCE INVESTIGATION, | 0.10 | @450 | 45.00 |

EXHIBIT 1    PAGE 73

PAGE 13
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE:  VNA01.0001

| | | | | | |
|---|---|---|---|---|---|
| | | POSSIBLE MOTION TO EXTEND AND POSSIBLE ISSUES WITH ADMINISTRATIVE CLAIMANT | | | |
| 10/23/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORSKY RE: D&O SETTLEMENT AGREEMENT AND PLAN OBJECTIONS | 0.10 | @450 | 45.00 |
| 10/28/20 | DMG | DRAFT CORRESPONDENCE TO DAVID WOOD RE: AVOIDANCE COMPLAINTS | 0.10 | @450 | 45.00 |
| 10/28/20 | CBM | PREPARATION OF MOTION TO APPROVE GLOBAL SETTLEMENT AGREEMENT WITH DEFENDANTS AND INSURERS | 1.30 | @100 | 130.00 |
| 10/28/20 | CBM | PREPARATION OF MOTION TO APPROVE GLOBAL SETTLEMENT AGREEMENT WITH DEFENDANTS AND INSURERS | 1.60 | @100 | 160.00 |
| 10/29/20 | DMG | REVIEW FINAL DRAFT OF SETTLEMENT AGREEMENT FOR D&O CLAIMS | 0.30 | @450 | 135.00 |
| 11/01/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORKSY RE: 9019 MOTION | 0.10 | @450 | 45.00 |
| 11/02/20 | DMG | REVIEW/REVISE DECLARATION OF DAVID GOODRICH IN SUPPORT OF MOTION TO APPROVE COMPROMISE | 0.80 | @450 | 360.00 |
| 11/02/20 | DMG | TELEPHONE CONFERENCE WITH JASON KOMORSKY RE: REVISIONS TO DECLARATION | 0.20 | @450 | 90.00 |
| 11/02/20 | DMG | REVIEW/REVISE DECLARATION IN SUPPORT OF GOOD FAITH MOTION | 0.60 | @450 | 270.00 |
| 11/02/20 | DMG | REVIEW/REVISE DECLARATION OF ADAM MEISLIK RE: MOTION TO APPROVE COMPROMISE; DRAFT CORRESPONDENCE TO JASON KOMORSKY AND ADAM MEISLIK RE: SAME | 0.30 | @450 | 135.00 |
| 11/02/20 | DMG | REVIEW/REVISE MOTIONS TO APPROVE COMPROMISE UNDER 9019 AND 877.6, SUPPORTING DECLARATIONS, NOTICES OF HEARING AND POINTS AND AUTHORITIES | 2.20 | @450 | 990.00 |
| 11/04/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORKSY RE: ADDRESSES FOR PARTIES TO BE SERVED WITH SETTLEMENT MOTIONS | 0.10 | @450 | 45.00 |
| 11/05/20 | DMG | REVIEW/REVISE DECLARATIONS OF DAVID GOODRICH IN SUPPORT OF MOTION FOR APPROVAL OF COMPROMISE AND MOTION FOR GOOD FAITH DETERMINATION | 0.40 | @450 | 180.00 |
| 11/05/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORSKY RE: REVISIONS TO MEISLIK DECLARATION | 0.10 | @450 | 45.00 |
| 11/05/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORSKY RE: FURTHER REVISIONS TO | 0.10 | @450 | 45.00 |

EXHIBIT 1    PAGE 74

PAGE 14
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE:  VNA01.0001

| | | | | | |
|---|---|---|---|---|---|
| | | MEISLIK DECLARATION | | | |
| 11/05/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: MOTION TO EXTEND 546 DEADLINE AND ISSUES WITH MOTION TO APPROVE COMPROMISE | 0.20 | @450 | 90.00 |
| 11/06/20 | DMG | REVIEW MOTION TO EXTEND 108 AND 546 DEADLINES; DRAFT CORREPONDENCE TO ADAM MEISLIK RE: SAME | 0.20 | @450 | 90.00 |
| 11/06/20 | DMG | TELEPHONE CONFERENCE WITH JOLENE TANNER RE: SETTLEMENT ON D&O CLAIM AND CONTINGENCY FEE OF SPECIAL COUNSEL | 0.20 | @450 | 90.00 |
| 11/09/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: SETTLEMENT OF CLAIMS, POSSIBLE FEE APPLICATION AND MOTION TO EXTEND 546/108 DEADLINES | 0.30 | @450 | 135.00 |
| 11/09/20 | DMG | REVIEW MOTION TO EXTEND DEADLINE TO FILE COMPLAINTS UNDER 108/546 | 0.20 | @450 | 90.00 |
| 11/09/20 | DMG | REVIEW ENTERED ORDER GRANTING APPLICATION FOR ORDER SHORTENING TIME | 0.10 | @450 | 45.00 |
| 11/11/20 | DMG | DRAFT CORRESPONDENCE TO BRUCE GORDON RE: COMMITTEE MOTION SEEKING TO EXTEND 108/546 DEADLINES | 0.10 | @450 | 45.00 |
| 11/11/20 | DMG | TELEPHONE CONFERENCE WITH FRED NEUFELD RE: D&O SETTLEMENT MOTION AND ASSIGNMENT OF E&O CLAIMS | 0.10 | @450 | 45.00 |
| 11/16/20 | DMG | REVIEW DECLARATION OF BRUCE GORDON | 0.10 | @450 | 45.00 |
| 11/16/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: DECLARATION OF BRUCE GORDON AND HEARING ON MOTION TO EXTEND DEADLINE TO FILE ACTIONS UNDER 108/546 | 0.20 | @450 | 90.00 |
| 11/16/20 | DMG | ATTEND HEARING ON MOTION TO EXTEND 108 AND 546 DEADLINES | 0.60 | @450 | 270.00 |
| 11/16/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: RESULTS OF HEARING | 0.20 | @450 | 90.00 |
| 11/16/20 | DMG | REVIEW PROPOSED ORDER GRANTING COMMITTEE'S MOTION TO EXTEND DEADLINES | 0.10 | @450 | 45.00 |
| 12/01/20 | DMG | PREPARE FOR AND ATTEND HEARINGS ON MOTIONS TO APPROVE COMPROMISE AND GOOD FAITH DEFENSE | 1.80 | @450 | 810.00 |
| 12/01/20 | DMG | TELEPHONE CONFERENCE WITH JASON KOMORSKY RE: ISSUES TO ADDRESS IN ADDITIONAL BRIEFING | 0.30 | @450 | 135.00 |
| 12/01/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: RESULTS OF MOTIONS TO | 0.10 | @450 | 45.00 |

EXHIBIT 1    PAGE 75

PAGE 15
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE:  VNA01.0001

| | | | | | |
|---|---|---|---|---|---|
| | | APPROVE COMPROMISE AND FOR GOOD FAITH DETERMINATION | | | |
| 12/01/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: ISSUES WITH 877.6 MOTION AND FEES OF SPECIAL COUNSEL | 0.40 | @450 | 180.00 |
| 12/01/20 | DMG | TELEPHONE CONFERENCE WITH JASON KOMORSKY RE: ISSUES WITH 877.6 MOTION | 0.20 | @450 | 90.00 |
| 12/03/20 | DMG | REVIEW SUPPLEMENTAL BRIEF IN SUPPORT OF GOOD FAITH FINDING | 0.20 | @450 | 90.00 |
| 12/03/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: SUPPLEMENT TO MOTION TO APPROVE GOOD FAITH SETTLEMENT | 0.20 | @450 | 90.00 |
| 12/04/20 | DMG | TELEPHONE CONFERENCE WITH FRED NEUFELD RE: OBJECTION TO SETTLEMENT MOTIONS AND POSSIBLE TERMINATION OF HMS CONTRACT | 0.40 | @450 | 180.00 |
| 12/04/20 | DMG | REVIEW BRIEF OF DEFENDANTS IN SUPPORT OF GOOD FAITH DETERMINATION MOTION | 0.20 | @450 | 90.00 |
| 12/08/20 | DMG | REVIEW DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF GOOD FAITH DETERMINATION MOTION | 0.20 | @450 | 90.00 |
| 12/09/20 | DMG | TELEPHONE CONFERENCE WITH JASON KOMORSKY RE: GOOD FAITH DETERMINATION MOTION | 0.10 | @450 | 45.00 |
| 12/14/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORSKY RE: CONTINUANCE OF SETTLEMENT MOTIONS | 0.10 | @450 | 45.00 |
| 12/14/20 | DMG | DRAFT CORRESPONDENCE TO JASON KOMORSKY RE: ISSUES WITH WIRE TRANSFER AND AUTHORITY FROM VNA | 0.10 | @450 | 45.00 |
| 12/15/20 | DMG | ATTEND CONTINUED HEARINGS ON 9019 AND 877.6 MOTIONS AND HEARING ON SPECIAL COUNSEL'S FINAL FEE APPLICATION | 0.70 | @450 | 315.00 |
| 12/15/20 | DMG | REVIEW DRAFTS OF ORDER GRANTING MOTION TO APPROVE COMPROMISE AND ORDER FOR GOOD FAITH DETERMINATION; DRAFT CORRESPONDENCE TO SPECIAL COUNSEL RE: POSSIBLE REVISIONS TO SAME | 0.20 | @450 | 90.00 |
| 12/16/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: HEARINGS ON MOTIONS TO APPROVE COMPROMISE AND TO RENDER GOOD FAITH DETERMINATION | 0.10 | @450 | 45.00 |
| 12/18/20 | DMG | DRAFT CORRESPONDENCE TO ELLEN SPRAGUE RE: MARKEL SETTLEMENT PAYMENT | 0.10 | @450 | 45.00 |

EXHIBIT 1    PAGE 76

PAGE 16
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE:  VNA01.0001

| | | | | | |
|---|---|---|---|---|---|
| 12/21/20 | DMG | REVIEW ENTERED ORDER GRANTING MOTION TO APPROVE COMPROMISE | 0.10 | @450 | 45.00 |
| | | TOTAL LITIGATION | 17.20 | | $ 6,725.00 |

PLAN AND DISCLOSURE STATEMENT

| | | | | | |
|---|---|---|---|---|---|
| 10/16/20 | BEG | PREPARATION OF PLAN CONFIRMATION PLEADINGS | 7.10 | @400 | 2,840.00 |
| 10/16/20 | DMG | REVIEW/REVISE CONFIRMATION BRIEF | 0.80 | @450 | 360.00 |
| 10/16/20 | DMG | REVIEW/ANALYZE DECLARATION OF BETH GASHEN IN SUPPORT OF CONFIRMATION BRIEF | 0.10 | @450 | 45.00 |
| 10/16/20 | DMG | REVIEW/REVISE DECLARATION OF ADAM MEISLIK | 0.20 | @450 | 90.00 |
| 10/16/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: CONFIRMATION BRIEF AND DECLARATIONS | 0.10 | @450 | 45.00 |
| 10/16/20 | DMG | DRAFT CORRESPONDENCE TO CHAD KURTZ RE: RESIGNATION AS PLAN TRUSTEE | 0.10 | @450 | 45.00 |
| 10/19/20 | DMG | DRAFT CORRESPONDENCE TO DAVID POTEET RE: PLAN TERMINATION DATE | 0.10 | @450 | 45.00 |
| 10/21/20 | DMG | DRAFT CORRESPONDENCE TO MARY FULLINGTON RE: POTENTIAL OBJECTION TO PLAN AND WATERFALL OF FUNDS FROM D&O CLAIMS AND SALE PROCEEDS | 0.20 | @450 | 90.00 |
| 10/22/20 | DMG | DRAFT CORRESPONDENCE TO MARY FULLINGTON RE: PAYMENT OF AVOIDED LIEN, PAYMENT FROM RESERVE FUND AND TIMING OF PAYMENTS | 0.20 | @450 | 90.00 |
| 10/23/20 | BEG | REVIEW AND RESPOND TO EMAIL RE ERROR IN MEISLIK DECLARATIONN | 0.10 | @400 | 40.00 |
| 10/23/20 | DMG | DRAFT MULITPLE CORRESPONDENCE TO ADAM MEISLIK, BETH GASCHEN AND FRED NEUFELD RE: DECLARATION IN SUPPORT OF DISCLOSURE STATEMENT | 0.10 | @450 | 45.00 |
| 10/23/20 | DMG | DRAFT CORRESPONDENCE TO MARY FULLINGTON RE: SCOPE AND EXTENT OF IRS AND SIMIONE LIENS, AND POTENTIAL EXTENSION TO OBJECTION TO PLAN CONFIRMATION | 0.20 | @450 | 90.00 |
| 10/28/20 | DMG | REVIEW STIPULATION TO EXTEND DEADLINES FOR RIVERSTONE RECEIVERSHIP OBJECTION | 0.10 | @450 | 45.00 |
| 10/30/20 | DMG | DRAFT NOTICE OF NON-MATERIAL MODIFICATIONS TO PLAN | 0.30 | @450 | 135.00 |
| 10/30/20 | BEG | REVIEW AND REVISE STIPULATION REGARDING NON-MATERIAL | 0.20 | @400 | 80.00 |

EXHIBIT 1   PAGE 77

PAGE 17
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE:  VNA01.0001

| | | | | | |
|---|---|---|---|---|---|
| | | MODIFICATION TO PLAN | | | |
| 11/04/20 | DMG | DRAFT CORRESPONDENCE TO TINA JACQUEZ RE: STATUS OF CONFIRMATION OF LIQUIDATION PLAN | 0.10 | @450 | 45.00 |
| 11/06/20 | DMG | DRAFT CORRESPONDENCE TO MARY FULLINGTON RE: D&O SETTLEMENT AND POSSIBLE PLAN OBJECTION | 0.10 | @450 | 45.00 |
| 11/16/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: ISSUES FOR CONFIRMATION HEARING | 0.20 | @450 | 90.00 |
| 11/17/20 | DMG | TELEPHONE CONFERENCE WITH BETH GASCHEN RE: ISSUES FOR CONFIRMATION HEARING | 0.20 | @450 | 90.00 |
| 11/17/20 | BEG | TELEPHONE CONFERENCE WITH D. GOODRICH RE PLAN CONFIRMATION | 0.20 | @400 | 80.00 |
| 11/17/20 | DMG | PREPARE FOR CONFIRMATION HEARING | 1.50 | @450 | 675.00 |
| 11/17/20 | DMG | ATTEND HEARINGS ON PLAN CONFIRMATION AND SECOND INTERIM FEE APPLICATION | 2.00 | @450 | 900.00 |
| 11/17/20 | BEG | REVIEW AND RESPOND TO EMAIL RE CONFIRMATION ORDER | 0.10 | @400 | 40.00 |
| 11/18/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK AND CHAD KURTZ RE: CONFIRMATION OF PLAN AND TRANSFER OF RIGHTS AND OBLIGATIONS TO LIQUIDATING TRUST | 0.10 | @450 | 45.00 |
| 11/18/20 | BEG | PREPARATION OF CONFIRMATION ORDER | 1.50 | @400 | 600.00 |
| 11/18/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: PLAN CONFIRMATION, ISSUES WITH DISTRIBUTIONS TO UNSECURED CREDITORS AND POTENTIAL COMMITTEE OBJECTION TO FEES | 0.50 | @450 | 225.00 |
| 11/18/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: DECISION-MAKING AUTHORITY AFTER EFFECTIVE DATE | 0.10 | @450 | 45.00 |
| 11/19/20 | BEG | PREPARATION OF CONFIRMATION ORDER | 1.20 | @400 | 480.00 |
| 11/20/20 | DMG | REVIEW/REVISE PLAN CONFIRMATION ORDER | 0.30 | @450 | 135.00 |
| 11/20/20 | BEG | REVIEW AND RESPOND TO EMAIL FROM D. GOODRICH RE CONFIRMATION ORDER | 0.10 | @400 | 40.00 |
| 11/23/20 | BEG | PREPARATION OF EMAIL REGARDING FINAL FEE APP DATE IN CONFIRMATION ORDER | 0.10 | @400 | 40.00 |
| 11/23/20 | DMG | DRAFT CORRESPONDENCE TO COUNSEL RE: DRAFT OF CONFIRMATION ORDER | 0.10 | @450 | 45.00 |
| 11/23/20 | BEG | REVIEW EMAIL RE CONFIRMATION ORDER (NO CHARGE) | 0.10 | | 0.00 |
| 11/24/20 | DMG | REVIEW IRS REVISIONS TO CONFIRMATION | 0.10 | @450 | 45.00 |

EXHIBIT 1    PAGE 78

PAGE 18
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE:  VNA01.0001

| | | | | | |
|---|---|---|---|---|---|
| | | ORDER | | | |
| 11/30/20 | DMG | DRAFT CORRESPONDENCE TO CHAD KURTZ RE: EFFECTIVE DATE FOR PLAN | 0.10 | @450 | 45.00 |
| 11/30/20 | DMG | DRAFT CORRESPONDENCE TO COUNSEL RE: PROPOSED CONFIRMATION ORDER | 0.10 | @450 | 45.00 |
| 12/01/20 | DMG | REVIEW BERGER'S REVISIONS TO CONFIRMATION ORDER | 0.10 | @450 | 45.00 |
| 12/02/20 | BEG | REVIEW EMAILS REGARDING INJUNCTION LANGUAGE; REVIEW PLAN FOR RELEVENT LANGUAGE | 0.20 | @400 | 80.00 |
| 12/02/20 | BEG | REVIEW AND RESPOND TO EMAIL FROM D. GOODRICH RE INJUNCTION LANGUAGE IN CONFIRMATION ORDER | 0.10 | @400 | 40.00 |
| 12/02/20 | DMG | REVIEW REVISE CONFIRMATION ORDER | 0.20 | @450 | 90.00 |
| 12/02/20 | DMG | DRAFT CORRESPONDENCE TO DAVID WOOD RE: REVISED CONFIRMATION ORDER | 0.10 | @450 | 45.00 |
| 12/02/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: REVISIONS TO CONFIRMATION ORDER AND STATUS OF SETTLEMENT DISCUSSIONS | 0.10 | @450 | 45.00 |
| 12/02/20 | DMG | DRAFT CORRESPONDENCE TO COUNSEL RE: STAY/INJUCTION IN PLAN | 0.10 | @450 | 45.00 |
| 12/02/20 | BEG | REVIEW AND REVISE CONFIRMATION ORDER | 0.20 | @400 | 80.00 |
| 12/08/20 | DMG | TELEPHONE CONFERENCE WITH DAVID WOOD RE: STATUS OF CONFIRMATION ORDER AND TIMING OF PAYMENTS UNDER PLAN | 0.20 | @450 | 90.00 |
| 12/10/20 | DMG | REVIEW ENTERED ORDER CONFIRMING FIRST AMENDED CHAPTER 11 LIQUIDATING PLAN | 0.10 | @450 | 45.00 |
| 12/10/20 | DMG | DRAFT CORRESPONDENCE TO DAVID WOOD RE: COURT'S RULING ON PAYMENT OF PROFESSIONAL FEES | 0.10 | @450 | 45.00 |
| 12/10/20 | DMG | DRAFT CORRESPONDENCE TO ADAM MEISLIK RE: ENTRY OF CONFIRMATION ORDER, EFFECTIVE DATE OF PLAN AND PAYMENT TO PROFESSIONALS | 0.10 | @450 | 45.00 |
| | | TOTAL PLAN AND DISCLOSURE STATEMENT | 20.30 | | $ 8,535.00 |

FEE APPLICATIONS

| | | | | | |
|---|---|---|---|---|---|
| 10/16/20 | CBM | REVIEW AND REVISE INVOICE IN PREPARATION OF SECOND INTERIM FEE APPLICATION | 0.90 | @100 | 90.00 |
| 10/16/20 | CBM | PREPARATION OF SECOND INTERIM FEE APPLICATION | 0.50 | @100 | 50.00 |

EXHIBIT 1    PAGE 79

PAGE 19
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE:  VNA01.0001

| | | | | | |
|---|---|---|---|---|---|
| 10/20/20 | CBM | PREPARATION OF SECOND INTERIM FEE APPLICATION | 2.60 | @100 | 260.00 |
| 10/21/20 | CBM | PREPARATION OF NARRATIVE OF SECOND INTERIM FEE APPLICATION | 1.90 | @100 | 190.00 |
| 10/21/20 | CBM | PREPARATION OF SECOND INTERIM FEE APPLICATION | 0.80 | @100 | 80.00 |
| 10/22/20 | CBM | PREPARATION OF NARRATIVE OF SECOND INTERIM FEE APPLICATION | 2.10 | @100 | 210.00 |
| 10/22/20 | CBM | PREPARATION OF FEE APPLICATION NARRATIVE | 1.40 | @100 | 140.00 |
| 10/23/20 | DMG | REVIEW/REVISE SECOND INTERIM FEE APPLICATION | 2.20 | @450 | 990.00 |
| 10/23/20 | CBM | PREPARATION OF NARRATIVE OF SECOND INTERIM FEE APPLICATION | 2.30 | @100 | 230.00 |
| 10/23/20 | CBM | PREPARATION OF FEE APPLICATION NARRATIVE | 1.70 | @100 | 170.00 |
| 10/23/20 | CBM | PREPARATION OF FEE APPLICATION NARRATIVE | 2.50 | @100 | 250.00 |
| 10/26/20 | DMG | REVIEW/REVISE INVOICES FOR SECOND INTERIM FEE APPLICATION | 1.10 | @450 | 495.00 |
| 10/26/20 | DMG | ADDITIONAL REVISIONS TO SECOND INTERIM FEE APPLICATION | 0.80 | @450 | 360.00 |
| 10/26/20 | DMG | DRAFT CORRESPONDENCE TO CINDY MEEKER RE: AMOUNT OF RECEIPTS AND FEE APPLICATION | 0.10 | @450 | 45.00 |
| 10/26/20 | CBM | PREPARATION OF SECOND INTERIM FEE APPLICATION | 0.90 | @100 | 90.00 |
| 10/26/20 | CBM | PREPARATION OF E-MAIL TO DAVID WOOD RE NEED AMOUNTS FOR NOTICE | 0.10 | @100 | 10.00 |
| 10/26/20 | CBM | REVIEW E-MAIL FROM LAYLA B. RE MARSHACK HAYS' AMOUNTS | 0.10 | @100 | 10.00 |
| 10/26/20 | CBM | PREPARATION OF NOTICE OF INTERIM FEE HEARING | 0.50 | @100 | 50.00 |
| 10/26/20 | CBM | PREPARATION OF SECOND INTERIM FEE APPLICATION | 0.60 | @100 | 60.00 |
| 10/27/20 | DMG | REVIEW/REVISE NOTICE OF SECOND INTERIM FEE APPLICATIONS | 0.10 | @450 | 45.00 |
| 10/27/20 | CBM | PREPARATION OF SECOND INTERIM FEE APPLICATION | 1.50 | @100 | 150.00 |
| 10/27/20 | CBM | PREPARATION OF NOTICE OF INTERIM FEE HEARING | 0.50 | @100 | 50.00 |
| 10/27/20 | CBM | EXCHANGE OF E-MAIL WITH LAYLA B. RE NOTICE OF FEE HEARING | 0.10 | @100 | 10.00 |
| 10/29/20 | CBM | PREPARATION OF MEISLIK DECLARATION RE 2ND INTERIM FEE APPLICATION | 0.30 | @100 | 30.00 |
| 10/29/20 | CBM | EXCHANGE OF E-MAIL WITH A. MEISLIK RE HIS DECLARATION | 0.10 | @100 | 10.00 |
| 11/18/20 | DMG | REVIEW/REVISE ORDER APPROVING | 0.10 | @450 | 45.00 |

EXHIBIT 1    PAGE 80

PAGE 20
DECEMBER 27, 2020
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH DECEMBER 27, 2020
CHAPTER 11
OUR FILE:  VNA01.0001

SECOND INTERIM FEE APPLICATION

| 11/18/20 | CBM | PREPARATION OF INTERIM FEE ORDER | 0.60 | @100 | 60.00 |
|---|---|---|---|---|---|
| | | TOTAL FEE APPLICATIONS | 26.40 | | $ 4,180.00 |

SUMMARY OF SERVICES

| BEG | BETH E. GASCHEN | 11.60 hrs | @ 400.00 | $ | 4,640.00 |
|---|---|---|---|---|---|
| BEG | BETH E. GASCHEN | 0.60 hrs | @ 0.00 | | N/C |
| CBM | CYNTHIA B. MEEKER | 29.30 hrs | @ 100.00 | $ | 2,930.00 |
| CBM | CYNTHIA B. MEEKER | 0.20 hrs | @ 0.00 | | N/C |
| DMG | DAVID M. GOODRICH | 54.50 hrs | @ 450.00 | $ | 24,525.00 |

TOTAL PROFESSIONAL SERVICES        96.20        $ 32,095.00

COSTS AND DISBURSEMENTS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/27/20 | PHOTOCOPIES OF FEE APPLICATION AND NOTICE OF HEARING | 85.00 |
| 10/27/20 | POSTAGE COSTS FOR FEE APPLICATION AND NOTICE | 62.45 |
| 11/01/20 | PACER CHARGES FOR OCTOBER 2020 | 2.70 |
| 11/01/20 | WESTLAW ONLINE RESEARCH CHARGES FOR OCTOBER 2020 | 229.62 |
| 11/02/20 | PHOTOCOPIES OF NOTICE OF MODIFACTIONS TO PLAN | 37.60 |
| 11/02/20 | POSTAGE COSTS FOR NOTICE OF MODIFICATIONS TO PLAN | 94.00 |
| 11/17/20 | COURT CALL CONFERENCE CHARGES | 26.25 |
| 11/18/20 | COURT CALL CONFERENCE CHARGES | 59.85 |
| 12/01/20 | PACER CHARGES FOR NOVEMBER 2020 | 1.00 |
| 12/01/20 | COURT CALL CONFERENCE CHARGES | 54.25 |
| 12/01/20 | WESTLAW ONLINE RESEARCH CHARGES FOR DECEMBER 2020 | 211.50 |
| 12/09/20 | HEARING TRANSCRIPT FOR PLAN CONFIRMATION HEARING | 443.51 |
| 12/15/20 | COURT CALL CONFERENCE CHARGES | 31.85 |
| 12/18/20 | FEDEX CHARGES FOR OVERNIGHT SHIPMENT TO ELLEN SPRAGUE | 26.99 |

TOTAL COSTS AND DISBURSEMENTS        $ 1,366.57

TOTAL CURRENT CHARGES        $ 33,461.57

EXHIBIT 1    PAGE 81

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Third and Final Application for Allowance and Payment of Fees and reimbursement of Expenses of Weiland Golden Goodrich LLP, Counsel for Debtor and Debtor-in-Possession; Declaration of David M. Goodrich in Support</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>February 11, 2021</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) <u>February 11, 2021</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Mark D. Houle
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 365 / Courtroom 303
Riverside, CA 92501-3819

Force 10 Partners
20341 SW Birch, Suite 220
Newport Beach, CA 92660

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>February 11, 2021</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 2/11/2021 | Lindsay Bracken | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Ryan W Beall    rbeall@lwgfllp.com,
vrosales@wgllp.com;kadele@wgllp.com;lbracken@wgllp.com;rbeall@ecf.courtdrive.com
Stephen A Ellis    sellis@rutan.com, dghani@rutan.com
Lazaro E Fernandez    lef17@pacbell.net, lef-sam@pacbell.net;lef-
mari@pacbell.net;lefkarina@gmail.com;officelr74738@notify.bestcase.com
Abram Feuerstein    abram.s.feuerstein@usdoj.gov
Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
Anthony A Friedman    aaf@lnbyb.com
Mary L Fullington    lexbankruptcy@wyattfirm.com, mfullington@wyattfirm.com
Beth Gaschen    bgaschen@wgllp.com,
kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com
David B Golubchik    dbg@lnbyb.com, stephanie@lnbyb.com
David M Goodrich    dgoodrich@wgllp.com, kadele@wgllp.com;lbracken@wgllp.com;wgllp@ecf.courtdrive.com
Everett L Green    everett.l.green@usdoj.gov
Steven T Gubner    sgubner@bg.law, ecf@bg.law
Christopher V Hawkins    Hawkins@sullivanhill.com,
bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;hawkins@ecf.inforuptcy.com;millerick@sullivanhill.com
Alan Craig Hochheiser    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
Gerald A Klein    andrea@kleinandwilson.com,
linda@kleinandwilson.com;klein@kleinandwilson.com;mreyes@kleinandwilson.com;mvovk@kleinandwilson.com
Jason B Komorsky    ecf@bg.law, jkomorsky@bg.law
Janette C Lee    jlee@fbo-law.com
Elan S Levey    elan.levey@usdoj.gov, tiffany.davenport@usdoj.gov
Stephen H Marcus    shill@gblaw.net
Richard A Marshack    rmarshack@marshackhays.com,
lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com
W. Derek May    wdmlaw17@gmail.com, r48266@notify.bestcase.com
Fred Neufeld    fneufeld@sycr.com, tingman@sycr.com
Sean A OKeefe    sokeefe@okeefelc.com, seanaokeefe@msn.com
Aram Ordubegian    ordubegian.aram@arentfox.com
Douglas A Plazak    dplazak@rhlaw.com
Uzzi O Raanan    uraanan@DanningGill.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com
Cameron C Ridley    Cameron.Ridley@usdoj.gov
Michael B Rover    mike@hnberger.org
Victor A Sahn    vsahn@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@e
cf.inforuptcy.com
Nathan A Schultz    nschultz@goodwinlaw.com
Larry D Simons    larry@lsimonslaw.com, simonsecf@gmail.com;simonslr44533@notify.bestcase.com
Peter Susi    psusi@hbsb.com, susan@hbsb.com;krnimmons@hbsb.com
Jolene Tanner    jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov
Todd L Turoci    mail@theturocifirm.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Jennifer Vicente    jvicente@heritagelawllp.com, jsv@attorneyvicente.com
David Wood    dwood@marshackhays.com,
dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
Arnold H. Wuhrman    Arnold@WuhrmanLaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                        **F 9013-3.1.PROOF.SERVICE**